UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STANISLAV LEVIN,                                          Civ. Act. No.: 11 CV 5252 (RJS)

                Plaintiff,

                                            **ANSWER TO COMPLAINT**

    -against-

CREDIT SUISSE INC., METROPOLITAN LIFE      DOCUMENT
INSURANCE COMPANY, and AON HEWITT, INC.    ELECTRONICALLY FILED

                Defendants.
-----------------------------------------------------------------X

       Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorneys, Sedgwick LLP, as and for its Answer to plaintiff's Complaint, respectfully set forth the following upon information and belief:

       FIRST.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of plaintiff's Complaint as alleged.

       SECOND.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2" of Plaintiff's Complaint as alleged.

       THIRD.      Denies each and every allegation contained in paragraph "3" of plaintiff's Complaint as alleged, except admits that MetLife is an insurance company organized and existing under the laws of the State of New York, that it is licensed to engage in the business of insurance in the State of New York, and other states, and has a principal place of business located at 1095 Avenue of the Americas, New York, New York.

       FOURTH.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of Plaintiff's Complaint as alleged.

### AS AND FOR A RESPONSE TO PLAINTIFF'S ALLEGATIONS REGARDING JURISDICTION

FIFTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "5," except admits that this Court has original jurisdiction over MetLife pursuant to 29 U.S.C. § 1331.

SIXTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6," except admits that this Court has federal question jurisdiction over MetLife pursuant to 29 U.S.C. § 1132(e)(1).

SEVENTH.   Denies each and every allegation contained in paragraph "7" of plaintiff's Complaint as alleged, except admits that MetLife issued a group policy of insurance numbered 1145128-G, to Credit Suisse First Boston Corporation ("Credit Suisse") to fund benefits under the Credit Suisse Long Term Disability ("LTD") Plan (the "Plan").

EIGHTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8" of plaintiff's Complaint as alleged.

NINTH.   Denies each and every allegation contained in paragraph "9" of plaintiff's Complaint.

### AS AND FOR A RESPONSE TO PLAINTIFF'S ALLEGATIONS OF MATERIAL DIFFERENCES IN THE POLICY AND SPD

TENTH.   Denies each and every allegation contained in paragraph "10" of plaintiff's Complaint as alleged, except admits that MetLife issued a group insurance policy to fund LTD benefits under the Plan, but did not issue any Policy to fund benefits under Credit Suisse's Short Term Disability ("STD") Plan.

ELEVENTH.  Denies each and every allegation contained in paragraph "11" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the Plan documents for the contents thereof as to the terms, conditions, limitations, and exclusions set forth therein, except admits that the quoted language appears in the Policy.

TWELFTH.   Denies each and every allegation contained in paragraph "12" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the Plan documents for the contents thereof as to the terms, conditions, limitations, and exclusions set forth therein, except admits that the quoted language appears in the Summary Plan Description ("SPD").

THIRTEENTH.    Denies each and every allegation contained in paragraph "13" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the Plan documents for the contents thereof as to the terms, conditions, limitations, and exclusions set forth therein.

FOURTEENTH.    Denies each and every allegation contained in paragraph "14" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the Plan documents for the contents thereof as to the terms, conditions, limitations, and exclusions set forth therein.

FIFTEENTH.  Denies each and every allegation contained in paragraph "15" of plaintiff's Complaint.

SIXTEENTH. Denies each and every allegation contained in paragraph "16" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and

respectfully refers to the Plan documents for the contents thereof as to the terms, conditions, limitations, and exclusions set forth therein.

SEVENTEENTH.   Denies each and every allegation contained in paragraph "17" of plaintiff's Complaint.

EIGHTEENTH.   Denies each and every allegation contained in paragraph "18" of plaintiff's Complaint.

NINETEENTH.   Denies each and every allegation contained in paragraph "19" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the Plan documents for the contents thereof as to the terms, conditions, limitations, and exclusions set forth therein.

TWENTIETH.   Denies each and every allegation contained in paragraph "20" of plaintiff's Complaint.

**AS AND FOR A RESPONSE TO PLAINTIFF'S ALLEGATIONS OF FACTS AND SUBSTANCE OF THE GRIEVANCE**

TWENTY-FIRST.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "21" of plaintiff's Complaint.

