**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

STANISLAV LEVIN,

       **Plaintiff,**

    **v.**                      **Case No.: 2:11-cv-5252 (RJS)**

**CREDIT SUISSE INC.,** *et al.*

       **Defendants.**

---

## CREDIT SUISSE SECURITIES (USA) LLC'S ANSWER TO PLAINTIFF STANISLAV LEVIN'S COMPLAINT

Defendant Credit Suisse Securities (USA) LLC ("CS," "Defendant," or the "Company"),[1] by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff Stanislav Levin's Complaint, according to the numbered sections and paragraphs thereof as follows:

1.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and, therefore, such allegations are denied.

2.     Denied.  Credit Suisse, Inc. was erroneously sued as it is not the proper legal entity.  CS assumes Plaintiff intended to name Credit Suisse Securities (USA) LLC, Plaintiff's former employer.  The allegations of Paragraph 2 are therefore denied.

---

[1]    Credit Suisse, Inc. was erroneously sued as it is not the proper legal entity.  Therefore, CS answers on behalf of Credit Suisse Securities (USA) LLC.  Accordingly, CS will construe all references to "Defendant" or "CS" in the Complaint as referring to Credit Suisse Securities (USA) LLC and not Credit Suisse Inc.

3.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and, therefore, such allegations are denied.

4.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and, therefore, such allegations are denied.

5.     Paragraph 5 of the Complaint contains legal conclusions to which no response is required.  To the extent that Paragraph 5 of the Complaint contains factual allegations, Defendant denies such allegations.

6.     Paragraph 6 of the Complaint contains legal conclusions to which no response is required.  To the extent that Paragraph 6 of the Complaint contains factual allegations, Defendant denies such allegations.

7.     The allegations set forth in paragraph 7 purport to characterize the Long Term Disability Policy ("Policy"), a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

8.     The allegations set forth in paragraph 8 purport to characterize the Credit Suisse Disability Benefits Summary Plan Description ("SPD"), a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

9.     The allegations set forth in paragraph 9 purport to characterize the SPD, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent

they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

10.     The allegations set forth in paragraph 10 purport to characterize written documents, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written documents and/or do not reflect the documents in their entirety.

11.     The allegations set forth in paragraph 11 purport to characterize the Policy, a written document, the terms of which speak for themselves. Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

12.     The allegations set forth in paragraph 12 purport to characterize the SPD, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

13.     The allegations set forth in paragraph 13 purport to characterize the SPD, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

14.     The allegations set forth in paragraph 14 purport to characterize the SPD, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent

they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

15.     The allegations set forth in paragraph 15 purport to characterize written documents, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written documents and/or do not reflect the documents in their entirety.

16.     The allegations set forth in paragraph 16 purport to characterize the Policy, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the teens of the written document and/or do not reflect the document in its entirety.

17.     The allegations set forth in paragraph 17 purport to characterize written documents, the contents of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the written documents and/or do not reflect the documents in their entirety.  Further, Paragraph 17 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies such allegations.

18.     The allegations set forth in paragraph 18 purport to characterize written documents, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written documents and/or do not reflect the documents in their entirety.  Further, Paragraph 18 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

19.     The allegations set forth in paragraph 19 purport to characterize the Policy, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.  Further, Paragraph 19 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

20.     The allegations set forth in paragraph 20 purport to characterize the SPD, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

21.     Paragraph 21 of the Complaint contains legal conclusions to which no response is required.  Defendant admits only that at some point prior to 2003, Plaintiff performed services for CS, and that at some point after 2003, Plaintiff was employed by Credit Suisse First Boston LLC, now known as Credit Suisse Securities (USA) LLC.  The remaining allegations in Paragraph 21 are denied.

22.     The allegations contained in Paragraph 22 are vague and ambiguous and, therefore, such allegations are denied.

23.     Defendant admits only that Plaintiff held the title of Assistant Vice President – Systems Analyst at some point during his employment with CS, and that in 2008, his annual salary was approximately $116,400.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23, including footnote 1, and, therefore, such allegations are denied

24.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and, therefore, such allegations are denied.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and, therefore, such allegations are denied.

26.     Defendant admits only that at some point during his employment with CS, he requested to take a sabbatical and CS denied that request.  The remaining allegations in Paragraph 26 are denied.

