IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**STANISLAV LEVIN,**

       Plaintiff,

  v.

**CREDIT SUISSE INC.,** *et al.*

       Defendants.

Case No.: 2:11-cv-5252 (RJS)

---

### DEFENDANT AON HEWITT'S ANSWER TO PLAINTIFF STANISLAV LEVIN'S AMENDED COMPLAINT

Defendant Hewitt Associates LLC, incorrectly named as Aon Hewitt, ("Aon Hewitt," "Defendant," or the "Company"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff Stanislav Levin's Amended Complaint, according to the numbered sections and paragraphs thereof as follows:

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and, therefore, such allegations are denied.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and, therefore, such allegations are denied.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and, therefore, such allegations are denied.

4. Defendant admits only that it is a limited liability company under the laws of the State of Illinois and it or its affiliates conduct business at locations including Lincolnshire, Illinois. The remaining allegations of Paragraph 4 are denied.

5. Paragraph 5 of the Amended Complaint contains legal conclusions to which no response is required. To the extent that Paragraph 5 of the Complaint contains factual allegations, Defendant denies such allegations.

6. Paragraph 6 of the Amended Complaint contains legal conclusions to which no response is required. To the extent that Paragraph 6 of the Amended Complaint contains factual allegations, Defendant denies such allegations.

7. The allegations set forth in paragraph 7 purport to characterize the Long Term Disability Policy ("Policy"), a written document, the terms of which speak for themselves. Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

8. The allegations set forth in paragraph 8 purport to characterize the Credit Suisse Disability Benefits Summary Plan Description ("SPD"), a written document, the terms of which speak for themselves. Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

9. The allegations set forth in paragraph 9 purport to characterize the SPD, a written document, the terms of which speak for themselves. Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

10.     The allegations set forth in paragraph 10 purport to characterize written documents, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written documents and/or do not reflect the documents in their entirety.

11.     The allegations set forth in paragraph 11 purport to characterize the Policy, a written document, the terms of which speak for themselves. Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

12.     The allegations set forth in paragraph 12 purport to characterize the SPD, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

13.     The allegations set forth in paragraph 13 purport to characterize the SPD, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

14.     The allegations set forth in paragraph 14 purport to characterize the SPD, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

15.     The allegations set forth in paragraph 15 purport to characterize written documents, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written documents and/or do not reflect the documents in their entirety.

16.     The allegations set forth in paragraph 16 purport to characterize the Policy, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the teens of the written document and/or do not reflect the document in its entirety.

17.     The allegations set forth in paragraph 17 purport to characterize written documents, the contents of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the written documents and/or do not reflect the documents in their entirety.  Further, Paragraph 17 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies such allegations.

18.     The allegations set forth in paragraph 18 purport to characterize written documents, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written documents and/or do not reflect the documents in their entirety.  Further, Paragraph 18 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

19.     The allegations set forth in paragraph 19 purport to characterize the Policy, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document

in its entirety.  Further, Paragraph 19 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

20. The allegations set forth in paragraph 20 purport to characterize the SPD, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

21. The allegations set forth in paragraph 21 purport to characterize the Policy, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

22. The allegations set forth in paragraph 22 purport to characterize the Policy, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

23. The allegations set forth in paragraph 23 purport to characterize the Policy, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

24. The allegations set forth in paragraph 24 purport to characterize the Policy, a written document, the terms of which speak for themselves.  Such allegations are denied to the extent

they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

25. The allegations set forth in paragraph 25 purport to characterize the SPD, a written document, the terms of which speak for themselves. Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

26. The allegations set forth in paragraph 26 purport to characterize the SPD, a written document, the terms of which speak for themselves. Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

27. The allegations set forth in paragraph 27 purport to characterize the SPD, a written document, the terms of which speak for themselves. Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and, therefore, such allegations are denied.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and, therefore, such allegations are denied.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and, therefore, such allegations are denied.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and, therefore, such allegations are denied.

32.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and, therefore, such allegations are denied.

33.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and, therefore, such allegations are denied.

34.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and, therefore, such allegations are denied.

35.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and, therefore, such allegations are denied.

