UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/11/242_
```

---

STANISLAV LEVIN,

                              Plaintiff,

        -v-

CREDIT SUISSE INC., *et al.*,

                              Defendants.

---

No. 11 Civ. 5252  (RJS)
CASE MANAGEMENT PLAN AND
SCHEDULING ORDER

RICHARD J. SULLIVAN, District Judge:

Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order.

1.  All parties do **_NOT_** consent to disposition of this case by a Magistrate Judge pursuant to 28 USC §636(c).

2.  This case is NOT to be tried to a jury.

3.  No additional parties may be joined except with leave of the Court.

4.  The plaintiff may file an amended pleading within twenty (20) days after his counsel has been served with an Answer from each defendant.  Thereafter plaintiff may not amend his complaint except with leave of the Court.

5.  Initial disclosure pursuant to Rule 26(a)(1) shall be completed no later than **January 30, 2012**.

6.  All fact discovery is to be completed no later than **June 15, 2012**.

7.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the local Rules of the Southern District of New York.  The following interim deadlines may be extended by the parties on consent without application to the Court provided that the parties meet the deadline for completing fact discovery set forth in paragraph 6 above.

    a.  Initial requests for production of documents shall be served *via regular mail* and *email* by **January 17, 2012**.

    b.  Any additional requests for production of documents shall be served by **April 1, 2012**.

1

    c. Interrogatories, if any, shall be served by **May 1, 2012**.

    d. Depositions shall be completed by **June 15, 2012**.

        i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

        iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    e. Requests to Admit shall be served no later than **June 1, 2012**.

8. All expert disclosures, including reports, production of underlying documents, and depositions shall be completed pursuant to the following guidelines:

    a. Expert(s) of plaintiff, if any: **N/A**

    b. Expert(s) of defendants, if any: **N/A**

9. All discovery shall be completed no later than **June 15, 2012**.

10. The Court will conduct a post-discovery conference on **July 6, 2012 at 10:00 a.m.** (to be completed by the Court).

11. If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted by **June 15, 2012**. [To be completed by the Court. The deadline will be no later than two weeks prior to the post-discovery status conference.] Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of service of the initial promotion letter. Pre-motion letters and responses shall be submitted to the chambers' email address at sullivannysdchambers@nysd.uscourts.gov.

12. If neither plaintiff nor defendants contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

13. Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request: **Referral to a Magistrate Judge for settlement discussions**.
The parties are to contact Magistrate Judge Katz by **May 1, 2012**.

14. Parties have conferred and their present best estimate of the length of trial is **two (2) to four (4) business days**.

In the parties' submission dated January 9, 2012, Defendant Metropolitan Life Insurance Co. ("MetLife") raises objections to Plaintiff's contemplated discovery requests on the grounds that any discovery outside of the administrative record is not permitted in ERISA claims under the arbitrary and capricious standard. However, Plaintiff alleges that Defendants' employees provided misleading information to Plaintiff with respect to his right to file a claim. Defendants Credit Suisse and Aon Hewitt do not dispute that Plaintiffs are entitled to some discovery relating to their communications with Plaintiff, and Defendant MetLife conceded at the conference held on January 3, 2012 that it would be obliged to produce comparable materials as a third party even if its motion to dismiss were granted in its entirety.

Accordingly, IT IS HEREBY ORDERED THAT MetLife's general objection to discovery is denied. MetLife shall produce such discovery as would be required were it a third party to the disputes relating to fiduciary duty between Plaintiff and the other Defendants.

SO ORDERED

DATED:     January 10, 2012
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE