UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

STANISLAV LEVIN,

              Plaintiff,                         Civil Action No.:  **2011 CIV 5252- RJS**

   v.

CREDIT SUISSE INC., METROPOLITAN
LIFE INSURANCE COMPANY, and
AON HEWITT, INC.

              Defendants.

--------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS CREDIT SUISSE AND AON HEWITT'S
MOTION TO DISMISS
<u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND FACTS ..................................................................................... 2

III.   STANDARD OF REVIEW .................................................................................. 4

IV.    ARGUMENT ....................................................................................................... 5

    A.     Plaintiff's Claims for Breach of Fiduciary Duty Are Time Barred ...................... 6

    B.     Plaintiff's Claims Also Fail Because the Relief He Seeks Is Not Available Under ERISA ............................................................................................ 8

    C.     Plaintiff Cannot Assert a Claim for Fiduciary Breach Based on Oral Misrepresentations .................................................................................... 10

    D.     Plaintiff Has Not Adequately Alleged Credit Suisse or Aon Hewitt Acted in a Fiduciary Capacity at the Time of the Alleged Breach ................................ 13

V.     CONCLUSION ................................................................................................... 14

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009).................................................................................................4

*Ballone v. Eastman Kodak Co.,*
109 F.3d 117 (2d Cir. 1997)....................................................................................12, 13

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)..............................................................................................4, 5, 14

*Bowerman v. Wal-Mart Stores, Inc.,*
226 F.3d 574 (7th Cir. 2000) .......................................................................................11

*Caputo v. Pfizer, Inc.,*
267 F.3d 181 (2d Cir. 2001)........................................................................................6, 7

*Coan v. Kaufman,*
457 F.3d 250 (2d Cir. 2006).........................................................................................9

*Diduck v. Kaszycki & Sons Contractors, Inc.,*
974 F.2d 270 (2d Cir. 1992).........................................................................................9

*Fisher v. Penn Traffic Co.,*
319 F. App'x 34 (2d Cir. 2009) ..................................................................................10

*Great-West Life & Annuity Ins. Co. v. Knudson,*
534 U.S. 204 (2002).....................................................................................................10

*Harris Trust & Sav. Bank v. John Hancock Mut. Life Ins. Co.,*
302 F.3d 18 (2d Cir. 2002)...........................................................................................13

*In re Elevator Antitrust Litig.,*
502 F.3d 47 (2d Cir. 2007)...........................................................................................5

*Ladouceur v. Credit Lyonnais,*
584 F.3d 501 (2d Cir. 2009)....................................................................................11, 12

*Mass. Mut. Life Ins. Co. v. Russell,*
473 U.S. 134 (1985)......................................................................................................9

*Mello v. Sara Lee Corp.,*
431 F.3d 440 (5th Cir. 2005) ........................................................................................11

*Murphy v. Int'l Bus. Machines Corp.,*
No. 10-6055, 2012 WL 566091 (S.D.N.Y. Feb. 21, 2012)...........................................7

## TABLE OF AUTHORITIES
### (CONTINUED)

*Neitzke v. Williams*,
490 U.S. 319 (1989)...................................................................................4

*Pegram v. Herdrich*,
530 U.S. 211 (2000).................................................................................13

*Perreca v. Gluck*,
295 F.3d 215 (2d Cir. 2002)....................................................................11

*Richardson v. Pension Plan of Bethlehem Steel Corp.*,
112 F.3d 982 (9th Cir. 1997) ...................................................................11

*Wolff v. Rare Medium, Inc.*,
171 F. Supp. 2d 354 (S.D.N.Y. 2001).......................................................4

*Young v. Gen. Motors Inv. Mgmnt. Corp.*,
550 F. Supp. 2d 416 (S.D.N.Y. 2008).......................................................7

**STATUTES**

29 U.S.C. § 1002(21)(A)..............................................................................13

29 U.S.C. § 1102..........................................................................................11

29 U.S.C. § 1109.....................................................................................5, 8, 9

29 U.S.C. § 1113(2).......................................................................................6

29 U.S.C. § 1132(a)..............................................................................8, 9, 10

Defendants Credit Suisse Securities (USA) LLC ("Credit Suisse") and Aon Hewitt Associates LLC, ("Aon Hewitt") (collectively "Defendants"),[1] submit this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendants respectfully request that this Court dismiss Plaintiff Stanislav Levin's ("Plaintiff" or "Levin") Second Amended Complaint with prejudice in its entirety, as it fails to state a claim for relief against Defendants.

