UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/2012
```

STANISLAV LEVIN,

       Plaintiff,

-v-

CREDIT SUISSE INC., *et al.*,

       Defendants.

No. 11 Civ. 5252 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

  The Court is in receipt of a joint letter from the parties, dated March 21, 2012, regarding Plaintiff's request for documents, as well as copies of the requests themselves.

  First, Defendant Metropolitan Life Insurance Co. ("MetLife") represents that it "has produced all of the documents that it has located responsive to [Plaintiff's] requests," and that it has not withheld any documents on the basis of objections to relevance or privilege. (Joint Ltr. 3.) Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's request to compel discovery from MetLife, and MetLife's request for a protective order, are denied as moot.

  The Court has reviewed Plaintiff's disputed discovery requests of Defendants Credit Suisse ("CS") and AON Hewitt ("Hewitt"), and concludes that many of them are overly broad, vague, duplicative and/or not "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). In response to Defendants' objections, Plaintiff provides only a summary of his theory of the case and a conclusory statement that "[e]ach (category of) document(s) Levin seeks will, if produced, provide probative information in connection with demonstrating his breach of fiduciary claims" and that CS and Hewitt have failed to produce a

privilege log. (*Id.* at 2.) However, Plaintiff makes no effort to identify the relevance of any of his specific requests. The Court will address each disputed request in turn.[1]

With respect to Plaintiff's requests directed to CS, the Court finds that Plaintiff has failed to establish the relevance of the items requested in Requests 3,[2] 4, and 5. The Court finds that requests 6 and 8 are overly broad. In contrast, Request 7 is clearly relevant to the claims in this action and reasonably narrow. Requests 9 and 10 are vague, requesting manuals "received by MetLife by Credit Suisse." Plaintiff has not articulated why requests 15 and 16 are reasonably calculated to lead to admissible evidence. Request 17 is unduly broad, and Plaintiff has failed to articulate why it is reasonably calculated to lead to admissible evidence. Request numbers 18 and 19 are duplicative, as it appears that any responsive documents in CS's possession would be produced in response to Request 7. Accordingly, IT IS FURTHER ORDERED THAT CS shall respond to Request 7; however, it need not respond to Plaintiff's other requests as drafted.

With respect to Plaintiff's requests directed to Hewitt, the Court finds that Requests 1 through 6 are unduly broad; additionally, Plaintiff has not articulated why the items described in Request 6 are relevant to this action. Accordingly, IT IS FURTHER ORDERED THAT Hewitt need not respond to any of Plaintiff's requests as drafted.

SO ORDERED.

DATED: March 27, 2012
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[1] The parties represent that Plaintiff has withdrawn requests 1, 2, and 3 to CS, and CS has produced or will produce documents responsive to requests 11, 12, 13, 14, and 21.

[2] Plaintiff's CS requests contain two items numbered "3." Since the first number 3 was withdrawn, the Court refers to the second number 3.

2