UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STANISLAV LEVIN,  Civ. Act. No.: 11 CV 5252 (RJS)

                                    Plaintiff,

            -against-

CREDIT SUISSE INC., METROPOLITAN LIFE
INSURANCE COMPANY, and AON HEWITT, INC.

                                   Defendants.
------------------------------------------------------------------X

## METROPOLITAN LIFE INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

                                    SEDGWICK LLP
                                    *Attorneys for Defendant*
                                    *Metropolitan Life Insurance Company*
                                    125 Broad Street, 39th Floor
                                    New York, New York 10004-2400
                                    Telephone: (212) 422-0202
                                    Facsimile: (212) 422-0925
                                    (SDMA File No. 00584-7678)

*Michael H. Bernstein*
*Matthew P. Mazzola*
*Of Counsel*

NY/851331v1

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT ................................................................................................................................ 2

    POINT I

    LEVIN'S FIFTH CAUSE OF ACTION FOR BENEFITS UNDER
    ERISA§502(A)(1)(B) SHOULD BE DISMISSED ................................................................. 2

    POINT II

    LEVIN'S CAUSES OF ACTION ALLEGING BREACH OF FIDUCIARY
    DUTY UNDER ERISA MUST BE DISMISSED ................................................................. 4

        A.    Levin's Cause of action for Damages Under 29 U.S.C.§1132(c)(1)(B)
             are Improper as Against MetLife ............................................................................ 5

        B.    Levin's Breach of Fiduciary Duty Claim Under 29 U.S.C. § 1105 Must be
             Dismissed as a Matter of Law ................................................................................. 5

        C.    The Administrative Services Agreement between MetLife and CS is
             Irrelevant to this Matter .......................................................................................... 7

        D.    Levin's Cause of Action Under 29 U.S.C. §1022(a) is Improper As A
             Matter of Law .......................................................................................................... 8

    POINT III

    LEVIN'S CAUSES OF ACTION FOR BREACH OF ERISA FIDUCIARY DUTY
    AGAINST METLIFE ARE TIME-BARRED ....................................................................... 9

    POINT IV

    LEVIN'S CLAIMS UNDER ERISA §502(A)(3) ARE IMPROPER
    AS AGAINST METLIFE ..................................................................................................... 10

CONCLUSION ........................................................................................................................... 10

## **TABLE OF AUTHORITIES**

Page(s)

### **CASES**

*Aetna Health. v. Davila*,
   542 U.S. 200 (2004)................................................................................................................5

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (U.S. 2009) ...................................................................................................4

*Biomed Pharm., Inc. v. Oxford Health Plans (N.Y.), Inc.*,
   775 F.Supp.2d 730 (S.D.N.Y. 2011) ......................................................................................5

*Caputo v. Pfizer, Inc.*,
   267 F.3d 181 (2d Cir. 2001) ...................................................................................................9

*Gerosa v. Savasta & Co., Inc.*,
   329 F.3d 317 (2d Cir. 2003) .................................................................................................10

*Great-West Life & Annuity Ins. Co. v. Knudson*,
   534 U.S. 204 (2002)..............................................................................................................10

*Harborview Value Masterfund, L.P. v. Freeline Sports, Inc.*,
   No. 11 cv 1638, 2012 WL 612358 (S.D.N.Y. Feb. 23, 2012)................................................1

*Ladouceur v. Credit Lyonnais*,
   584 F.3d 510 (2d Cir. 2009) ............................................................................................. 3, 4

*Newton v. City of New York*,
   738 F.Supp.2d 397 (S.D.N.Y. 2010) ......................................................................................1

*Pegram v. Herdrich*,
   530 U.S. 211 (2000)................................................................................................................6

*Perreca v. Gluck*,
   295 F.3d 215 (2d Cir. 2002) ............................................................................................. 3, 4

*Pilot Life Ins. Co. v. Dedeaux*,
   481 U.S. 41 (1987)..................................................................................................................5

*Rellou v. Director of Human Resources*,
   439 Fed.Appx. 21 (2d Cir. 2011) ...........................................................................................4

*Young v. General Motors Inv. Management Corp.*,
   550 F.Supp.2d 416 (S.D.N.Y. 2008) ......................................................................................9

