UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
STANISLAV LEVIN,

       Plaintiff,                                   Civil Action No.:  **2011 CIV 5252-RJS**

   v.

CREDIT SUISSE INC., METROPOLITAN
LIFE INSURANCE COMPANY, and
AON HEWITT, INC.,

       Defendants.
---------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS CREDIT SUISSE AND AON HEWITT'S
MOTION TO DISMISS
<u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................1

II. ARGUMENT ...............................................................................................................3

    A. Plaintiff's Claims for Breach of Fiduciary Duty Are Time Barred .......................3

    B. Plaintiff Cannot State a Claim for Fiduciary Omission ........................................4

    C. Plaintiff's Claim Based on Oral Misrepresentations Fails ....................................5

    D. Plaintiff Has Not Alleged –Nor Can He – That the Credit Suisse and Aon Hewitt Employees Were Acting As Fiduciaries ....................................................6

    E. Plaintiff is Not Entitled to Relief Under 502(a)(3) ................................................7

III. CONCLUSION .............................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bd. of Trs. of CWA/ITU Negotiated Pension Plan v. Weinstein,*
    107 F.3d 139 (2d Cir. 1997) ................................................................................................... 4

*Brown v. Sandimo Materials,*
    250 F.3d 120 (2d Cir. 2001) ................................................................................................... 8

*Caputo v. Pfizer, Inc.,*
    267 F.3d 181 (2d Cir. 2001) ................................................................................................... 3

*CIGNA Corp. v. Amara,*
    131 S. Ct. 1866 (2011) .................................................................................................. 7, 8, 9

*Coan v. Kaufman,*
    457 F.3d 250 (2d Cir. 2006) ................................................................................................... 7

*Fisher v. JP Morgan Chase & Co.,*
    703 F. Supp. 2d 374 (S.D.N.Y. 2009) .................................................................................... 4

*Knieriem v. Group Health Plan, Inc.,*
    434 F.3d 1058 (8th Cir. 2006) ................................................................................................ 8

*Krauss v. Oxford Health Plans, Inc.,*
    418 F. Supp. 2d 416 (S.D.N.Y. 2005) .................................................................................... 8

*Ladouceur v. Credit Lyonnais,*
    584 F.3d 510 (2d Cir. 2009) ................................................................................................... 5

*Livick v. The Gillete Co.,*
    524 F.3d 24 (1st Cir. 2008) ..................................................................................................... 6

*Pegram v. Herdrich,*
    530 U.S. 211 (2000) ................................................................................................................ 6

*Providence Health Plan v. McDowell,*
    385 F.3d 1168 (9th Cir. 2004), cert. denied, 544 U.S. 961 (2005) ......................................... 8

**STATUTES**

29 U.S.C. §1113(2) ......................................................................................................................... 3

29 U.S.C. § 1132(a)(3) ................................................................................................................ 8, 9

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6)......................................................................................1

Defendants Credit Suisse Securities (USA) LLC ("Credit Suisse") and Aon Hewitt Associates LLC ("Aon Hewitt") (collectively, "Defendants")[1] submit this Reply Memorandum of Law in further support of their Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, Plaintiff's Memorandum of Law in Opposition to Defendants' Motion, filed April 2, 2012 ("Opposition"), falls far short of demonstrating that any plausible claim exists.  Plaintiff's Second Amended Complaint ("SAC") should be dismissed.

I.  **INTRODUCTION**

Plaintiff Stanislav Levin ("Plaintiff" or "Levin") has been given many chances to try to present a viable legal theory under which he could assert a claim under ERISA against Defendants Credit Suisse and Aon Hewitt sufficient to withstand Rule 12.   His Opposition here again falls far short of meeting his burden.  Since neither Credit Suisse nor Aon Hewitt could be held liable to Plaintiff for breach of any fiduciary duty under ERISA, the SAC should be dismissed with prejudice in its entirety.

Plaintiff's Opposition confirms that his claims are untimely.  Levin admits that he was in possession of the SPD at issue here as early as March 2008, and specifically alleges that misrepresentations by Credit Suisse and Aon Hewitt occurred in March 2008, the key facts on which he bases his fiduciary breach claims.  ERISA's three-year statute of limitations therefore expired in March 2011, approximately four months *before* Plaintiff filed the SAC, and his claims are thus time barred.

Even if his claims were timely, the law in this Circuit is unambiguous – Plaintiff cannot state a claim for monetary compensation based on an oral representation regarding the terms of

---

[1]   Credit Suisse, Inc. was erroneously sued as it is not the proper legal entity.  Aon Hewitt, Inc. was also erroneously sued, as it is not the proper legal entity.

the plan made by either a Credit Suisse employee or an Aon Hewitt employee because awarding such compensation would contradict the written terms of the plan. Moreover, Plaintiff does not plausibly allege that either a Credit Suisse employee or an Aon Hewitt employee were acting in a fiduciary capacity at the time of the alleged misstatements, as necessary for his fiduciary breach claim to survive. Plaintiff's Opposition – offering little more than conclusory statements of fiduciary obligations – demonstrates this claim's fatal deficiency.

