LAW OFFICE OF HARRIETTE N. BOXER
Attorney for Plaintiff, Stanislav Levin
31 East 32nd Street, Suite 300
New York, New York 10016
212-481-8484
Harriette N. Boxer, Esq. HB-9681

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
STANISLAV LEVIN,

       Plaintiff,                      Civil Action No.:  2011 CIV 5252- RJS

  -against-                             ECS CASE

CREDIT SUISSE INC., METROPOLITAN
LIFE INSURANCE COMPANY, and
AON HEWITT, INC.

       Defendants.
---------------------------------------------------------x

LEVIN'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO RECONSIDER

PLAINTIFF, STANISLAV LEVIN'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION FOR RECONSIDERATION

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| Table of Cases | . . . . . . . . . . . . . . . . . . . . . . . . . . | ii |
| Argument |  |  |

AN ERISA FIDUCIARY HAS THE DUTY TO
PROVIDE A DISABILITY PLAN PARTICIPANT
WITH COMPLETE AND TRUTHFUL INFORMATION
AND BREACHES THAT DUTY WHEN S/HE FAILS
TO DO SO

Argument 1   The court's finding that Levin asked Aon Hewitt employee, Ilene, only about STD benefits is not supported by the SAC and is error.   . . . . .   1

Argument 2   The court's findings that

the SAC does not adequately allege detrimental reliance on Hewitt's misrepresentations

the SAC fails to allege that plaintiff relied on misrepresentations regarding LTD benefits

and

that Ilene did not have an "affirmative duty" to voluntarily and/or gratuitously inform plaintiff about his eligibility for LTD benefits

are error.   . . . . . . . . .   3

Conclusion   . . . . . . . . . . . . . . . . . . . . . . . . . .   8

# TABLE OF CASES

Page

*Becher v. Long Island Lighting Co.*
129 F.3d 268, 2711 (2d Cir. 1997) . . . . . . . . . . . . . . . . .   5

*Bilello v. JPMorgan Chase Ret. Plan*
649 F. Supp. 2d 142, 166 (S.D.N.Y. 2009) . . . . . . . . . . . . . . . . .   1, 5

*Devlin v. Empire Blue Cross and Blue Shield*
274 F.3d 76, 88 (2d Cir.2001) . . . . . . . . . . . . . . . . .   1

*D'Iorio v. Winebow, Inc.*
2013 WL 416313 (E.D.N.Y.) . . . . . . . . . . . . . . . . .   5

*Flanigan v. Gen. Elec. Co.*
242 F.3d 78, 84 (2d Cir. 2001) . . . . . . . . . . . . . . . . .   1, 7

*In re Citigroup Erisa Litig.*
2009 WL 2762708 (S.D.N.Y. 2009) . . . . . . . . . . . . . . . . .   7

*Varity Corp. v. Howe*
516 U.S. 489, 502-503, 116 S.Ct. 1065, 1073 (1996)   . . . . . . . . . . .   1

*Younger v. Zurich Am. Ins. Co.*
2012 WL 1022326 (S.D.N.Y) . . . . . . . . . . . . . . . . .   5

AN ERISA FIDUCIARY HAS THE DUTY TO
PROVIDE A DISABILITY PLAN PARTICIPANT
WITH COMPLETE AND TRUTHFUL INFORMATION
AND BREACHES THAT DUTY WHEN S/HE FAILS
TO DO SO

The court's 3/19/13 Memorandum and Order, *inter alia*, dismisses plaintiff's Claim 1 against defendant Aon Hewitt (hereinafter "Hewitt") on the ground that the SAC does not adequately allege plaintiff's detrimental reliance on any material misrepresentation by Hewitt relating to LTD benefits. *See*, pp. 3 & 8.

