UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------x
STANISLAV LEVIN,

       Plaintiff,                      Civil Action No.:  **2011 CIV 5252- RJS**

  -against-

CREDIT SUISSE INC., METROPOLITAN
LIFE INSURANCE COMPANY, and
AON HEWITT, INC.

       Defendants.
----------------------------------------------------x


**MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**

                                       Ira G. Rosenstein
                                       Melissa D. Hill
                                       101 Park Avenue
                                       New York, New York  10178
                                       Tel. 212-309-6000
                                       Fax. 212-309-6001


                                       Counsel for Defendants Aon Hewitt, Inc.
                                        and Credit Suisse, Inc.

Dated: April 16, 2013
       New York, NY

Defendants Credit Suisse Securities (USA) LLC ("Credit Suisse") and Aon Hewitt Associates LLC, ("Aon Hewitt") (collectively "Defendants"), hereby oppose Plaintiff's Motion for Reconsideration ("Motion") of the Court's March 13, 2013 Memorandum and Order ("Order") dismissing Plaintiff's Complaint against Defendants in its entirety.

Plaintiff's Motion should be denied as a transparent and impermissible attempt to reargue points that were previously raised in Plaintiff's opposition to Defendants' motion to dismiss, and expressly rejected by the Court. As such, the Motion fails to satisfy the requirements of Local Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure, and should be denied.[1]

## I. PLAINTIFF'S MOTION FAILS TO SATISFY THE REQUIREMENTS FOR A MOTION FOR RECONSIDERATION.

In its Order granting Defendants' motion to dismiss in its entirety, the Court correctly found that Plaintiff failed to allege facts sufficient to demonstrate a plausible claim for fiduciary breach against Defendant Aon Hewitt based on alleged misrepresentations by an Aon Hewitt employee named "Ilene," to whom Plaintiff allegedly directed certain questions about his disability benefits under the Credit Suisse First Boston Corporation Group Short Term Disability Plan ("STD Plan") and Long Term Disability Plan ("LTD Plan") (together, the "Plans"). *See Levin v. Credit Suisse, Inc.*, No. 11-5252, 2013 WL 1296312, at * 2 (S.D.N.Y. Mar. 19, 2013). The Court reviewed the allegations in Plaintiff's Second Amended Complaint ("SAC") and held that, on the facts alleged, Plaintiff could not demonstrate detrimental reliance on the alleged misstatements as required to state a claim and that, in any event, even assuming she was acting in a fiduciary capacity, the Aon Hewitt employee did not have an affirmative duty to volunteer

---

[1] Plaintiff 's Motion purports to seek reconsideration of the Court's ruling on only one claim – for fiduciary breach based on alleged misrepresentations – and only as to one Defendant, Aon Hewitt. Motion at 1. To the extent Plaintiff seeks reconsideration of any aspect of the Court's Order, such reconsideration should be denied.

information to Plaintiff regarding his available benefits.  *Id.*  Plaintiff now asks the Court to reconsider that ruling.

### A. <u>Requirements For Reconsideration Are Strictly Construed.</u>

Motions for reconsideration must be brought pursuant to Federal Rules of Civil Procedure 59(e) and Local Civil Rule 6.3.[2]  This Court's standard for considering motions for reconsideration under those rules is clear:  A motion for reconsideration will not succeed unless "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 556 LLC*, 330 F.3d 111, 123 (2d Cir. 2003); *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  *See also* Local Civil Rule 6.3 (the motion shall "set[] forth concisely the matter or controlling decisions which counsel believes the court has overlooked").

"[I]mportantly, a motion for reconsideration 'may not be used to advance new facts, issues[,] or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court.'" *A.B. v. Dep't of Educ. of City of N.Y.*, No. 10-6684, 2012 WL 2588888, at *3 (S.D.N.Y. July 2, 2012) (Sullivan, J.) (quoting *Am. ORT, Inc. v. ORT Israel*, No. 07 Civ. 2332, 2009 WL 233950, at *3 (S.D.N.Y. Jan. 22, 2009)).  Accordingly, the "requirements of Local Rule 6.3 are strictly construed in order to keep the court's docket free of unnecessary relitigation." *King v. Gonzales*, No. 02-CV-3847, 2005 WL 2271938, *2 (E.D.N.Y. Aug. 16, 2005).  Ultimately, a motion for reconsideration "is not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v.*

---

[2]  Plaintiff's Motion does not appear to seek to alter or amend a final judgment within the meaning of Fed. R. Civ. Proc. 60(b).  In that regard, it does not allege that any "mistake, inadvertence, surprise, or excusable neglect" occurred, does not identify any "newly discovered evidence," and does not allege any fraud, misrepresentation, or misconduct by Defendants, or that the judgment is void.  Rule 60(b)(1-4).

*Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004).  A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced," *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005), nor is it a substitute for appeal. *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008).

Here, Plaintiff has made no showing that controlling decisions or data were "overlooked," or that "exceptional circumstances" justify reconsideration of this Court's Order.

### B. Plaintiff Has Not Identified Any Controlling Decisions Or Data That The Court Overlooked To Warrant Reconsideration.

Plaintiff's Motion fails to set forth "concisely the matters or controlling decisions which counsel believes the Court has overlooked," as required by Local Rule 6.3.  It points to *no* controlling decisions, let alone ones that the Court "overlooked."  Specifically, Plaintiff claims the Court "ignore[d] active precedent which requires fiduciaries to provide participants with information" related to benefit plans.  Motion at 1.  The "active precedent" Plaintiff cites, however, was both cited in the parties' papers on the underlying motion to dismiss and considered by this Court in its decision on that motion, and, in any event, does not support the argument Plaintiff now advances.  Plaintiff's Motion similarly fails to identify any "controlling data" that was not considered by the Court in the first instance.

Rather, Plaintiff simply recites the same facts and advances the same legal arguments (Motion at 1-2, 4-5) this Court rejected in its Order.  Except now, Plaintiff offers the Court a new reading of the SAC's allegations, and faults the Court for not having made strained inferences in Plaintiff's favor.

In particular, Plaintiff now argues that although he has claimed in all various iterations of his SAC that he discussed with "Ilene" the availability of STD benefits (SAC ¶ 43), he was in

3

fact asking about *all* benefits, including both STD and LTD benefits, and the Court should have inferred and then considered this "fact" when making its ruling.  *See* Motion at 1-3.  Of course, Plaintiff does not point to a particular statement in the SAC to support his new argument.[3] Rather Plaintiff suggests the Court committed error when it failed to disregard his own pleadings and interpret them in a way that was inconsistent with his allegations.  Plaintiff does not – and cannot – cite any legal proposition that would allow, much less require, the Court to make such a leap.

Plaintiff's challenge of the Court's finding that Ilene did not have an affirmative duty to volunteer information regarding potential benefits scenarios to Plaintiff when he called the benefits hotline fares no better.  Motion at 5-6.  Plaintiff's counsel has now created a fictional conversation between Plaintiff and "Ilene" based on what it is contended that Ilene, as an alleged fiduciary, "would have had to have" stated to Plaintiff.   Motion at 6-7.  Any departure from the precise response he has authored, Plaintiff contends, would have been a breach of Ilene's fiduciary duty to Plaintiff. *Id.*  In effect, Plaintiff provides the Court with what he admits is a script drafted by his lawyer for a telephone call he made to the benefits hotline five years ago, and asks the Court to find Aon Hewitt liable because he contends that a representative whose name he does not know,[4] allegedly did not follow that script.  Plaintiff provides no authority to support that argument and of course, no such authority exists.

---

[3] The Court reviewed the allegations of the SAC and expressly held that "the material misrepresentations [Plaintiff] identifies, however, related only to [STD] benefits, and he has not alleged facts giving rise to a plausible inference that that misinformation caused him to delay his application for [LTD] benefits." *Levin*, 2013 WL 1296312, at *2 (citing SAC ¶¶ 43-51).

[4] Aon Hewitt did not employ any representatives with the name Ilene during the time in question.

4

### C. Plaintiff's Motion Does Not Meet Rule 59(e)'s Requirements for Reconsideration.

Plaintiff's Motion also fails to satisfy the requirements of Rule 59(e) of the Federal Rules of Civil Procedure. Under Rule 59(e), Plaintiff must demonstrate that his Motion is necessary to correct clear errors of law or manifest injustice. *Munafo v. Metro Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). A Rule 59 motion for reconsideration "is not an 'opportunity for making new arguments that could have been previously advanced,' nor is it a substitute for appeal." *Gibson v. Comm'r of Mental Health*, No. 04-CV-4350, 2009 WL 331258, *2 (S.D.N.Y. Feb. 11, 2009) (internal citations and footnote omitted). It "is not a '*second bite at the apple*' for a party dissatisfied with a court's ruling, nor is it an opportunity to 'advance new facts, issues or arguments not previously presented to the Court.'" *Allen v. Costello*, No. 03-CV-4957, 2008 WL 361191, *1 E.D.N.Y. Feb. 8, 2008) (internal citations omitted) (emphasis added). Finally, as noted above, a motion for reconsideration will not be granted in the absence of "exceptional circumstances." *Marrero*, 374 F.3d at 55.

