LAW OFFICE OF HARRIETTE N. BOXER
Attorney for Plaintiff, Stanislav Levin
31 East 32nd Street, Suite 300
New York, New York 10016
212-481-8484
Harriette N. Boxer, Esq. HB-9681

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

STANISLAV LEVIN,

        Plaintiff,                      Civil Action No.:  2011 CIV 5252- RJS

  -against-                            ECS CASE

CREDIT SUISSE INC., METROPOLITAN
LIFE INSURANCE COMPANY, and
AON HEWITT, INC.

        Defendants.
-------------------------------------------------------x

# *REPLY*

LEVIN'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO RECONSIDER

TABLE OF CONTENTS

Page

Argument

    Argument 3    Fed.R.Civ.Pro. 60(b) is the proper
procedural mechanism to request
that the court reconsider a specific
portion of its 3/19/13 Memorandum
& Order    . . . . . .    1

    Argument 4    Plaintiff identifies the matters and
controlling decisions plaintiff
believes the court overlooked    . . . . . .    3

    Argument 5    If the court finds that plaintiff
has viably alleged a breach of
fiduciary duty against Hewitt,
it will, respectfully, be constrained
to find that the relief sought is
equitable    . . . . . .    6

Conclusion    . . . . . . . . . . . . . . . . . . . . . .    7

Argument 3

Fed.R.Civ.Pro. 60(b) is the proper
procedural mechanism to request
that the court reconsider a specific
portion of its 3/19/13 Memorandum
& Order

Plaintiff's instant motion for reconsideration is brought under Fed.R.Civ.Pro. 60(b) as

well as Local Civil Rule 6.3.  *See,* plaintiff's Notice of Motion.    Hewitt asserts at pages 2 and 5

in its Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration (hereinafter

"Hewitt") that plaintiff should have moved under Fed.R.Civ. Pro. 59(e) -- not Fed.R.Civ.Pro

60(b) -- for the relief he seeks.    Yet plaintiff argues in his memorandum of law in support of

his motion that the court committed error in four (4) of its holdings/findings, that is, that the

court made four (4) mistakes in its 3/19/13 Memorandum & Order.

Rule 60(b)(1) is the procedural mechanism whereby a party, upon an appropriate

showing, is relieved from judicial mistake.  *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d

Cir. 2009)[1];  *Serrano v. Smith*, 2009 WL 1390868 (S.D.N.Y. 2009); *Gibson v. Comm'r of Mental*

*Health*, 2009 WL 331258 (S.D.N.Y. 2009).  *See further*:

---

[1]    *See also:  Air India, Ltd. v. Brien*, 239 F.R.D. 306, 312 (E.D.N.Y. 2006) *rev'd sub nom.*
*United Airlines, Inc. v. Brien*, 588 F.3d 158 (2d Cir. 2009)

> More recently, district courts within the Second Circuit have interpreted 60(b)(1)
> as encompassing judicial error. *See In re Asbestos Litig.,* 173 F.R.D. 87, 90, n. 2
> (S.D.N.Y.1997) ("When applied to mistakes by the court, Rule 60(b)(1) generally
> allows for relief where the error involves the application of law.") (citing *Int'l*
> *Controls Corp. v. Vesco,* 556 F.2d 665, 670 (2d Cir.1977), *cert. denied,* 434 U.S.
> 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); *Parks v. U.S. Life & Credit Corp.,*
> 677 F.2d 838, 839-40 (11th Cir.1982), *reh'g denied,* 685 F.2d 1389 (11th
> Cir.1982); 11 Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d §
> 2858 at 293-98 (2d ed.1995)); *PG 1044 Madison Assocs., L.L.C. v. Sirene One,*
> *L.L.C.,* 229 F.R.D. 450, 452 (S.D.N.Y.2005) ("Although 60(b)(1) does not serve
> as a substitute for appeal, it nevertheless 'encompass[es] judicial mistake in
> applying the appropriate law.' ") (citations omitted); *Badian v. Brandaid*

> "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when 'the judge has made a ***substantive mistake of law or fact*** in the final judgment or order.' " *Lugo v. Artus,* 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (quoting *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir.1996)). "Ordinarily, a movant alleging a 'mistake' under Rule 60(b)(1) 'must show that the district court committed a specific error.' " *Id.* (quoting *Straw v. Bowen,* 866 F.2d 1167, 1172 (9th Cir.1989)).  (emphasis added.)