TWENTY-SECOND. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "22" of plaintiff's Complaint.

TWENTY-THIRD.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "23" of plaintiff's Complaint, including footnote "1."

TWENTY-FOURTH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "24" of plaintiff's Complaint.

TWENTY-FIFTH.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "25" of plaintiff's Complaint.

TWENTY-SIXTH.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "26" of plaintiff's Complaint.

TWENTY-SEVENTH.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "27" of plaintiff's Complaint.

TWENTY-EIGHTH.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "28" of plaintiff's Complaint.

TWENTY-NINTH.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "29" of plaintiff's Complaint.

THIRTIETH.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "30" of plaintiff's Complaint.

THIRTY-FIRST.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "31" of plaintiff's Complaint.

THIRTY-SECOND.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "32" of plaintiff's Complaint.

THIRTY-THIRD.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "33" of plaintiff's Complaint.

THIRTY-FOURTH.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "34" of plaintiff's Complaint.

THIRTY-FIFTH.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "35" of plaintiff's Complaint.

THIRTY-SIXTH.        Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "36" of plaintiff's Complaint.

THIRTY-SEVENTH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "37" of plaintiff's Complaint, including footnote "2."

THIRTY-EIGHTH.        Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "38" of plaintiff's Complaint, except admits that plaintiff's last day of work at Credit Suisse was June 6, 2008 and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-NINTH.        Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "39" of plaintiff's Complaint.

FORTIETH.        Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "40" of plaintiff's Complaint, except admits that plaintiff applied for and was awarded Social Security Disability benefits beginning in January 2010, and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course of business for the contents thereof as to the facts and circumstances recorded therein

FORTY-FIRST.        Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "41" of plaintiff's Complaint, including footnote "3."

FORTY-SECOND.	Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "42" of plaintiff's Complaint, except admits that plaintiff filed a claim for LTD benefits on June 2, 2010.

FORTY-THIRD.	Denies each and every allegation in paragraph "43" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that after a thorough review of the information in plaintiff's claim file, MetLife denied his claim for LTD disability benefits under the Plan by letter dated July 22, 2010 and plaintiff timely appealed MetLife's determination by letter dated January 19, 2011.

FORTY-FOURTH.	Denies each and every allegation in paragraph "44" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that MetLife upheld its original adverse determination of plaintiff's claim on appeal and advised him of this determination by letter dated March 1, 2011, and further admits that the paragraph accurately quotes from a portion of that letter.

FORTY-FIFTH.	Denies each and every allegation in paragraph "45" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained

by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-SIXTH.   Denies each and every allegation in paragraph "46" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that MetLife upheld its original adverse determination of plaintiff's claim on appeal and advised him of this determination by letter dated March 1, 2011, and further admits that the paragraph accurately quotes from a portion of that letter.

### AS AND FOR METLIFE'S ANSWER TO PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST CS, METLIFE, AND HEWITT ERISA BREACH OF FIDUCIARY DUTY

FORTY-SEVENTH.   In response to paragraph "47" of plaintiff's Complaint, MetLife repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "46" inclusive, with the same force and effect as if more fully set forth at length herein.

FORTY-EIGHTH.   Denies each and every allegation in paragraph "48" of plaintiff's Complaint.

FORTY-NINTH.   Denies each and every allegation in paragraph "49" of plaintiff's Complaint.

FIFTIETH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "50" of plaintiff's Complaint, except denies that plaintiff is entitled to any LTD benefits under the Plan.

FIFTY-FIRST.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "51" of plaintiff's Complaint, except denies that plaintiff is entitled to any LTD benefits under the Plan.

FIFTY-SECOND.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "52" of plaintiff's Complaint, except denies that plaintiff is entitled to attorneys fees under ERISA.

FIFTY-THIRD.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "53" of plaintiff's Complaint.

FIFTY-FOURTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "54" of plaintiff's Complaint, except denies that plaintiff is entitled to consequential damages under ERISA.

FIFTY-FIFTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "55" of plaintiff's Complaint, except denies that plaintiff is entitled to the costs and expenses of this lawsuit.

**AS AND FOR METLIFE'S ANSWER TO PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST CS, METLIFE, HEWITT- ERISA – BAD FAITH**

FIFTY-SIXTH.   In response to paragraph "56" of plaintiff's Complaint, MetLife repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "55" inclusive, with the same force and effect as if more fully set forth at length herein.