27.     Defendant admits only that at some point during his employment with CS, he requested to take a sabbatical and CS denied that request.  The remaining allegations in Paragraph 27 are denied.

28.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and, therefore, such allegations are denied.

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and, therefore, such allegations are denied.

30.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and, therefore, such allegations are denied.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and, therefore, such allegations are denied.

32.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and, therefore, such allegations are denied.

33.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and, therefore, such allegations are denied.

34.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and, therefore, such allegations are denied.

35.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and, therefore, such allegations are denied.  Further, the allegations set forth in paragraph 35 purport to characterize a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety

36.     Denied.

37.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and, therefore, such allegations are denied.

38.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and, therefore, such allegations are denied.

39.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and, therefore, such allegations are denied.

40.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and, therefore, such allegations are denied.

41.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 and, therefore, such allegations are denied.

42.    It is admitted only that, upon information and belief, Levin applied for long term disability benefits at some point in 2010.

43.    The allegations set forth in paragraph 43 purport to characterize a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

44.    The allegations set forth in paragraph 44 purport to characterize a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

45.    Denied.

46.    The allegations set forth in paragraph 46 purport to characterize a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

**FIRST CAUSE OF ACTION**

47.    Defendant incorporates by reference its responses to Paragraphs 1 through 46 as if fully set forth herein.

48.    Denied.

49.    Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

## SECOND CAUSE OF ACTION

56.     Defendant incorporates by reference its responses to Paragraphs 1 through 55 as if fully set forth herein.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.    Denied.

## THIRD CAUSE OF ACTION

66.    Defendant incorporates by reference its responses to Paragraphs 1 through 65 as if fully set forth herein.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

## FOURTH CAUSE OF ACTION

76.    Defendant incorporates by reference its responses to Paragraphs 1 through 75 as if fully set forth herein.

77.    Denied.

78.    Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs (a) through (e) following the Fourth Cause of Action of the Amended Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a claim or claims upon which relief can be granted.

2.      Plaintiff is not entitled, on the law or the facts, to the damages claimed.

3.      Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrines of waiver, estoppel, and unclean hands because of Plaintiff's own conduct, acts, and omissions.

4.      Plaintiff's Complaint, and each purported cause of action therein, fails to state a claim under ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), because Plaintiff is not entitled to the relief he seeks under the terms of the Policy.

5.      CS acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Policy. Accordingly, Plaintiff is barred from recovery for his claims in this action.

6.      To the extent that Plaintiff's Complaint seeks consequential and/or punitive damages and post-judgment relief, Plaintiff's Complaint fails to seek relief available under ERISA.

7.      Plaintiff has not properly pled a claim for attorney's fees under ERISA.

8.      Any losses alleged by Plaintiff were not caused by any fault, act or omission by CS, but were caused by circumstances, entities or persons, including Plaintiff, for which CS is not responsible and cannot be held liable.

9.      Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Policy documents.

10.      To the extent necessary, Defendant denies all allegations appearing as topic headings or subheadings in Plaintiff's Complaint.

11.      Because Plaintiff's Complaint is vague, ambiguous, uncertain, mispled, and couched in conclusory terms, CS cannot fully anticipate all defenses that may be applicable to this action. Accordingly, CS reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

Dated: New York, New York        MORGAN, LEWIS & BOCKIUS LLP

October 5, 2011                    /s/   Ira G. Rosenstein
                                          Ira G. Rosenstein
                                          101 Park Avenue
                                        New York, New York 10178
                                        (212) 309-6960
                                        (212) 309-6234
                                        irosenstein@morganlewis.com

                                        Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 5, 2011, I filed the foregoing Answer and Defenses to Plaintiff's Complaint electronically with the Clerk of Court using the ECF system which will send notification of such filing to the following:

> Harriette N. Boxer
> Attorney at Law
> 31 East 32nd Street
> Suite 300
> New York, NY 10016
> 212-481-8484, ext. 329
> *ATTORNEY FOR PLAINTIFF*

> Michael H. Bernstein
> Sedgwick LLP
> 125 Broad Street
> 39th Floor
> New York, NY 10004-2400
> 212-422-0202
> *ATTORNEY FOR DEFENDANT MET LIFE*

s/ Ira G. Rosenstein
_____
Ira G. Rosenstein