36.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and, therefore, such allegations are denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and, therefore, such allegations are denied.  Further, the

allegations set forth in paragraph 42 purport to characterize a written document, the terms of which speak for themselves. Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and, therefore, such allegations are denied.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 and, therefore, such allegations are denied.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 and, therefore, such allegations are denied.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 and, therefore, such allegations are denied.

47. It is admitted only that, upon information and belief, Plaintiff at some point applied for and received New York State Workers' Compensation Benefits. The remaining allegations of Paragraph 47 are denied.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and, therefore, such allegations are denied.

49. It is admitted only that, upon information and belief, Levin applied for long term disability benefits at some point in 2010.

50. The allegations set forth in paragraph 50 purport to characterize a written document, the terms of which speak for themselves. Such allegations are denied to the extent they are

inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

51. The allegations set forth in paragraph 51 purport to characterize a written document, the terms of which speak for themselves. Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

52. Denied.

53. The allegations set forth in paragraph 53 purport to characterize a written document, the terms of which speak for themselves. Such allegations are denied to the extent they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

## FIRST CAUSE OF ACTION

54. Defendant incorporates by reference its responses to Paragraphs 1 through 53 as if fully set forth herein.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

### SECOND CAUSE OF ACTION

72. Defendant incorporates by reference its responses to Paragraphs 1 through 71 as if fully set forth herein.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

### THIRD CAUSE OF ACTION

85. Defendant incorporates by reference its responses to Paragraphs 1 through 84 as if fully set forth herein.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs (a) through (e) following the Third Cause of Action of the Amended Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.    Plaintiff's Amended Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a claim or claims upon which relief can be granted.

2.    Plaintiff is not entitled, on the law or the facts, to the damages claimed.

3.    Plaintiff's Amended Complaint, and each purported cause of action therein, is barred by the doctrines of waiver, estoppel, and unclean hands because of Plaintiff's own conduct, acts, and omissions.

4.    Plaintiff's Amended Complaint, and each purported cause of action therein, fails to state a claim under ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), because Plaintiff is not entitled to the relief he seeks under the terms of the Policy.

5.    Aon Hewitt is not a fiduciary and was not acting in a fiduciary capacity at any time alleged in the Amended Complaint.

6.    Aon Hewitt acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Policy. Accordingly, Plaintiff is barred from recovery for his claims in this action.

7.    To the extent that Plaintiff's Amended Complaint seeks consequential and/or punitive damages and post-judgment relief, Plaintiff's Amended Complaint fails to seek relief available under ERISA.

8.    Plaintiff has not properly pled a claim for attorney's fees under ERISA.

9. Any losses alleged by Plaintiff were not caused by any fault, act or omission by Aon Hewitt, but were caused by circumstances, entities or persons, including Plaintiff, for which Aon Hewitt is not responsible and cannot be held liable.

10. Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Policy documents.

11. To the extent necessary, Defendant denies all allegations appearing as topic headings or subheadings in Plaintiff's Amended Complaint.

12. Because Plaintiff's Amended Complaint is vague, ambiguous, uncertain, mispled, and couched in conclusory terms, Aon Hewitt cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Aon Hewitt reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

Dated: New York, New York

December 16, 2011

MORGAN, LEWIS & BOCKIUS LLP

/s/__Melissa D. Hill_____
Melissa D. Hill
101 Park Avenue
New York, New York 10178
(212) 309-6960
(212) 309-6234
irosenstein@morganlewis.com

Attorneys for Defendant Hewitt Associates LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 16, 2011, I filed the foregoing Answer and Defenses to Plaintiff's Complaint electronically with the Clerk of Court using the ECF system which will send notification of such filing to the following:

>Harriette N. Boxer
>Attorney at Law
>31 East 32nd Street
>Suite 300
>New York, NY 10016
>212-481-8484, ext. 329
>*ATTORNEY FOR PLAINTIFF*

>Michael H. Bernstein
>Sedgwick LLP
>125 Broad Street
>39th Floor
>New York, NY 10004-2400
>212-422-0202
>*ATTORNEY FOR DEFENDANT MET LIFE*

>/s/ Melissa D. Hill
>Melissa D. Hill