I.      **INTRODUCTION**

Despite three attempts to state a viable claim against Credit Suisse and Aon Hewitt, Plaintiff's Second Amended Complaint ("SAC") wholly fails to do so.  The most recent iteration of Plaintiff's complaint attempts to assert claims for breach of Defendants' fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002 et seq., stemming from Metropolitan Life Insurance Company's ("MetLife") denial of Plaintiff's application for long term disability ("LTD") benefits as untimely.  Even accepting Plaintiff's allegations as true, his claims fail as a matter of law, and the SAC must be dismissed.

The SAC seeks to recover LTD benefits, which Plaintiff applied for and was denied in 2010.  Plaintiff admits he was two years late in applying for the claimed LTD benefits, and concedes that MetLife based its denial on Plaintiff's untimely application.  Likely recognizing that the Plans' terms preclude his claim for benefits under ERISA Section 502(a)(1)(B), Plaintiff attempts to manufacture a claim for fiduciary breach based on alleged events that occurred over three years prior to the filing of his original complaint.  Specifically, Plaintiff alleges that in March 2008, Aon Hewitt and Credit Suisse breached their fiduciaries duties when certain employees made alleged misstatements regarding Plaintiff's eligibility for short term disability ("STD") benefits.  He further claims that the applicable Credit Suisse Disability Benefits

---

[1]      Credit Suisse, Inc. was erroneously sued as it is not the proper legal entity.  Aon Hewitt, Inc. was also erroneously sued as it is not the proper legal entity.

Summary Plan Description ("SPD") contained inaccurate, incomplete, or otherwise misleading information about the telephone number provided for benefits inquiries.  He admits, however, that the SPD sets forth his eligibility for both STD and LTD benefits, and further admits that he was in possession of the SPD and related Plan documents as early as March 2008.  Nonetheless, and despite the clear Plan language, Plaintiff claims Defendants' alleged oral misstatements prevented him from applying for benefits in 2008, in violation of their fiduciary duties.

Plaintiff has pled himself out of court.  First, his claims that Credit Suisse and Aon Hewitt breached duties under ERISA in March 2008 are barred by ERISA's three-year limitations period.  Because Plaintiff admits to having knowledge of the facts underlying the alleged breach – here, the alleged misstatements or misleading SPDs – as early as March 2008, any fiduciary breach claim expired in March 2011, months before Plaintiff filed the instant action.  Further, even if Plaintiff's claims against Credit Suisse and Aon Hewitt were timely, he cannot base a fiduciary breach claims on alleged oral misstatements, the crux of his claim against both Credit Suisse and Aon Hewitt.  Likewise, even if a claim based on verbal statements could stand, Plaintiff has not adequately alleged that either Credit Suisse or Aon Hewitt was acting in a fiduciary capacity when the alleged misstatements were made, a prerequisite to any claim for fiduciary breach under ERISA.  Finally, ERISA does not authorize the relief Plaintiff seeks – monetary damages, for himself alone, based on an alleged fiduciary breach.

Accordingly, Plaintiff's claims against Credit Suisse and Aon Hewitt fail as a matter of law, and the Court should dismiss the SAC in its entirety.

## II.    BACKGROUND FACTS

The SAC alleges that Plaintiff was employed by Credit Suisse until June 6, 2008, when he stopped working due to a work-related injury.  As an employee of Credit Suisse, Plaintiff was enrolled in the Credit Suisse First Boston Corporation Group Short Term Disability Plan ("STD

Plan") and Long Term Disability Plan ("LTD Plan") (together, the "Plans"), which are governed by ERISA.  MetLife issued a group policy of insurance to the Plans to fund benefits under the Plans, and administered claims under the Plans pursuant to the discretionary authority granted to it by the Plans.

Plaintiff alleges that in March 2008 he was in possession of the SPD issued by Credit Suisse for the STD Plan and the LTD Plan.  Plaintiff further admits that pursuant to the terms of the Plans, as set forth in the SPD, he was eligible to file claims for both STD benefits and LTD benefits under the Plans for a work-related disability.  SAC ¶¶ 15-17, 19-20, 29-32.