## STATUTES

Employee Retirement Security Act of 1974, 29 U.S.C. §1001, *et seq.*..................................................1

29 U.S.C. § 1024(b)(1) ..............................................................................................................9

29 U.S.C. § 1105 ............................................................................................................. 1, 5, 6

29 U.S.C. §§1104 ......................................................................................................................1

29 U.S.C. §1002(16)(A)(i) ........................................................................................................9

29 U.S.C. §1022(a) ............................................................................................................. 1, 8

29 U.S.C. §1132(c)(1)(B) .........................................................................................................5

ERISA §413(2), 29 U.S.C. §1113(2) ........................................................................................9

ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) ........................................................1, 2, 5, 6, 9

ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) ......................................................................... 1, 5, 10

## RULES

Fed. R. Civ. P. Rule 12(b)(6) .....................................................................................................1

## PRELIMINARY STATEMENT

Defendant, Metropolitan Life Insurance Company ("MetLife"), respectfully submits this Reply Memorandum of Law in further support of its motion for an order pursuant to FED. R. CIV. P. Rule 12(b)(6), dismissing plaintiff Stanislav Levin's ("Levin") Second Amended Complaint ("Complaint") on the grounds that it fails to state a claim for which relief can be granted. In 2008, Levin was an employee of Credit Suisse, Inc. ("CS") and as such, was enrolled as a participant in the Credit Suisse First Boston Corporation Group Short Term Disability Plan ("STD" Plan) and Long-Term Disability ("LTD Plan") (collectively as "Plans"), which are governed by the Employee Retirement Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA").

In his Opposition to MetLife's Motion to Dismiss ("Pl. Opp."), Levin argues, without citing to any controlling legal authority, that his claims for breach of fiduciary duty under 29 U.S.C. §§1104 and 1105, and 29 U.S.C. §1022(a), claims for relief under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), and claims for the wrongful denial of denial of benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132 (a)(1)(B) were all properly asserted against MetLife.[1] Levin's opposition also fails to acknowledge that, at all relevant times, he was in possession of the Summary Plan Description ("SPD") in this matter, which accurately informed him of his eligibility and right to submit a claim for LTD benefits for his alleged work related disability at the time he left his job in June 2008. For reasons that remain unexplained, however, Levin failed to submit a timely claim for LTD benefits under the Plan.

Given the foregoing, and as further discussed below, this Court should grant MetLife judgment dismissing Levin's Complaint because his Complaint fails to sufficiently plead any cause of action against MetLife.

---

[1] Levin's Opposition does not address MetLife's arguments that the Court dismiss his improper cause of action for bad faith against MetLife. (Complaint at Count No. 4). Accordingly, this cause of action has been abandoned and MetLife's motion to dismiss it should be granted as unopposed. *See Harborview Value Masterfund, L.P. v. Freeline Sports, Inc.*, No. 11 cv 1638, 2012 WL 612358, *14 (S.D.N.Y. Feb. 23, 2012); *Newton v. City of New York*, 738 F.Supp.2d 397, 416 (S.D.N.Y. 2010). To the extent this Court finds that this claim was not abandoned, MetLife refers to Point VI of its Memorandum of Law in Support of its Motion to Dismiss ("MetLife's MOL") for discussion of the facts and law applicable to its argument on this point.

# ARGUMENT
## POINT I
### LEVIN'S FIFTH CAUSE OF ACTION FOR BENEFITS UNDER ERISA §502(a)(1)(B) SHOULD BE DISMISSED

The Court's attention is respectfully referred to POINT I of MetLife's MOL for a detailed discussion of the law and facts relative to why Levin's fifth cause of action alleging the wrongful denial of LTD benefits under ERISA §502(a)(1)(B) should be dismissed as a matter of law. (MetLife's MOL pp. 9-13). Any further discussion of the facts herein will be limited to responding to points raised in Levin's Opposition.

In his Opposition, Levin argues that MetLife acted arbitrary and capricious by not obtaining an "employer statement" from CS before denying his untimely claim. (Pl. Opp. pp. 23-25). This is a "red herring" argument that has nothing to do with the reason why Levin's claim was denied. (Complaint ¶¶ 56-61). Indeed, Levin's unsupported argument that MetLife acted arbitrary and capricious by denying his claim for benefits without receiving an "employer statement[2]," which is not required under ERISA, is immaterial to the issue at hand, which is, whether Levin's claim was timely under the terms of the LTD Plan.