Likewise, the Opposition confirms that any omission claim necessarily fails, as Plaintiff cannot allege that any fiduciary had an obligation under ERISA to provide the type of information Plaintiff contends was omitted. Finally, Plaintiff's reliance on ERISA Section 502(a)(3) to claim entitlement to equitable relief cannot save his claims. Plaintiff is clear: he seeks monetary damages, but such damages are not available to him under Section 502(a)(3).

Accordingly, Plaintiff cannot state a plausible claim for relief against Defendants, and the SAC should be dismissed with prejudice in its entirety.[2]

---

[2] Plaintiff purports to use his "Preliminary Statement" to dispute a singular, noncontroversial statement in Defendants' opening Memorandum of Law in Support of the Motion to Dismiss ("Defendants' Memorandum"). *See* Opposition at 2. Specifically, Plaintiff challenges as incorrect Defendants' statement that "MetLife issued a group policy of insurance to the Plans to fund benefits under the Plans." *Id.* As Defendant Metropolitan Life Insurance Company ("MetLife") correctly notes in its Memorandum of Law in support of its own motion to dismiss the SAC ("MetLife's Memorandum"), "[w]hile benefits under the STD Plan were self-funded by CS, benefits under the LTD Plan were funded by a group policy of insurance issued by MetLife. MetLife acted as the claim administrator for both Plans." MetLife's Memorandum at 1. As the SAC purports to seek LTD benefits under the LTD Plan, the distinction is wholly immaterial to Plaintiff's claims, and Plaintiff's "Preliminary Statement" is little more than a red herring. Moreover, Plaintiff's attempt to invoke "common parlance" to somehow alter the roles of either MetLife or Credit Suisse as it relates to the SPD or LTD Plan or suggest a "plausible conflict of interest" lacks any legal basis and, in any event, is irrelevant to the allegations in the SAC and thus cannot help Plaintiff's claims.

II. **ARGUMENT**

    A. **Plaintiff's Claims for Breach of Fiduciary Duty Are Time Barred.**

ERISA bars claims, like Plaintiff's, tht are commenced more than "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113(2). The Second Circuit holds that this statute of limitations accrues as soon as the plaintiff "has knowledge of all material facts necessary to understand that an ERISA fiduciary has breached his or her duty or otherwise violated the Act." *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 193 (2d Cir. 2001). Here, all of the facts forming the basis of Levin's fiduciary breach claims were self-evident in March 2008. That Levin may not have understood at the time that he was eligible to apply for STD and LTD benefits is of no moment and does not render his claims timely.

    Levin, in fact, concedes that he was in possession of the SPD in March 2008. SAC ¶ 42. By his own admissions, that SPD reflects that he was eligible to apply for STD and LTD benefits at that time. SAC ¶¶ 42, 101, 103. Levin also claims that the alleged misstatements by Credit Suisse and Aon Hewitt employees were made in March 2008. SAC ¶¶ 39-51. Levin admits that the SPD states that a claimant would be entitled to both STD and LTD benefits for a work related injury, that it provides the precise time requirements for submission of a claim for LTD benefits, and even provides a number for a claimant to initiate an easy application process. SAC ¶¶ 117, 123, 132. Levin, therefore, was by his own admission in possession of all material facts forming the basis of his causes of action for breach of fiduciary duty in March 2008. Simple math demonstrates that those claims expired three years later on March 31, 2011, approximately four months before Levin commenced this lawsuit. Accordingly, Plaintiff's causes of action against Credit Suisse and Aon Hewitt for breach of fiduciary duty are time barred.

B.     **Plaintiff Cannot State a Claim for Fiduciary Omission.**

On the face of the SAC, and accepting all of Plaintiff's allegations as true, no fiduciary omission occurred here as a matter of law.  Plaintiff's Opposition reveals the critical flaws to this claim.  Significantly, to state a claim for a fiduciary omission, a plaintiff must first establish that the defendant fiduciary had a legal duty to speak.  Here, Plaintiff points to no provision of ERISA that required Defendants to provide the litany of information that Plaintiff seems to think should have been conveyed to plan participants.  *See* Opposition at 7-8 n.6.  Nor could he.  Specifically, Plaintiff catalogs ten questions, which he describes as "crucial issues" that should have been addressed in the SPD.  *Id.*  The SAC similarly catalogs certain information Plaintiff contends – without legal basis – should have been included in the summary plan document.  SAC ¶¶ 14, 18.  Nowhere, however, does ERISA require fiduciaries to communicate this type of information to plan participants, and Plaintiff cannot impose additional duties on Defendants at his whim.