Respectfully, the findings the court makes to support this particular dismissal ignore several allegations in the SAC which belie such conclusion. Moreover, the court appears to ignore active precedent which requires fiduciaries to provide plan participants with information necessary to an employee's intelligent decision about his/her options under the plan in question, that is, with complete enough information to enable a participant to fully understand what benefits the participant is eligible -- or will be eligible -- to receive. *See, e.g., Varity Corp. v. Howe,* 516 U.S. 489, 502-503, 116 S.Ct. 1065, 1073 (1996); *Devlin v. Empire Blue Cross and Blue Shield,* 274 F.3d 76, 88 (2d Cir.2001), *Bilello v. JPMorgan Chase Ret. Plan*, 649 F. Supp. 2d 142, 166 (S.D.N.Y. 2009); *Flanigan v. Gen. Elec. Co.*, 242 F.3d 78, 84 (2d Cir. 2001) ("Communicating information about future plan benefits is indeed a fiduciary obligation").

Argument 1   The court's finding that Levin asked Aon Hewitt employee, Ilene, only
             about STD benefits is not supported by the SAC and is error.

At page 8 of the 3/19/13 Memorandum and Order, the court holds as follows:

> Even assuming that Ilene acted in a fiduciary capacity, the Court declines to transform **_her obligation to provide accurate answers with respect to SD benefits_** [citation omitted], into an affirmative duty to volunteer

1

>information that Plaintiff did not ask for - namely, information regarding LD benefits.  (emphasis added.)

The court's finding that Ilene had only an obligation to provide accurate answers with respect to STD benefits necessarily assumes that plaintiff asked Ilene only about STD benefits. But such a finding is not supported by the SAC.

At paragraph 41 of the SAC, plaintiff alleges that after being denied a sabbatical, Levin inquired further of his supervisor and his supervisor "advised him to call and ask what disability benefits were available to him."   At paragraph 43, plaintiff alleges that he called the number provided and spoke with Ilene.  The inexorable  -- and only fair  -- assumption to be made from juxtaposing these two allegations is that when plaintiff spoke to Ilene, he asked her what disability benefits were available to him.  He did not limit his query to STD benefits.

Further at paragraph 44, plaintiff alleges that after Ilene told him that he was eligible for STD benefits only if his injury was non-work related, he responded that his injury was work related "and asked what benefits were available to him for this type of injury."  Here, plaintiff is specifically asking about benefits other than STD benefits inasmuch as based on Ilene's information and his response, he had to realize that he wasn't eligible for STD benefits and was asking what other benefits were available to him.

Finally, at paragraph 66, plaintiff alleges as follows:

>66.     Hewitt employee, "Ilene", was acting as a Plan Fiduciary when she failed to provide Levin with a meaningful and/or accurate response to his ***inquiry as to what disability benefits*** were available to him resulting from Levin's failure to be able to continue to perform his job duties and/or failed to direct him or refer him to someone who could meaningfully and/or accurately answer his questions.

2

There is simply no rational way to conclude that plaintiff asked Ilene only about STD benefits.

Accordingly, then, there is no support for the court's finding, first that plaintiff asked about STD benefits and, second, that Ilene had only an obligation to provide plaintiff with information about STD benefits.

Argument 2   The court's findings that the SAC does not adequately allege detrimental reliance on Hewitt's misrepresentations, the SAC fails to allege that plaintiff relied on misrepresentations regarding LTD benefits and that Ilene did not have an "affirmative duty" to voluntarily and/or gratuitously inform plaintiff about his eligibility for LTD benefits are error.

On page 3 of its 3/19/13 Memorandum and Order the court holds as follows:

> Plaintiff's claim fails with respect to both CS and Aon because Plaintiff does not adequately allege detrimental reliance. Plaintiff's claim, and the relief sought therein, focuses solely on the alleged wrongful denial of his LD benefits. The material misrepresentations he identifies, however related only to SD benefits ... and he has not alleged facts giving rise to a plausible inference that that information caused him to delay his application for LD benefits.

On page 8 of its 3/19/13 Memorandum and Order, the court, at n.6, holds, in relevant part, as follows:

> Plaintiff nowhere alleges that he was in fact told that he was ineligible for LD benefits and the portion of the SAC detailing the alleged conversation with Ilene makes no reference whatsoever to LD benefits.