Plaintiff does not reference any extraordinary circumstances warranting reconsideration nor does he point to any clear errors of law. Moreover, he fails entirely to explain why the Court's Order has worked a manifest injustice, and, consequently, under Local Rule 6.3 and/or FRCP 59(e), the Court should deny Plaintiff's Motion for Reconsideration.

The "arguments" set forth in the Motion are not new arguments. Rather, Plaintiff offers the Court yet another recitation of the facts alleged, and arguing again that the Court erred in finding those allegations do not sufficiently state a claim. Motion at 3-5. Plaintiff's claims – unchanged by the Motion for Reconsideration – fail for all of the reasons set forth in Defendants' motion to dismiss and this Court's Order dismissing the Complaint.

## II. EVEN IF SUCCESSFUL, PLAINTIFF'S MOTION CANNOT RESURRECT THIS ACTION.

Finally, Plaintiff does not ask the Court to reconsider its ruling that – as "an alternate ground for the Court to dismiss Plaintiff's fiduciary duty claims" – the remedies Plaintiff sought are not available to him under ERISA. *Levin*, 2013 WL 1296312, at *6. In granting the underlying motion to dismiss, the Court examined the forms of relief sought by the SAC on fiduciary duty claims arising under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3). "That provision," the Court found, "entitles participants in ERISA plans to 'appropriate equitable relief' for violations." *Id.* at *5 (quoting 29 U.S.C. § 1132(a)(3)). As the Court observed:

> Two important consequences flow from grounding the cause of action for breach of fiduciary duty in § 1132(a)(3). First, the only appropriate remedies for such fiduciary duty claims are equitable. And second, in keeping with the usual limits on equitable relief, where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief.

*Id.* at *5 (internal citations and quotations omitted). Against this standard, the Court rejected Plaintiff's claim for relief under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), finding that the remedies Plaintiff sought were legal, not equitable in nature, and duplicative of those sought in other causes of action, creating an alternative ground for dismissal of Plaintiff's fiduciary breach claims.

The Court noted that Plaintiff here sought identical remedies for each of his three fiduciary breach claims, which included LTD benefits plus interest and reimbursement for out of pocket expenses, couched as "appropriate equitable relief" under Section 502(a)(3). Plaintiff's claim for benefits, fees, and costs, the Court found, was duplicative of the remedies sought under Plaintiff's claim under Section 502(a)(1)(B) for benefits under the Plan. *Id.* at *6. Because ERISA specifically provides the remedies Plaintiff sought in connection with his fiduciary breach claims, the Court found, "equitable relief is unavailable for those claims and those claims

6

must be dismissed." *Id.* In addition, the Court found that Plaintiff's claim for out of pocket expenses "is also clearly not equitable" and thus improper under 29 U.S.C. § 1132(a)(3)." *Id.* Accordingly, the Court properly rejected Plaintiff's fiduciary breach claims under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3).

Plaintiff leaves this ruling unchallenged on his motion for reconsideration, and the "alternate ground for dismissal" of Plaintiff's fiduciary breach claims remains in effect. Thus, even if Plaintiff could demonstrate that the Court should now reconsider its holding that Plaintiff failed to sufficiently allege a fiduciary breach claim against Aon Hewitt – which he cannot – his claim nonetheless fails.

### III. CONCLUSION

For all of the reasons stated above, Plaintiff's Motion for Reconsideration of this Court's March 13, 2013 Memorandum and Order should be denied.

Dated: New York, New York
April 16, 2013

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Melissa D. Hill
Ira G. Rosenstein
Melissa D. Hill
101 Park Avenue
New York, New York 10178
Tel. 212-309-6000
Fax. 212-309-6001

Counsel for Defendants Credit Suisse Securities (USA) LLC and Aon Hewitt Associates LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 16, 2013, I filed the foregoing Opposition to Plaintiff's Motion for Reconsideration electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Harriette N. Boxer
Attorney at Law
31 East 32nd Street
Suite 300
New York, NY 10016
212-481-8484, ext. 329
*ATTORNEY FOR PLAINTIFF*

Michael H. Bernstein
Sedgwick LLP
125 Broad Street
39th Floor
New York, NY 10004-2400
212-422-0202
*ATTORNEY FOR DEFENDANT MET LIFE*

s/ Melissa D. Hill
Melissa D. Hill

8