*Howard v. MTA Metro-N. Commuter R.R.*, 866 F. Supp. 2d 196, 210 (S.D.N.Y. 2011).

Here, plaintiff argues that the court was <u>factually</u> mistaken when it found that the SAC alleges that Hewitt employee, Ilene, had only a duty only to tell plaintiff about STD benefits. Similarly, plaintiff argues that the court was <u>factually</u> mistaken to find either that the SAC does not adequately allege plaintiff's detrimental reliance upon Ilene's misrepresentation and/or that the SAC does not adequately allege Ilene's misrepresentations caused plaintiff to miss the deadline for filing a timely claim for LTD benefits.  Finally, plaintiff argues that the court made a <u>substantive mistake of law</u> when it found that Ilene did not have an affirmative duty to inform plaintiff about his eligibility for LTD benefits.

Accordingly, plaintiff has adequately articulated grievances for which the court may grant relief under Fed.R.Civ.Pro. 60(b).

---

*Commc'ns Corp.,* No. 03-2424, 2005 WL 1083807, at *2 (S.D.N.Y. May 9, 2005) (same); *Spira v. Ashwood Fin., Inc.,* 371 F.Supp.2d 232, 236 (E.D.N.Y.2005) (" 'Relief under 60(b)(1) is • • • appropriate where a court may have overlooked certain parties' arguments or evidence in the record.' ") (citation omitted).

Argument 4

Plaintiff identifies the matters and
controlling decisions plaintiff
believes the court overlooked

In his Memorandum in support of his motion for reconsideration, plaintiff quotes six (6)

sentences from the 3/19/13 Memorandum & Order, arguing that the holdings these sentences

create cannot fairly be drawn against the SAC.  Plaintiff does not argue "new" facts.  Plaintiff

argues only that various, specific paragraphs contained in the SAC belie the court's conclusions.

Therefore, Hewitt's argument, at page 3, that plaintiff fails to set forth "concisely" the matters the

court has overlooked is not true.  Nor is it true, as Hewitt argues at page 4, that "plaintiff does not

point to a particular statement in the SAC to support his ... argument."  In fact, plaintiff "points

to" paragraphs 41, 44, 66, 42, 45, and 51 of the SAC  in support of his argument that it was error

for the court to hold that the SAC alleges only that Hewitt had a duty to inform with respect to

STD benefits.   Hewitt does not strengthen this demonstrably untrue assertion by quoting the

court in its note 3 (on page 4).  It is just this holding (quote) that plaintiff argues is infirm in his

Argument 2  inasmuch as the finding cannot be reconciled with plaintiff's allegations in

paragraphs 45 and 51.  Therefore Hewitt's argument here lacks merit.

Similarly, Hewitt's assertion at page 3 that:

> [t]he "active precedent" Plaintiff cites, however, was both cited in the
> parties' papers on the underlying motion to dismiss and considered by this
> Court in its decision on that motion

is also demonstrably untrue.

Hewitt does not cite in its motion to dismiss even one of the cases plaintiff relies upon in

support of his motion for reconsideration.   While plaintiff, in opposition to Hewitt's motion to

3

dismiss, does cite four (4) of the eight (8) cases he relies upon here, the court did not in its 3/19/13 Memorandum & Order consider any of these cases.[2]   Therefore, Hewitt's assertion here, too, is fatally infirm.

Further, Hewitt's assertion, at page 3-4, that plaintiff at paragraph 43 of the SAC alleges that he asked Ilene only about STD benefits is also demonstrably untrue.   Paragraph 43 of the SAC states as follows:

> 43.     On March 14, 2008, Levin telephoned Hewitt at the telephone number provided and spoke with "Ilene."  Ilene told Levin that because he was known as an "exempt employee" - that is, an employee who was not eligible to receive overtime wages - that he could obtain short term disability benefits *only if*  his injury was "non work related."  She did not tell him that he was eligible to receive $20 a week in STD benenfits nor did she tell him that MetLife would act as the administrator of his New York worker's compensation benefits.  (emphasis in original.)