FIFTY-SEVENTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "57" of plaintiff's Complaint.

FIFTY-EIGHTH.  Denies each and every allegation in paragraph "58" of plaintiff's Complaint.

FIFTY-NINTH.  Denies each and every allegation in paragraph "59" of plaintiff's Complaint.

SIXTIETH.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "60" of plaintiff's Complaint, except denies that plaintiff is entitled to any LTD benefits under the Plan.

SIXTY-FIRST.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "61" of plaintiff's Complaint, except denies that plaintiff is entitled to any LTD benefits under the Plan.

SIXTY-SECOND.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "62" of plaintiff's Complaint, except denies that plaintiff is entitled to attorneys fees under ERISA.

SIXTY-THIRD.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "63" of plaintiff's Complaint.

SIXTY-FOURTH.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "64" of plaintiff's Complaint, except denies that plaintiff is entitled to consequential damages under ERISA.

SIXTY-FIFTH.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "65" of plaintiff's Complaint, except denies that plaintiff is entitled to the costs and expenses of this lawsuit.

## AS AND FOR METLIFE ANSWER TO PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST CS, METLIFE, AND HEWITT ERISA – SPD OMISSIONS

SIXTY-SIXTH.   In response to paragraph "66" of plaintiff's Complaint, MetLife repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "65" inclusive, with the same force and effect as if more fully set forth at length herein.

SIXTY-SEVENTH.   Denies each and every allegation in paragraph "67" of plaintiff's Complaint.

SIXTY-EIGHTH.   Denies each and every allegation in paragraph "68" of plaintiff's Complaint.

SIXTY-NINTH.   Denies each and every allegation in paragraph "69" of plaintiff's Complaint.

SEVENTIETH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "70" of plaintiff's Complaint, except denies that plaintiff is entitled to any LTD benefits under the Plan.

SEVENTY-FIRST.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "71" of plaintiff's Complaint, except denies that plaintiff is entitled to any LTD benefits under the Plan.

SEVENTY-SECOND.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "72" of plaintiff's Complaint, except denies that plaintiff is entitled to attorneys fees under ERISA.

SEVENTY-THIRD.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "73" of plaintiff's Complaint

SEVENTY-FOURTH.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "74" of plaintiff's Complaint, except denies that plaintiff is entitled to consequential damages under ERISA.

SEVENTY-FIFTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "75" of plaintiff's Complaint, except denies that plaintiff is entitled to the costs and expenses of this lawsuit.

### AS AND FOR METLIFE'S ANSWER TO PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST METLIFE - ERISA – ARBITRARY AND CAPRICIOUS

SEVENTY-SIXTH.   In response to paragraph "76" of plaintiff's Complaint, MetLife repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "75" inclusive, with the same force and effect as if more fully set forth at length herein.

SEVENTY-SEVENTH.    Denies each and every allegation in paragraph "77" of plaintiff's Complaint.

SEVENTY-EIGHTH.    Denies each and every allegation in paragraph "78" of plaintiff's Complaint.

SEVENTY-NINTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "79" of plaintiff's Complaint, except denies that plaintiff is entitled to any LTD benefits under the Plan.

EIGHTIETH.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "80" of plaintiff's Complaint, except denies that plaintiff is entitled to any LTD benefits under the Plan.

EIGHTY-FIRST.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "81" of plaintiff's Complaint, except denies that plaintiff is entitled to attorneys fees under ERISA.

EIGHTY-SECOND.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "82" of plaintiff's Complaint.

EIGHTY-THIRD.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "83" of plaintiff's Complaint, except denies that plaintiff is entitled to consequential damages under ERISA.