Plaintiff further alleges that in March 2008, while he was still working for Credit Suisse, he sought a leave of absence due to a previous work-related injury that been exacerbated by his continuous work.  SAC ¶ 37.  He allegedly inquired with employees of both Aon Hewitt and Credit Suisse about his entitlement to STD benefits or other sources of leave.  More specifically, he alleges that on March 14, 2008, he called the phone number listed in the SPD for Aon Hewitt, which provided benefits administration for the Credit Suisse Plans.  *Id.* ¶ 43.  He claims he spoke to a woman named Ilene, who explained to him that as an exempt employee, he could only obtain STD benefits for an injury that was not work related.  *Id.*  Plaintiff claims that, following the conversation with "Ilene," he spoke with Matthew Mernagh, his senior supervisor, and Serafina Cavallo, his direct supervisor, in the Credit Suisse Risk Information Technology Department about his options for leave, which conversation "yielded no further action or suggestions."  *Id.* ¶ 50.  Next, Plaintiff alleges, he met with Michael Gramer, an employee in the Credit Suisse Human Resources Department about his eligibility for benefits; Gramer allegedly referred Plaintiff back to the information he had already received from Aon Hewitt, the benefits administrator.  *Id.* ¶ 51.  From these conversations, and despite the clear plan language regarding

both STD and LTD benefits, Plaintiff claims he elected not to apply for STD benefits in March 2008.  Instead, he applied for and has been receiving both New York State Workers' Compensation Benefits as well as Social Security Disability benefits.  *Id.* ¶ 55.

Two years later, in 2010, Plaintiff alleges that he learned of another individual receiving LTD benefits (from an unspecified plan and unspecified employer), which information apparently prompted Plaintiff to apply for LTD benefits.  *Id.* ¶¶ 56-57.  In July 2010, MetLife denied Plaintiff's application as untimely.  *Id.* ¶ 58.  Plaintiff subsequently appealed that decision, and MetLife denied the appeal in March 2011, finding that, in addition to filing an untimely claim, Plaintiff failed to provide proof of his claimed disability "as soon as reasonably possible."  *Id.* ¶ 59.  This litigation followed, with Plaintiff's original complaint filed on July 28, 2008.

III.   **STANDARD OF REVIEW**

The purpose of Rule 12(b)(6) of the Federal Rules of Civil Procedure is to "streamline litigation by dispensing with needless discovery and fact-finding" and eliminating baseless claims.  *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  Dismissal is warranted when a complaint's factual allegations are not substantial enough "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Further, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted).  Although pleading requirements are construed liberally, "[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted."  *Wolff*

*v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001).  The Supreme Court and the Second Circuit have emphasized the need for "district courts [to] 'retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'"  *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 n.4 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

A claim for breach of fiduciary duty under ERISA requires a plaintiff to allege, and ultimately prove, that (i) the defendant is a plan fiduciary who, (ii) acting within his capacity as a fiduciary, (iii) engaged in conduct constituting a breach of his fiduciary duty.  *See* 29 U.S.C. § 1109(a).  It does not suffice for Plaintiff simply to recite each of these legal elements in conclusory fashion.  *Twombly*, 550 U.S. at 545.  Rather, Rule 8 of the Federal Rules of Civil Procedure requires Plaintiff to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 548.

Under the Supreme Court and Second Circuit's standard, Plaintiff's claims against Credit Suisse and Aon Hewitt for breach of fiduciary duty under ERISA fail as a matter of law, and must be dismissed.

IV.   **ARGUMENT**

Through this lawsuit Plaintiff seeks to recover LTD benefits and monetary damages to which he is not entitled.  First, and despite admitting his application for LTD benefits was untimely, Plaintiff claims that Metlife wrongfully denied his benefits under ERISA Section 501(a)(1)(B).  Not satisfied with only that claim, Plaintiff also seeks to assert a claim for fiduciary breach against Credit Suisse and Aon Hewitt based on alleged oral advice from Credit Suisse and Aon Hewitt employees, as well as allegedly misleading telephone numbers in an SPD.  Plaintiff's claims, however, are belied by his own allegations.  The SAC concedes that based on the express terms of the relevant plan documents, which Plaintiff possessed in 2008, he

5

was eligible to submit claims for both STD and LTD benefits in 2008.  Indeed, Plaintiff

acknowledges that the Plans provided an "easy application process," but states that he elected not

to apply for either STD or LTD benefits.  He now blames his failure to submit a timely claim for

benefits on the purported misrepresentations by employees of Credit Suisse and/or Aon Hewitt.