Levin also argues that MetLife's determination was arbitrary and capricious because it did not find his excuse for the late filing of his claim for LTD benefits to be reasonable. (Pl. Opp. pp. 23-25). This argument is without merit because MetLife's adverse determination was reasonable as a matter of law. During its review of Levin's claim, MetLife found that his reliance on CS and Hewitt's purported misrepresentations was unreasonable since they were in clear contradiction of the LTD Plan terms as described in the SPD, which Levin admits was in his possession at the time these alleged misrepresentations were purportedly made.[3] (Exhibit "E;" Complaint ¶¶ 42, 61). In fact, according to the SPD, Levin was eligible to submit a claim for LTD benefits for his alleged work related disability at the time he left his job in June 2008 regardless of any

---

[2] MetLife received confirmation from CS that Levin was covered under the LTD Plan and thus, obtaining an "employer statement" was not necessary.

[3] Levin refers to several misrepresentations purportedly made to him by CS and Hewitt regarding his eligibility for benefits under the STD Plan, however, Levin's Complaint does not include a cause of action for STD benefits and he has not alleged that any misrepresentations were made to him by any party in connection with his claim for LTD benefits. (Complaint ¶43). *See* Point I(B) of MetLife's MOL. (MetLife's MOL pp. 11-12).

alleged misrepresentation about the STD Plan. (Complaint ¶¶ 101, 103). Contrary to the purported misrepresentations Levin alleges he received, he does not allege that the written terms of the SPD limit his eligibility for LTD benefits to only non-work related injuries. In fact, Levin admits that the SPD states that he was eligible to file a claim for LTD benefits under the Plan for a work related disability. (Complaint ¶¶ 101, 103). Levin also does not allege that he was ever informed, or that the SPD requires, that the receipt of LTD benefits was contingent upon an award of STD benefits, or that he could not apply for LTD benefits unless he previously applied for and received STD benefits. Levin also admits that the SPD provides for an "easy application process" to submit a claim for Plan LTD benefits, which he was able to start by calling the CS Benefits Service Center or by submitting a completed claim form, but Levin admits that he did not contact CS, Hewitt or MetLife in June 2008, nor did he submit a completed claim form regarding his claim for LTD benefits until two years after his alleged date of disability. (Complaint ¶ 12, 56).

Although MetLife considered Levin's explanation for filing his LTD claim late; i.e. that he detrimentally relied on the purported misrepresentations of CS and Hewitt advising him that he was not eligible to file an STD benefit claim, it is well settled in the Second Circuit that oral modifications of ERISA plans are unenforceable and therefore, cannot vary the terms of a plan. *See Ladouceur v. Credit Lyonnais*, 584 F.3d 510, 512 (2d Cir. 2009); *see also Perreca v. Gluck*, 295 F.3d 215, 225 (2d Cir. 2002).[4] MetLife's adverse benefit determination was based on the undisputed terms of the LTD Plan and its decision not to accept Levin's excuse for his untimely filing based on an unenforceable oral modification of the Plan terms by CS and Hewitt was not arbitrary and capricious as a matter of law. *See Id.*

Levin argues in his Opposition that MetLife misconstrued his allegations, stating that he did not allege that CS and Hewitt orally modified the Plan, but rather, that "these fiduciaries affirmatively misrepresented the written terms of the plan and/or obfuscated them and/or omitted to tell him about

---

[4] Levin's attempts to distinguish these cases on insignificant factual variances do not detract from the holdings for which these cases were cited; which are that oral modifications of ERISA plan are unenforceable and thus, cannot vary the terms of the governing written Plan. (Pl. Opp. pp. 15-17).

3

them." (Pl. Opp. 15-16). Levin's semantic distinctions, however, cannot overcome well-settled legal authority. In his Complaint, Levin alleges that he relied on inaccurate orally transmitted information from CS and Hewitt that was contradicted by the express terms of the LTD Plan as described in the written SPD, which Levin was in possession of at the time of the alleged oral misrepresentations. (Complaint ¶42). Therefore, regardless of how Levin wants to characterize his claim, he is essentially alleging that MetLife should have disregarded the express terms of the LTD Plan as set forth in the written SPD because he allegedly received contradictory information from CS and Hewitt. Because Levin was in possession of all of the material terms of the LTD Plan at the time his claim for LTD benefits first accrued, and those terms cannot be modified by any oral modifications or misrepresentations, MetLife's denial of Levin's belated benefit claim was not arbitrary and capricious as a matter of law. *See Ladouceur*, 584 F.3d at 512; *see also Perreca*, 295 F.3d at 225.