A fiduciary's disclosure obligations are laid out and, indeed, limited to the disclosure obligations set forth in the statute itself.  *Bd. of Trs. of CWA/ITU Negotiated Pension Plan v. Weinstein,* 107 F.3d 139, 147 (2d Cir. 1997) ( holding that a plan administrator had no obligation to disclose actuarial reports of the plan and that it is "inappropriate to infer an unlimited disclosure obligation on the basis of general provisions that say nothing about disclosure"); *see also Fisher v. JP Morgan Chase & Co.*, 703 F. Supp. 2d 374, 386 (S.D.N.Y. 2009) (rejecting a duty to disclose claim because ERISA provides a ""comprehensive set of 'reporting and disclosure' requirements" governing what defendants were required to disclose to plan participants," and those "compliance guidelines do not include the information sought by plaintiffs").  The discrete universe of disclosure requirements laid out in ERISA simply does not include the type of information Plaintiff suggests was omitted from the SPD here.  Without more

– and after amending the complaint twice over, it is clear Plaintiff has nothing more – Plaintiff cannot state a claim for a fiduciary omission under ERISA.

### C. Plaintiff's Claim Based on Oral Misrepresentations Fails.

Plaintiff's claim cannot be saved by his bald allegation that employees of both companies told Plaintiff allegedly misleading information regarding his eligibility for STD benefits. As demonstrated in Defendants' Memorandum, those allegations cannot support a claim for fiduciary breach because such oral promises (even if assumed arguendo to have been made) simply are not enforceable in the face of a written SPD. *See* Defs.' Memo. at 10-12. Plaintiff cannot rely on an oral statement to seek relief inconsistent with what is provided for under unambiguous plan terms. *Ladouceur v. Credit Lyonnais*, 584 F.3d 510, 512 (2d Cir. 2009).[3]

In a last-ditch effort, Plaintiff attempts to characterize these alleged misstatements as something other than "oral promises," arguing that these employees "affirmatively misrepresented the terms of the plan *and/or* obfuscated them *and/or* omitted to tell him about them." Opposition at 13 n.14 (emphasis added). However, his wordsmithing cannot transform those statements into something different than what they are: there is no authority suggesting that characterizing an oral statement as an affirmative obfuscation or omission takes it outside the authority of ERISA jurisprudence requiring that, to be enforceable, statements regarding benefits must be in writing.

---

[3] Plaintiff's contention that the SPD insufficiently or ambiguously set forth a phone number to call and the appropriate entity to contact with questions is misplaced. The SAC alleges that Credit Suisse and Aon Hewitt made misstatements related to Plaintiff's eligibility for STD benefits. SAC ¶¶ 39-51. However, the SAC concedes that the Plans' terms regarding eligibility for STD benefits are clear. SAC ¶¶ 101, 103. Thus, any alleged oral statements cannot modify the terms of the Plan, which, by Plaintiff's own admission, are clear.

### D. Plaintiff Has Not Alleged – Nor Can He Allege – That the Credit Suisse and Aon Hewitt Employees Were Acting As Fiduciaries.

Yet another fatal flaw in Plaintiff's SAC is the undisputed fact that he could not demonstrate that any of the Credit Suisse or Aon Hewitt employees mentioned in the SAC were acting as fiduciaries when they allegedly spoke to him. As set forth in Defendants' Memorandum, in a claim for breach of fiduciary duty under ERISA, "the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary when taking the action subject to the complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000).

Here, Plaintiff's attempt to confer upon Aon Hewitt employees and Credit Suisse employees the fiduciary standards set forth in ERISA fails. Simply alleging that certain employees answered questions posed by Levin about his eligibility for disability benefits does not, without more, impose upon those employees the fiduciary duties prescribed by ERISA, nor could it. *See* Opposition at 7. Taken to its logical extension, Plaintiff's theory would have every employee of any company who discussed employee benefits with another employee of that company immediately subject to ERISA's fiduciary standards. This cannot be the law. *See Livick v. The Gillete Co.*, 524 F.3d 24, 29 (1st Cir. 2008) (holding that a human resources representative was not acting as a fiduciary in estimating the amount of plaintiff's benefits under defendant's plan).

Based on Plaintiff's own account of his conversations with Ms. Cavallo, Mr. Gramer, Mr. Mernagh, and a woman named "Ilene," none of these individuals was acting as a fiduciary in discussing Plaintiff's eligibility for STD or LTD benefits and, thus, Plaintiff is not entitled to recover a windfall or other relief inconsistent with the clear terms of the Plans. *Livick*, 524 F.3d at 33 ("[n]othing in ERISA secures [plaintiff] a windfall when a ministerial employee makes a

6

mistake in an estimate, a mistake of which the beneficiary is or should be aware because of the company's clear and accurate ERISA" plan terms).