Finally, at page 8 of its 3/19/13 Memorandum and Order, the court finds that plaintiff fails in his SAC to "allege that he actually relied on any misrepresentation regarding LD benefits."

3

The court's insistence that in order for plaintiff to viably allege a breach of fiduciary duty regarding the information he received about his eligibility for disability benefits[1] he had to have specifically asked Hewitt about LTD benefits is error.

At paragraph 42, the SAC alleges that in March of 2008, plaintiff may or may not have been in possession of the SPD. According this allegation its most favorable inference[2], this means that when plaintiff telephoned Ilene on March 14, 2008, he may not have (fully) read the SPD. If this was the case then charging plaintiff with knowing that disability benefits were bifurcated into short-term and long-term benefits is a wholly arbitrary finding.

Moreover, plaintiff alleges at paragraph 45 that Ilene told him that ***the only benefits available to him*** were those available from the Workers Compensation program. At paragraph 51, plaintiff alleges that CS employee Gramer told him that whatever the Hewitt people told him "was the way it was and that, therefore, there were ***no benefits available to Levin*** *through any CS disability policy."* (emphasis added.)

If plaintiff believed -- as he had to, being directly and unequivocally told by the fiduciar(ies) -- that no benefits were available to him , then plaintiff had to believe that no LTD benefits were available to him[3]. Therefore, the court's finding that plaintiff "nowhere" alleges that he was in fact told that he was ineligible to LD benefits is infirm. The court's finding that plaintiff does not provide any "facts" giving rise to a plausible inference that the information he received from Hewitt caused him to delay his application for LTD benefits is also infirm. It is

---

[1] which caused him to delay filing for LTD benefits

[2] "[I]it is well established that, in passing on a motion to dismiss . . . for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232. 236  (1974)

[3] LTD benefits must be deemed a subset of "all disability benefits."

4

simply beyond peradventure that Hewitt's (and CS's) unequivocal misrepresentations to plaintiff give rise to a plausible inference that such (mis)information caused plaintiff to believe he was ineligible to receive LTD benefits. He, therefore, did not file for LTD benefits until he learned that someone else suffering from RSI was receiving LTD benefits.[4]

> The court also noted that misleading statements concerning an ERISA plan may support a claim for breach of fiduciary duty under ERISA ... This is because an ERISA fiduciary "has an obligation to provide full and accurate information to the plan beneficiaries regarding the administration of the plan."

*Younger v. Zurich Am. Ins.Co.*, 2012 WL 1022326 (S.D.N.Y) at *3; *see also*, *Becher v. Long Island Lighting Co.,* 129 F.3d 268, 2711 (2d Cir. 1997).

> "[M]isrepresentations are material if they would induce a reasonable person to rely upon them" [citation omitted] ... Applying this standard, "when a plan administrator affirmatively misrepresents the *terms* of a plan or *fails to provide information when it knows that its failure to do so might cause harm,* the plan administrator has breached its fiduciary duty to individual plan participants and beneficiaries. *Devlin v. Empire Blue Cross and Blue Shield*, 274 F.3d 76, 78 (2d Cir. 2001) (emphasis added.)

*Bilello v. JP Morgan Chase Tet. Plan*, 649 F.Supp.2d 142, 166 (S.D.N.Y. 2009); *D'Iorio v. Winebow, Inc.*, 2013 WL 416313 (E.D.N.Y.) at *12.

Such established precedent requires fiduciaries to provide *full and accurate* information about disability plans. Therefore, in response to plaintiff's question "What disability benefits are available to me?", Hewitt was required to provide a full and accurate answer, which it indisputably did not do.

To the extent that the court carves out an exception to this duty by finding that Hewitt did not have an affirmative duty to "volunteer" information about plaintiff's LD benefits, this finding, too, is error.