In fact, paragraph 43 articulates only what Levin alleges Ilene told him in connection to STD benefits.  It does not allege what question(s) Levin asked of Ilene.

The SAC at paragraph 44 specifically alleges that upon learning that he was ostensibly not eligible for STD benefits, Levin asked what (other) benefits were available to him:

> 44.     Levin stated that his injury was work related and asked what benefits were available to him for this type of injury.

At paragraph 45 of the SAC, Levin alleges that Ilene told him, in relevant part, that the only benefits that were available to him were those available from the NYS Worker's Compensation program:

> 45.     ...  [Ilene] told Levin that ***the only benefits available to him*** were those available from the NYS Worker's Compensation program and that forwarding his claim to this Worker's Compensation program was the only action MetLife would take in furtherance of providing any sort of disability benefits to Levin. (emphasis in original.)

---

[2]   The court does cite *Varity* and *In re Citigroup ERISA Litig.*, but for propositions different than the propositions cited and relied upon by plaintiff.

Accordingly, here, again, Hewitt's assertion is incomplete to the point of distorting the facts.

Finally, Hewitt asserts that because plaintiff proffers, at pages 6-7 of his memorandum, what a complete response would sound like, that plaintiff simultaneously argues in this connection that "any departure" from this "script" is a breach of Hewitt's fiduciary duty.  Again, such assertion lacks merit in that plaintiff makes no such argument.

The court considered the SPD in rendering its 3/19/13 Memorandum & Order.  On page 40 of the SPD, exempt employees are expressly excepted from ERISA protections.   The court, however, does not recognize this aspect of the SPD in its 3/19/13 Memorandum & Order. Plaintiff argues here that such exception raises a probative question:  What should Ilene have answered in response to Levin's question "What disability benefits are available to me?"   If Ilene had duties required by ERISA, then her only response would have had to address LTD benefits because those are the only benefits available to Levin -- an exempt employee -- according to the SPD.   If Ilene had fiduciary duties originating from some other source, then, plaintiff argues, she was required to give a complete and accurate response to Levin's question "What disability benefits am I eligible for?"   Plaintiff does not argue that there is only one complete and accurate response Ilene could have made.  Instead, he argues that, well established precedent requires Ilene to have provided a complete and accurate response to Levin consistent with the full scope of whatever duty she had to Levin under the SPD.

Argument 5

If the court finds that plaintiff
has viably alleged a breach of
fiduciary duty against Hewitt,
it will, respectfully, be constrained
to find that the relief sought is
equitable


Plaintiff's motion for reconsideration does not ask the court to reconsider its holdings/findings on "proper remedies" under ERISA in its 3/19/13 Memorandum & Order.

However, if, upon reconsideration, the court finds that plaintiff has sufficiently alleged a breach of fiduciary duty claim against Hewitt in its SAC, then whether or not plaintiff seeks appropriate relief thereunder, respectfully, will depend upon the complaint in which such claim is contained.   The plaintiff has moved for leave to amend the complaint in this matter.   If leave is granted then, whether or not plaintiff seeks appropriate relief against Hewitt for its breach of fiduciary duty, must wait until the existence of such a document.  If leave is not granted, then plaintiff's claim against Hewitt will be the only extant claim plaintiff has.   In this instance, the equitable relief he seeks, which would indisputably restore to him the disability benefits wrongfully withheld from him, would be appropriate.

Conclusion

       For the foregoing reasons, the court is respectfully asked to reconsider its holding that the SAC does not viably assert a claim against Hewitt for breach of fiduciary duty in its Claim 1 and restore that claim to the court's trial calendar.


Dated: New York, NY
          April 17, 2013


                            Respectfully submitted,


                            ___/s/Harriette Boxer_____
                            HARRIETTE N. BOXER
                            Attorney for Plaintiff, Stanislav Levin
                            31 East 32nd STreet, Suite 300
                            New York, NY 10016