EIGHTY-FOURTH.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "84" of plaintiff's Complaint, except denies that plaintiff is entitled to the costs and expenses of this lawsuit.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

EIGHTY-FIFTH.   This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against MetLife.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

EIGHTY-SIXTH.   The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in plaintiff's Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

EIGHTY-SEVENTH.   MetLife acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan.  Accordingly, plaintiff is barred from recovery for his claims in this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

EIGHTY-EIGHTH.   All actions about which plaintiff complains were either required or permitted by applicable law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

EIGHTY-NINTH.    MetLife's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb MetLife's determination concerning plaintiff's claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

NINETIETH.  Plaintiff has not properly pled a claim for attorney's fees under ERISA.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

NINETY-FIRST.    Defendant MetLife, as claim fiduciary for the governing welfare benefit plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and MetLife is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.  Defendant's decision making was not arbitrary or capricious and therefore, the Court cannot disturb MetLife's determination concerning plaintiff's claims.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

NINETY-SECOND.  To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date MetLife determined he was not entitled to receive further benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any alleged disabling

conditions (the existence of which is denied), as well as the affect of different Plan requirements, exclusions and/or limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

NINETY-THIRD.   The Court's review of plaintiff's claim against defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by MetLife in the regular course of its business.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

NINETY-FOURTH.   Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

NINETY-FIFTH.   To the extent necessary, defendant denies all allegations appearing as topic headings or subheadings in plaintiff's Complaint.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

NINETY-SIXTH.   Any findings by the Social Security Administration or the New York State Workers' Compensation Board with respect to plaintiff's claim for Social Security disability or Workers' Compensation benefits are neither determinative nor binding with respect to MetLife's evaluation of plaintiff's claim for Long Term Disability benefits under the applicable Plan documents.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

NINETY-SEVENTH.   Plaintiff's request for attorney's fees in premature and improper because he has not achieved any success on the merits.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

NINETY-EIGHTH.    This action and each purported claim asserted therein are barred by the expiration of the limitations period set forth in the Plan.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

NINETY-NINTH.    Plaintiff's claim for consequential damages and loss of other fringe benefits that were allegedly incurred as a result of the denial of her claim for continuing Plan benefits are not cognizable under ERISA.

**WHEREFORE**, defendant MetLife prays:

1. That the action be dismissed, or that judgment be entered in favor of defendant MetLife against plaintiff;
2. That defendant MetLife be awarded costs of suit incurred herein;
3. That defendant MetLife be awarded reasonable attorney's fees; and
4. That defendant MetLife be awarded such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         September 26, 2011

                                            Respectfully Submitted,

                                            s/
                                            MICHAEL H. BERNSTEIN (MB-0579)
                                            MATTHEW P. MAZZOLA (MM-7427)
                                            SEDGWICK LLP
                                            125 Broad Street, 39th Floor
                                            New York, New York 10004-2400
                                            Telephone: (212) 422-0202
                                            Facsimile:  (212) 422-0925
                                            ***Attorneys for Defendant***
                                            METLIFE LIFE INSURANCE COMPANY

TO:
Harriette N. Boxer
Law Office of Harriette N. Boxer
*Attorney for Plaintiff*
31 East 32nd Street, Suite 300
New York, New York
1(212)-481-8484

Ira G. Rosenstein, Esq.
Morgan, Lewis & Bockius, LLP
*Attorney for Defendant Credit Suisse*
101 Park Avenue
New York, NY 10178-0060
Phone: 212.309.6960
Fax: 212.309.6001

Ms. Ilene S. Grant
Hewitt Associates LLC
*For Defendant, Hewitt Associates, LLC*
*/s/h/a Aon Hewitt, Inc*
100 Half Day Road
Lincolnshire, IL 60069

## **CERTIFICATE OF SERVICE**

I, Matthew P. Mazzola, hereby certify and affirm that a true and correct copy of the attached **ANSWER** (for METROPOLITAN LIFE INSURANCE COMPANY) was served via **ECF and Regular Mail** on September 26, 2011, upon the following:

Harriette N. Boxer
Law Office of Harriette N. Boxer
*Attorney for Plaintiff*
31 East 32nd Street, Suite 300
New York, New York
1(212)-481-8484; and

Ira G. Rosenstein, Esq.
Morgan, Lewis & Bockius, LLP
*Attorney for Defendant Credit Suisse*
101 Park Avenue
New York, NY 10178-0060
Phone: 212.309.6960
Fax: 212.309.6001

Ms. Ilene S. Grant
Hewitt Associates LLC
*For Defendant, Hewitt Associates, LLC.*
*s/h/a Aon Hewitt, Inc.*
100 Half Day Road
Lincolnshire, IL 60069

       s/
Matthew P. Mazzola (MM-7427)