SAC ¶¶ 12, 30, 49, 101-03.

Plaintiff cannot now, nearly four years after the alleged conduct giving rise to the claimed

breach of ERISA's duties, state a claim against either Aon Hewitt or Credit Suisse related to his

failure to timely apply for STD or LTD benefits.  Nor can he base a fiduciary breach claim on

alleged misstatements, the crux of Plaintiff's complaint as to Aon Hewitt and Credit Suisse.

Plaintiff's claims necessarily fail.

A.     **Plaintiff's Claims for Breach of Fiduciary Duty Are Time Barred**

It is well settled that a claim for breach of fiduciary duty under ERISA must be brought

within the applicable limitations period.  ERISA Section 413, 29 U.S.C. § 1113, provides that

(absent fraud or concealment) a claim for breach of fiduciary duty must be brought before the

earlier of (1) six years after the date of the last action that constituted a part of the breach or (2)

three years after the earliest date on which the plaintiff had actual knowledge of the breach or

violation.  *See* 29 U.S.C. § 1113(2).

Under the three-year "actual knowledge" test, the Second Circuit has held that this statute

of limitations accrues as soon as the plaintiff "has knowledge of all material facts necessary to

understand that an ERISA fiduciary has breached his or her duty or otherwise violated the Act."

*Caputo v. Pfizer, Inc.*, 267 F.3d 181, 193 (2d Cir. 2001).  As this Court has explained:

> A plaintiff need not know the law, but instead must only "have knowledge of all
> facts necessary to constitute a claim."  While disclosure of "a transaction that is
> not inherently a statutory breach of fiduciary duty . . . cannot communicate the
> existence of the underlying breach," it follows that where the alleged breach
> stems from a transaction that a plaintiff claims is "inherently a statutory breach of

6

fiduciary duty," knowledge of the transaction "standing alone" may be sufficient
to trigger the obligation to file suit.

*Young v. Gen. Motors Inv. Mgmnt. Corp.*, 550 F. Supp. 2d 416, 418-19 (S.D.N.Y. 2008) (quoting

*Caputo*, 267 F.3d at 193).

Here, Plaintiff claims that the alleged breach by Aon Hewitt and Credit Suisse stemmed

from either the March 2008 conversations regarding his eligibility for STD benefits, or the lack

of clarity in the SPD regarding how to apply for STD benefits.  SAC ¶ 60.  All of the facts

forming the basis of Plaintiff's causes of action for breach of fiduciary duty – the alleged

misstatements and the information contained in the SPD – were self-evident at the time Plaintiff

had the alleged conversations with employees of both Credit Suisse and Aon Hewitt in March

2008.  *Id.* ¶¶ 43-51.  He admits that he was in possession of the SPD as early as March 2008.  *Id.*

¶ 42.  That SPD, by his own admission, stated that Plaintiff was eligible to apply for STD and

LTD benefits, and thus contained all of the alleged material facts necessary to understand that an

ERISA fiduciary had breached its duty.  *Id.* ¶¶ 43-51.

Therefore, because Plaintiff *expressly alleges* that he had actual knowledge of the facts

underlying the breach in March 2008, the governing statute of limitations period for any

fiduciary breach claims against either Aon Hewitt or Credit Suisse expired three years after

March 31, 2008, on March 31, 2011.  Plaintiff did not commence this lawsuit until July 28, 2011;

approximately four months after the statute of limitations expired.  Consequently, Plaintiff's

claims against Credit Suisse and Aon Hewitt for breach of fiduciary duty are time barred.

*Caputo*, 267 F.3d at 193.  Indeed, under no set of facts could Plaintiff assert a timely claim

against either Credit Suisse or Aon Hewitt, as all of the alleged misconduct occurred on or before

March 2008.  Accordingly, Plaintiff's claims for fiduciary breach should be dismissed with

prejudice and without leave to amend.  *Murphy v. Int'l Bus. Machines Corp.*, No. 10-6055, 2012

7

WL 566091, at *4 (S.D.N.Y. Feb. 21, 2012) (dismissing plaintiff's ERISA fiduciary breach claims as time barred and denying leave to amend as futile, finding it "overwhelmingly unlikely that Plaintiffs can further amend their Complaint to cure its deficiencies," in light of the "already extraordinarily lengthy opportunity [plaintiffs had] to craft and re-craft the allegations in this complaint").