Furthermore, beyond pointing to several inconsequential differences between the terms of the LTD Plan and the SPD in his Complaint and conclusorily labeling them "material," Levin does not explain how these alleged differences were in fact material to his claim for LTD benefits or that he relied on these purported differences to his detriment, which is required to support a claim for breach of fiduciary duty under ERISA. *See Rellou v. Director of Human Resources*, 439 Fed.Appx. 21, 23 (2d Cir. 2011). Although the district court must liberally construe plaintiff's allegations and draw all reasonable inferences in his favor when ruling on a motion to dismiss, this principle is inapplicable to legal arguments and conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-1950 (U.S. 2009).

### POINT II
### LEVIN'S CAUSES OF ACTION ALLEGING BREACH OF FIDUCIARY DUTY UNDER ERISA MUST BE DISMISSED

In his Opposition, Levin does not submit any legally sustainable arguments in response to MetLife's motion demonstrating that his first, second, and third causes of action for breach of ERISA fiduciary duty are improper as a matter of law. *See* POINT II of MetLife's MOL. (Defendant's MOL pp. 13-17). In fact, Levin does not point to any legal authority to challenge MetLife's argument that the only legally cognizable cause of

4

action available to him for redress of an alleged improper denial of benefits is under ERISA§502(a)(1)(B), nor does he allege that he is seeking any other form of relief beyond an award of LTD benefits under these separate causes of action. *Id.*

**A.    Levin's Cause of Action for Damages Under 29 U.S.C.§1132(c)(1)(B) is Improper as Against MetLife**

Levin argues that he has not alleged a "cause of action" sounding in damages under 29 U.S.C. §1132(c)(1)(B), but rather, is only seeking relief for MetLife's purported breach of fiduciary duty and wrongful denial of benefits under this particular statute. (Plaintiff's MOL p. 14, footnote 12). This argument is flawed for several reasons. First, Levin's Complaint alleges that MetLife violated 29 U.S.C. §1132(c)(1)(B), which provides for a statutory monetary penalty from a plan administrator for failing to provide an SPD to a participant after a request for the same is made, and requests an award of damages as a result of that violation. (Complaint ¶¶79, 92, 130). But, MetLife has already established that Levin's claim under 29 U.S.C. §1132(c)(1)(B) is improper against it because MetLife is not the plan administrator. *See* Point V of MetLife's MOL. Levin did not respond to this point in his Opposition and thus, his claim was abandoned and must be dismissed.[5] *See* Footnote No. 1, *supra*. Second, Levin's claims under 29 U.S.C. §1132(c)(1)(B) are improper as a matter of law because that section does not provide for relief to redress claims for the wrongful denial of benefits and/or breach of fiduciary duty. Third, the only legally cognizable cause of action available to redress Levin's claim for the wrongful denial of benefits is under ERISA §502(a)(1)(B), and Levin has not requested any relief beyond an award of LTD benefits. *See Aetna Health. v. Davila*, 542 U.S. 200, 206 (2004); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987); *Biomed Pharm., Inc. v. Oxford Health Plans (N.Y.), Inc.*, 775 F.Supp.2d 730, 736 (S.D.N.Y. 2011).

**B.    Levin's Breach of Fiduciary Duty Claim Under 29 U.S.C. § 1105 Must be Dismissed**

Although Levin references the allegations in his third cause of action against MetLife as the basis for

---

[5] To the extent this Court finds that Levin did not abandon this claim, MetLife refers this Court to Point V of its MOL. (*See* MetLife's MOL pp. 21-22).