    E.    **Plaintiff Is Not Entitled to Relief Under Section 502(a)(3).**

Finally, reliance on the "appropriate equitable relief" provided for under ERISA Section 502(a)(3) cannot save Plaintiff's ERISA claims from dismissal. Plaintiff unambiguously is seeking monetary damages from Defendants, relief that is unavailable under Section 502(a)(3). SAC ¶¶ 86-92 (seeking long-term disability benefits, prospective and future long-term disability benefits, reimbursement for medical expenses and costs of litigation, and to hold each Defendant "personally liable" for over $240,000). In no uncertain terms, Plaintiff has asked this Court for monetary relief. *See* SAC 23-24 ("Wherefore" clauses, expressly seeking nearly $750,000, in addition to benefits and "reimbursement").

To support his supposed entitlement to this relief, Plaintiff relies only on *Black's Law Dictionary* and the Supreme Court's decision in *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011), for the proposition that he is entitled to reimbursement (apparently for the cost of his health insurance over the last few years), which he couches as "equitable relief" in hopes of falling within the reach of Section 502(a)(3). Opposition at 12.

Plaintiff's theory, however, is inconsistent with controlling law in the Second Circuit, which holds that "restitution" in the form of money damages for alleged losses suffered by a plaintiff participant is a legal, not an equitable remedy. *Coan v. Kaufman*, 457 F.3d 250, 254, 263-64 (2d Cir. 2006) (rejecting notion that artful pleading asking for "make whole monetary relief" or an injunction reinstating the terminated plans and requiring the payment of benefits will permit the transformation of a claim for money damages that does not seek to recover a specifically identified fund into one for equitable relief).

Indeed, courts have consistently rejected similar attempts to disguise claims for money damages "in equitable clothes." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1174 (9th Cir. 2004) ("Providence's claim for monetary damages . . . is a claim for a legal remedy, despite Providence's attempt to disguise its claim in equitable clothes"), *cert. denied*, 544 U.S. 961 (2005); *Krauss v. Oxford Health Plans, Inc.*, 418 F. Supp. 2d 416, 433 (S.D.N.Y. 2005) ("[P]laintiffs may not restate claims for unpaid benefits and statutory damages as claims in equity under § 1132(a)(3).").

Further, there is no allegation here that Defendants were unjustly enriched by their alleged wrongful acts to trigger restitution or some other equitable remedy. *Brown v. Sandimo Materials*, 250 F.3d 120, 126 (2d Cir. 2001) ("The equitable remedy of restitution is appropriate only where there has been a showing of unjust enrichment."). Plaintiff simply claims that, as a result of Defendants' alleged fiduciary breaches, he is entitled to recover damages. Likewise, there is no allegation of any readily identifiable property in Defendants' hands that belongs to Plaintiff. *Knieriem v. Grp. Health Plan, Inc.*, 434 F.3d 1058, 1063-64 (8th Cir. 2006) (holding that surcharge and/or restitution was not available because plaintiff did not receive her requested transplant and never incurred any related medical or hospital expenses, so plaintiff was actually seeking compensatory damages because there was no readily identifiable fund or property in the hands of defendant belonging to the decedent's estate).

*CIGNA*'s discussion of appropriate equitable relief does not help Plaintiff either, even assuming arguendo that he could plead and prove a fiduciary misrepresentation. The Supreme Court held in *CIGNA* that a plaintiff may pursue a fiduciary misrepresentation claim that seeks appropriate equitable relief under ERISA Section 502(a)(3). 131 S. Ct. at 1879; Opposition at 12. The Court identified reformation of the relevant plan document, equitable estoppel, and

prevention of unjust enrichment through surcharge as potentially available equitable remedies. *CIGNA*, 131 S. Ct. at 1879-80.  As explained above, Plaintiff seeks none of these.

Accordingly, even if Plaintiff could allege a fiduciary misrepresentation, which he cannot, his claim still fails because his requested relief is legal and not equitable within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

III. **CONCLUSION**

For the reasons stated above and in Defendants' Memorandum, the Court should dismiss all of the claims asserted in Plaintiff's Second Amended Complaint with prejudice and without leave to amend.

Dated:  April 19, 2012
New York, NY

/s/  Melissa D. Hill
MORGAN, LEWIS & BOCKIUS LLP
Melissa D. Hill
Ira G. Rosenstein
101 Park Avenue
New York, NY 10178
(212) 309-6318
melissa.hill@morganlewis.com
irosenstein@morganlewis.com

*Attorneys for Defendants Credit Suisse and Aon Hewitt*

9