---

[4]  SAC, paragraphs 56 and 57

The SPD[5], at page 40, states that the name of the plan that provides STD and LTD coverage is "Group Disability Benefits Plan for Employees of Credit Suisse Securities (USA) LLC."  It further states that this disability plan is a welfare plan subject to ERISA, but *only* if the employee claims LTD benefits or "non-exempt employee" STD benefits.  Exempt employees who, apparently, apply for STD benefits are in a "plan" that is not covered by ERISA. Therefore, whether or not the plan administrators for the "plan" are fiduciaries for both "ERISA covered benefits" as well as "non-ERISA covered benefits" is a question not affirmatively answered in the SPD.

Assuming that Hewitt, acting as a "plan fiduciary" for the Group Disability Benefits Plan for Employees of Credit Suisse Securities (USA) LLC, owed no fiduciary duty to plaintiff in connection with providing him accurate information about any STD benefits he was  entitled to  -- inasmuch as it acted only as an ERISA fiduciary -- the *only* response Ilene could have provided to plaintiff when he asked "What disability benefits am I eligible for?"  would be  "If you continue to be disabled and cannot work for 180 days, then you are eligible to apply for LTD benefits."  The reason this is the only answer that the fiduciary could have provided is that  under the ERISA plan, LTD benefits are the only benefits available to plaintiff.

Assuming that Hewitt, acting as a "plan fiduciary" for the Group Disability Benefits Plan for Employees of Credit Suisse Securities (USA) LLC, <u>did</u> owe some sort of fiduciary duty to plaintiff in connection with providing him information about the STD benefits for which he was eligible, then Ilene would have had to have responded to plaintiff's question "What disability benefits am I eligible for?" in the following complete manner:  *You are eligible to apply for STD benefits immediately and I will email you a claim form.  CS will give you a benefit of ($----) per*

---

[5]   which the court did consider in rendering its 3/19/13 Memorandum and Order,  *see,* p.1, n.1

*week.  MetLife, designated by CS to administer NYS Workers Compensation benefits, will apply for Workers Comp benefits for you and if/when you are granted these benefits, you will have to reimburse CS for the benefits it has already provided for you.  The balance of benefits from Workers Comp. will then be the only benefits you are eligible to receive  until you have been disabled and cannot work for 180 days.  If this scenario occurs, then we (the Plan Fiduciaries) will initiate a LTD claim for you.  Do you have any questions?"*

While the court discounts Ilene's obligation to "volunteer" such information about LTD benefits, it does so only by ignoring well established precedent.

> Communicating information about future plan benefits is indeed a fiduciary obligation.  *See Varity Corp. v. Howe*, 516 U.S. 489, 498-99, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996).  Fiduciaries may be held liable for statements pertaining to future benefits if the fiduciary knows those statements are  false or lack a reasonable basis in fact.  *See Ballone v. Eastman Kodak Co.,* 109 F.3d 117, 126 (2d Cir. 1997).  This Court has also held fiduciaries liable for non-disclosure of information about a current plan when the omitted information was necessary to any employee's intelligent decision ...

*Flanigan v. Gen. Elec. Co.*, 242 F.3d 78, 84 (2d Cir. 2001).

> A fiduciary's duty to volunteer information about plan benefits derives straightforwardly from the fiduciary's obligation to "discharge his duties ...'for the exclusive purpose' of providing *benefits* to them." (emphasis in original.)

*In re Citigroup Erisa Litig.*, 2009 WL 2762708 (S.D.N.Y. 2009) *affid. In re Citigroup ERISA Litig.,* 662 F.3d 128 (2d Cor. 2011).

7

Conclusion

For the foregoing reasons, the court is respectfully asked to reconsider its holding that the SAC does not viably assert a claim against Hewitt for breach of fiduciary duty in its Claim 1 and restore that claim to the court's trial calendar.

Dated: New York, NY
April 2, 2013

                                              Respectfully submitted,

                                                  /s/Harriette Boxer
                                            _____
                                            HARRIETTE N. BOXER
                                            Attorney for Plaintiff, Stanislav Levin
                                            31 East 32nd Street, Suite 300
                                            New York, NY 10016