### B. Plaintiff's Claims Also Fail Because the Relief He Seeks Is Not Available Under ERISA.

Plaintiff's second cause of action, fiduciary breach against Credit Suisse and Aon Hewitt, is little more than a cacophony of allegations purporting to assert claims under a variety of ERISA statutory provisions, none of which afford Plaintiff the relief he seeks – monetary damages for himself alone.  Even if Plaintiff could assert a timely claim against Defendants, his fiduciary breach claims against Credit Suisse and Aon Hewitt fail because he seeks to recover money damages for himself rather than for the Plans as a whole, a remedy unavailable to him as a matter of law.

Section 502(a)(1)(B) of ERISA authorizes suits by individuals to enforce rights or recover benefits under the terms of a plan, which Plaintiff here appears to seek from MetLife as the administrator of claims under the Plans.  *See* 29 U.S.C. § 1132(a)(1)(B).  Section 502(a)(2) allows an individual to bring a claim for breach of fiduciary duty under Section 409.  *See* 29 U.S.C. § 1132(a)(2).  Specifically, Section 409 provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable *to make good to such plan* any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109 (emphasis added).  Finally, if a claim of fiduciary breach seeks relief for the

individual, like Plaintiff does here, and not the plan, it falls under Section 502(a)(3), which limits the individual's remedies to equitable relief.  *See* 29 U.S.C. § 1132(a)(3).  An individual, therefore, cannot obtain for himself monetary recovery on a breach of fiduciary duty claim. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140-47 (1985).  Reading Plaintiff's litany of allegations in the light most favorable to him, it appears he seeks to recover benefits or other monetary damages from Credit Suisse and Aon Hewitt on a theory of fiduciary liability.  *See* SAC ¶¶ 86-87, 90-91.  This claim fails as a matter of law.

In *Russell*, the Supreme Court held that actions seeking monetary recovery for a breach of fiduciary duty must inure to the benefit of the plan as a whole and not to individual participants.  *Russell*, 473 U.S. at 140-47.  In so holding, the Supreme Court relied on the language of ERISA Section 409, 29 U.S.C. § 1109, which makes fiduciaries who breach their duties "personally liable to *make good to such plan* any *losses to the plan* resulting from each such breach."  29 U.S.C. § 1109 (emphasis added).  The Supreme Court emphasized that the "six carefully integrated civil enforcement provisions found in § 502(a) of the statute . . . provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly."  *Russell*, 473 U.S. at 146.  The Second Circuit precedent subsequent to *Russell* reinforces these points.  *See Coan v. Kaufman*, 457 F.3d 250, 259 (2d Cir. 2006) ("The central holding of *Russell* is that sections 409 and 502(a)(2) of ERISA do not provide for the recovery of extra-contractual damages for breaches of fiduciary duty that affect only an individual plaintiff."); *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 286 (2d Cir. 1992) ("Our conclusion that punitive damages are not available under § 502(a)(2) is reinforced by the virtually unanimous interpretation of § 502(a)(3)'s similar language – 'appropriate equitable relief' – as not allowing such recovery.").

Here, Plaintiff makes no effort to align his cause with that of other Plan participants or beneficiaries or to suggest that Defendants' misconduct harmed the Plan as a whole – nor can he. Rather, he evinces the singular interest of obtaining his LTD benefits and other monetary damages, neither of which is available in a suit predicated on Section 502(a)(3). Indeed, as noted above, the relief provided for under Section 502(a)(3) is limited to equitable relief, which does not include the hypothetical benefits or monetary or punitive damages Plaintiff seeks. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (The term "equitable relief" in Section 1132(a)(3) "must refer to 'those categories of relief that were *typically* available in equity.'") (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993)); *Fisher v. Penn Traffic Co.*, 319 F. App'x 34, 35-36 (2d Cir. 2009) (rejecting claim for monetary relief, finding that a Section 1132(a)(3) claim requires that both "the basis for the claim *and* the nature of the recovery sought be equitable"). Here, Plaintiff claims *only* monetary relief and penalties, rather than "the type of relief *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Shamoun v. Bd. of Trs.*, No. 05-5730, 2007 WL 2461921 (E.D.N.Y. Aug. 24, 2007) (emphasis in original) (internal quotations and citations omitted). Therefore, "Plaintiff's request for monetary damages in no way qualifies as 'equitable relief' under § 1132(a)(3)," and must be dismissed. *Id.*