his claim for MetLife's breach of fiduciary duty, (Pl. Opp. p. 4), he does not challenge MetLife's argument that it did not owe Levin any of the alleged duties outlined in these allegations because MetLife was only acting in a limited fiduciary capacity in this case; i.e. MetLife only acted as a fiduciary when it rendered discretionary determinations pursuant to the terms of the Plans.[6] *See Pegram v. Herdrich*, 530 U.S. 211, 224-225 (2000). Instead, Levin only discusses his claim for breach of fiduciary duty against MetLife under 29 U.S.C. § 1105. Specifically, Levin argues that MetLife should be held vicariously liable for the purported breaches of fiduciary duty committed by CS and Hewitt (i.e. their purported oral misrepresentations) because MetLife supposedly knew of these breaches and did not "make reasonable efforts" to remedy them. (Pl. Opp. p. 14). Levin's argument is flawed for several reasons. First, there is no private right of action available under 29 U.S.C. § 1105, and the exact relief Levin is seeking is fully available under ERISA §502(a)(1)(B). Second, Levin's argument is unsupported by the allegations in his own Complaint, which does not allege that MetLife was aware of CS and Hewitt's purported misrepresentations (which allegedly occurred in March 2008) until after Levin filed his claim for LTD benefits in 2010. (Complaint ¶¶ 56-61). According to the Complaint, Levin knew of the alleged breaches of fiduciary duty by CS and Hewitt prior to MetLife and thus, MetLife could not retroactively correct the alleged misinformation. (Complaint ¶56). Levin appears to concede this point but, without any legal support, argues that MetLife should have remedied the breach at the time he filed his belated LTD benefit claim by disregarding the fact that he was admittedly in possession of the correct information (i.e. the SPD) at all relevant times. (Pl. Opp. p. 14). Levin's argument is nonsensical and would effectively require MetLife to completely disregard the terms of the written Plan in violation of ERISA and MetLife's obligations under the Plan, and arbitrarily allow Levin to pursue an untimely claim for LTD benefits that is expressly prohibited by the terms of the Plan.[7]

---

[6] *See* Point II of MetLife's MOL at pp. 15-16.
[7] Levin also argues that MetLife should be held vicariously liable pursuant to certain provisions of the Administrative Services Agreement ("ASA") it had with CS. (Pl. p. 13). This argument ignores that the fact

6

**C.     The Administrative Services Agreement is Irrelevant to this Matter**

To support his argument that MetLife breached its fiduciary duties in administering his LTD benefit claim, Levin relies almost exclusively on the terms of the "Disability Benefit Plan Advice-to-Pay Administrative Services Agreement" ("ASA") between MetLife and CS. (Pl.'s Opp. pp. 2-3, 12-13). Levin's reliance on the ASA is misplaced because it only concerns MetLife's administration (but not payment) of claims under the STD Plan. The ASA has absolutely nothing to do with CS's LTD Plan, which is funded by a group policy of insurance issued to CS by MetLife and administered by MetLife pursuant to the terms of that policy (not the ASA). (65-97).[8] This is significant because Levin does not allege that he ever filed a claim for STD benefits nor does he seek an award of STD benefits under the Plan administered pursuant to the ASA in his Complaint. Therefore, the ASA is irrelevant to Levin's action.

Levin also argues that the terms of the ASA do not expressly state that it is only applicable to CS's STD Plan. Levin's argument essentially asks this Court to ignore the terms of the LTD Plan, as well as the SPD for that Plan, in order to apply the terms of a contract that is irrelevant to the administration of the LTD Plan. Indeed, Levin's argument cannot be reconciled with the fact that the express terms of the STD Plan clearly indicate that while MetLife is the administrator for claims and appeals made under that Plan, CS pays the full cost of the STD Plan benefits. (141). Since MetLife does not insure benefits under the STD Plan and did not issue a group policy of insurance governing it administration of CS's STD Plan, the ASA was entered into by MetLife and CS to provide the terms under which MetLife would administer benefit claims under the STD Plan. (65-97). In fact, Levin's argument that the "advice to pay" ASA governs both the LTD Plan and STD Plan is undermined by the fact that MetLife both administers and pays benefits under the LTD Plan and thus, would not contract with CS to provide advice to it to pay for benefits that MetLife itself was contractually obligated to pay. (50).

---

that the ASA is irrelevant to Levin's claims in this action. (*See* Point II(C), *infra.*)
[8]All citations to only numbers in parenthesis are to the Bates Stamped pages annexed as Exhibits "A" – "E" to the Declaration of Cindy Broadwater. *See* Doc. No. 32; *see also* MetLife's MOL at p. 3, footnote 1).