C.   **Plaintiff Cannot Assert a Claim for Fiduciary Breach Based on Oral Misrepresentations**

Even if Plaintiff's claims were timely – which they are not – and even if he could recover monetary damages on behalf of himself only, the Second Circuit prohibits claims for breach of fiduciary duty based on oral representations regarding plan terms when the terms of the plan are clear. Here, the crux of Plaintiff's claims against Credit Suisse and Aon Hewitt is that employee representatives of both Defendants breached their respective fiduciary duties under ERISA by

making oral misrepresentations regarding Plaintiff's eligibility for STD benefits under the terms of the Plans.  Plaintiff claims, in effect, that because of these alleged oral misrepresentations, he should be excused from failing to timely file his claim for benefits under the LTD Plan, despite his own admission that the Plan documents, which he possessed in March 2008 at the time of the alleged breach, are clear.

The Second Circuit has repeatedly rejected this claim.  *Ladouceur v. Credit Lyonnais*, 584 F.3d 501, 512-13 (2d Cir. 2009).  Because ERISA requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument," 29 U.S.C. § 1102(A)(1), the Second Circuit has held that "[o]ral promises are unenforceable under ERISA and therefore cannot vary the terms of an ERISA plan."  *Perreca v. Gluck*, 295 F.3d 215, 225 (2d Cir. 2002).  Indeed, "[t]his logic applies with equal force to alleged breaches of fiduciary duty when the alleged breach is an oral representation that purports to change an ERISA benefit plan."  *Ladouceur*, 584 F.3d at 512.

Other courts of appeals agree.  *See Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 586 (7th Cir. 2000) ("We have simply rejected the claim that 'bad advice delivered verbally entitles plan participants to whatever the oral statement promised, when written documents provide accurate information,'" quoting *Frahm v. Equitable Life Assurance Soc'y of the U.S.*, 137 F.3d 955, 961 (7th Cir. 1998); *Mello v. Sara Lee Corp.*, 431 F.3d 440, 446 (5th Cir. 2005) (holding that oral modifications of ERISA plans were not recognized and noting that the Tenth and Eleventh Circuits had reached similar conclusions); *Richardson v. Pension Plan of Bethlehem Steel Corp.*, 112 F.3d 982, 986 n.2 (9th Cir. 1997) ("Because 29 U.S.C. § 1102 provides that '[e]very employee benefit plan shall be established and maintained pursuant to a

11

written instrument,' courts have held that oral agreements or modifications cannot be used to contradict or supersede the written terms of an ERISA plan.").

Here, Plaintiff contends that employees of Credit Suisse and Aon Hewitt breached their fiduciary duties under ERISA when they failed to accurately advise him of his eligibility for STD benefits under the Plans. These verbal conversations and alleged misstatements, Plaintiff claims, caused him harm, apparently by dissuading him from applying for either STD or LTD benefits. As a result of those alleged breaches, Plaintiff now asks the Court to award him benefits under the Plans, for which he is admittedly not eligible based on his untimely application.

As the Second Circuit holds, an alleged oral misrepresentation "cannot effect a change in an ERISA plan," and cannot justify an award of benefits or other monetary damages to Plaintiff here. *Ladouceur*, 584 F.3d at 512-13. Thus, even taking Plaintiff's allegations as true – that each of the individuals cited in the SAC told Levin, in some form or another, that MetLife would likely deny his claim for STD benefits under the Plans – Plaintiff still cannot state a viable claim for fiduciary breach against Credit Suisse or Aon Hewitt in the face of his own admission that the Plan documents plainly and unambiguously set forth his eligibility to apply for such benefits.[2]