7

Levin also argues that it is not established that MetLife funds benefits under the LTD Plan. (Pl. Opp. p. 2). This argument is contradicted by the express terms of LTD Plan issued by MetLife to CS, which states that benefits under the LTD Plan "are fully insured by [MetLife];" "[MetLife] is liable for any benefits under the Plan;" and the "policy specifies the circumstances under which MetLife is liable for LTD benefits." (50).

Lastly, Levin is not a party to the ASA and thus, is not entitled to pursue a cause of action against MetLife based on any purported breach of the terms of the ASA, nor does this contract convey any rights to Levin. (82). In fact, Section 6(D) of the ASA entitled "Indemnification" states that "nothing in this Section of the Agreement is intended, nor shall it be interpreted, to give any party, including but not limited to *Participants*, any right, claim or cause of action against Customer or MetLife." *Id.* (emphasis supplied).

Based on the foregoing, Levin's reliance on the terms of the ASA to support his cause of action for breach of ERISA fiduciary duty against MetLife is misplaced and must be rejected by this Court.

**D.     Levin's Cause of Action Under 29 U.S.C. §1022(a) is Improper as a Matter of Law**

Levin argues that MetLife breached its fiduciary duty under 29 U.S.C. §1022(a) for failing to answer several questions (which mostly concern eligibility for STD benefits) to insure that MetLife fully met its purported statutory obligations in preparing and furnishing the SPD. (Pl. Opp. p. 7). This argument is flawed for several reasons. First, once again, Levin has not alleged that he ever made a claim for STD benefits nor is he seeking STD benefits in this action and thus, any argument that the SPD did not properly inform him of his eligibility for STD benefits is irrelevant. Second, Levin does not allege that the SPD requires a claimant to apply for STD benefits before applying for LTD benefits. In fact, Levin does not allege that he was ever informed that his eligibility for LTD benefits was contingent upon him being awarded STD benefits, and the SPD does not require it either. Third, Levin does not offer any legal support to show that the information he argues was not in the SPD, was actually required by law to be in the SPD. (Pl. Opp. p. 7). In fact, pursuant to 29 U.S.C. §1022(b), the SPD at issue is proper as a matter of law. *See* 29 U.S.C. §1022(b). Fourth, this argument is improper because there is no private right of action under 29 U.S.C. §1022(a), and, as referenced

8

above, the exact relief Levin is seeking is fully available under ERISA §502(a)(1)(B). Fifth, and perhaps most importantly, this cause of action is improperly asserted against MetLife because MetLife is not responsible for drafting or furnishing Plan participants with an SPD. *See* 29 U.S.C. § 1024(b)(1); 29 U.S.C. §1002(16)(A)(i).[9]

### POINT III
### LEVIN'S CAUSES OF ACTION FOR BREACH OF ERISA FIDUCIARY DUTY AGAINST METLIFE ARE TIME-BARRED

Levin argues inaccurately that his lawsuit was timely filed under ERISA §413(2), 29 U.S.C. §1113(2) and that MetLife's reliance on *Caputo v. Pfizer, Inc.,* 267 F.3d 181, 193 (2d Cir. 2001) is misplaced because the Second Circuit actually defined the term "actual knowledge" under ERISA §413(2), 29 U.S.C. §1113(2), as specific knowledge of the actual breach of duty upon which plaintiff sued and not merely a suspicion of wrongdoing. (Pl. pp. 17-18). Based on this definition, Levin argues that he did not have actual knowledge of the purported breach of fiduciary duty (i.e. the misrepresentations by CS and Hewitt) until 2010 because he did not suspect any wrongdoing until that time. (Pl. p. 17). Levin's interpretation of *Caputo* is inaccurate. In *Caputo*, the plaintiffs alleged a breach of fiduciary duty under ERISA based on a misrepresentation by their employer regarding available benefits under an early retirement program, and the Court found that because the plaintiffs only had reason to suspect a possible wrongdoing, they did not have actual knowledge of the breach until later. *Id.* at 184, 193. Specifically, the Second Circuit found that the plaintiffs did not have "knowledge of all material facts necessary to understand that an ERISA fiduciary has breached his or her duty," which it held would be sufficient to demonstrate actual knowledge. *Id.* at 193. Here, unlike in *Caputo*, all of the facts forming the basis of Levin's breach of fiduciary duty claims were self-evident at the time he received the SPD in March 2008.[10] *See Young v. General Motors Inv. Management Corp.*, 550 F.Supp.2d 416, 419 (S.D.N.Y. 2008)(plaintiff was time-barred from bringing her breach of fiduciary duty claim because she was in possession of the relevant plan documents demonstrating that the breach occurred more than three