---

[2]  To the extent Plaintiff seeks to base his fiduciary breach claim on alleged ambiguities in the SPD regarding how, when and where to apply for STD or LTD benefits, that claim likewise fails. To allege and prove a breach of fiduciary duty for misrepresentations or omissions under ERISA, a plaintiff must establish the following:  (1) the defendant's status as an ERISA fiduciary; (2) a misrepresentation or omission on the part of the defendant; (3) the materiality of the misrepresentation or omission; and (4) detrimental reliance by the plaintiff on the misrepresentation or omission. *See Ballone v. Eastman Kodak Co.*, 109 F.3d 117, 124 (2d Cir. 1997). Here, Plaintiff alleges in only the most conclusory and ambiguous manner that the SPD contained representations or omissions in violation of ERISA. SAC ¶¶ 81-83.  Plaintiff does not sufficiently allege that those misrepresentations or omissions were material, or that he reasonably relied to his detriment on the alleged omissions, defeating any fiduciary breach claim based on

### D. Plaintiff Has Not Adequately Alleged Credit Suisse or Aon Hewitt Acted in a Fiduciary Capacity at the Time of the Alleged Breach.

The "threshold question" in "every case charging breach of ERISA's fiduciary duty" is whether the defendant "was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). Whether an individual was "acting as a fiduciary" depends on whether the individual had discretion over the plan function in question. *See* 29 U.S.C. § 1002(21)(A); *Pegram*, 530 U.S. at 225-26; *Harris Trust & Sav. Bank v. John Hancock Mut. Life Ins. Co.*, 302 F.3d 18, 28 (2d Cir. 2002). As the Second Circuit stated in *Bell v. Pfizer, Inc.*, the "threshold question in 'every case charging breach of ERISA fiduciary duty' is 'not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint.'" 626 F.3d 66, 73 (2d Cir. 2010) (quoting *Pegram*, 530 U.S. at 226).

Here, Plaintiff's SAC falls far short of plausibly alleging that any of the Aon Hewitt or Credit Suisse employees with whom he spoke about his benefits was acting in a fiduciary capacity in any way. In hopes of satisfying the Second Circuit's required showing, Plaintiff sets forth only the most cursory allegations that four employees in question – an unnamed person on a benefits hotline, a human resources representative, and Plaintiff's direct supervisor and senior supervisor in the Risk Information Technology department – were acting in a fiduciary capacity when making any of the alleged misstatements. SAC ¶¶ 63-66. Mere recitation of legal

---

the SPD. *Ballone*, 109 F.3d at 122-26 ("The district court should consider each of the alleged misrepresentations . . . to determine if reliance on them was reasonable."). Nor should Plaintiff be permitted to amend to cure any pleading deficiencies, as any attempt would necessarily be futile. Even if Plaintiff could sufficiently allege that any omission in the SPD was material – which he has not – and even if he could allege he reasonably relied on those omissions as to the STD benefits he sought in 2008, Plaintiff would be hard pressed to establish how his reliance on allegedly misleading plan terms regarding STD benefits caused him harm as to his LTD benefits, the terms of which he admits are clear.

conclusions, without more, is plainly insufficient to establish that any one of these employees

was acting as a fiduciary.  Plaintiff makes no allegation – nor can he – that any one of these four

employees had discretionary authority over the Plan or was performing a fiduciary function

when they engaged in casual conversations with Levin about his benefit eligibility.  Such

allegations cannot survive judicial scrutiny under *Twombly*.  *See Twombly*, 550 U.S. at 545 ("a

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." (citation omitted).  Accordingly, Plaintiff has not and cannot establish that either Credit

Suisse or Aon Hewitt was acting in a fiduciary capacity when taking the action subject to the

SAC, and Plaintiff's claims must be dismissed for this additional reason.  *See Bell*, 626 F.3d at

73.

## V.    CONCLUSION

For the reasons stated above, the Court should dismiss all of the claims asserted in

Plaintiff's Second Amended Complaint with prejudice and without leave to amend.

Dated:  March 9, 2012
        New York, NY

                            _____/s/  Melissa D. Hill_____
                            MORGAN LEWIS & BOCKIUS LLP
                            Melissa D. Hill
                            Ira G. Rosenstein
                            101 Park Avenue
                            New York, NY 10178
                            (212) 309-6318
                            melissa.hill@morganlewis.com
                            irosenstein@morganlewis.com

                            *Attorneys for Defendants Credit Suisse and Aon Hewitt*

14