---

[9] *See* Point II of MetLife's MOL. (MetLife's MOL pp. 14-15).
[10] *See* Point III of MetLife's MOL. (MetLife's MOL pp. 17-18).

9

years prior to the date she commenced her action); (Complaint ¶42). Therefore, the governing statute of limitations period for Levin's breach of fiduciary duty claims expired on March 31, 2011 — three years after he received the SPD. Levin did not commence this lawsuit until July 28, 2011; four months after the statute of limitations expired and thus, Levin's claims against MetLife for breach of fiduciary duty are time-barred.

## POINT IV
## LEVIN'S CLAIMS UNDER ERISA §502(a)(3) ARE IMPROPER AS AGAINST METLIFE

Levin argues that he is entitled to relief under ERISA§502(a)(3) in the amount of costs and expenses attributed to the prosecution of this lawsuit, as well as out-of-pocket medical expenses incurred as a result of Levin's loss of health insurance after MetLife's initial adverse determination concerning his claim for benefits in 2010. (Pl. Opp. pp. 17-19, 20). In response to MetLife's argument that the above-referenced relief is not permissible because it amounts to consequential money damages and not "other appropriate equitable relief" as required under ERISA§502(a)(3),[11] Levin argues that he is seeking this relief under the equitable remedy of restitution. (Pl. Opp. pp. 19-20). This argument was specifically rejected by the Supreme Court in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002), where the Supreme Court held that in order for a claim for restitution to lie in equity under ERISA, the action generally must seek "not to impose *personal liability* on the defendant, but to restore to the plaintiff particular funds or property in the *defendant's possession*." *Id.* at 714-715 (emphasis added); *see also Gerosa v. Savasta & Co., Inc.*, 329 F.3d 317, 321-322 (2d Cir. 2003). Here, Levin does not allege that MetLife was unjustly enriched by receiving his "out-of-pocket" medical expenses or the costs and expenses of this litigation and thus, he is improperly seeking consequential monetary damages under the guise of equitable restitution. Accordingly, Levin's causes of action under ERISA§502(a)(3) must be dismissed as they are improper as a matter of law.

## CONCLUSION

For the foregoing reasons, this Court should grant MetLife's motion to dismiss Levin's Second Amended Complaint because he fails to sufficiently plead a cause of action against MetLife.

---

[11] *See* Point IV(A) and (B) of MetLife's MOL. (MetLife's MOL pp. 19-21).

Dated: New York, New York
April 19, 2012

                                     Respectfully submitted,

                                     s/_____
                                     MICHAEL H. BERNSTEIN (MB-0579)
                                     MATTHEW P. MAZZOLA (MM-7427)
                                     SEDGWICK LLP
                                     125 Broad Street, 39th Floor
                                     New York, NY 10004
                                     Tel. (212) 422-0202
                                     Fax (212) 422-0925
                                     *Attorneys for Defendant*
                                     *Metropolitan Life Insurance Company*

**CERTIFICATE OF SERVICE**

I, Matthew P. Mazzola, hereby certify and affirm that a true and correct copy of the attached **MetLife's Reply Memorandum of Law in Further Support of its Motion to Dismiss** was served **via ECF and Regular Mail** on April 19, 2012, upon the following:

Harriette N. Boxer
Law Office of Harriette N. Boxer
*Attorney for Plaintiff*
31 East 32nd Street, Suite 300
New York, New York
1(212)-481-8484

Ira G. Rosenstein, Esq.
Morgan, Lewis & Bockius, LLP
*Attorney for Defendant Credit Suisse,
and Hewitt, Inc.*
101 Park Avenue
New York, NY 10178-0060
Phone: 212.309.6960
Fax: 212.309.6001

s/_____
MATTHEW P. MAZZOLA (MM-7427)