UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

STANISLAV LEVIN,                                        Civ. Act. No.: 11 CV 5252 (RJS)

                                        Plaintiff,

                -against-

CREDIT SUISSE INC., METROPOLITAN LIFE
INSURANCE COMPANY, and AON HEWITT, INC.

                                        Defendants.
------------------------------------------------------------------X


---

## METROPOLITAN LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT

---


SEDGWICK LLP
*Attorneys for Defendant*
*Metropolitan Life Insurance Company*
225 Liberty Street, 28th Floor
New York, NY 10281-1008
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925
(SDMA File No. 00584-7678)

*Michael H. Bernstein*
*Matthew P. Mazzola*
*Of Counsel*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................................ii

PRELIMINARY STATEMENT ...............................................................................................1

PROCEDURAL HISTORY .......................................................................................................2

ARGUMENT ..............................................................................................................................2

   POINT I LEVIN SHOULD NOT BE PERMITTED TO AMEND THE
   COMPLAINT FOR A THIRD TIME ...................................................................................2

   POINT II THE COURT SHOULD REJECT LEVIN'S PROPOSED AMENDED
   CAUSE OF ACTION FOR BENEFITS UNDER ERISA§502(A)(1)(B) ON THE
   GROUNDS OF FUTILITY ....................................................................................................6

   POINT III LEVIN'S BREACH OF FIDUCIARY DUTY CAUSE OF ACTION
   AGAINST METLIFE IS FUTILE. ......................................................................................10

      A.    Levin's Proposed Breach of Fiduciary Duty Cause of Action Against
            MetLife Fails to State a Claim Upon Which Relief Can Be Granted..........................10

      B.    Levin's Cause of Action for Breach of Fiduciary Duty Against MetLife
            is Time-Barred...........................................................................................................13

CONCLUSION...........................................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Aetna Health. v. Davila,*
542 U.S. 200 (2004) ..................................................................................................11

*Anderson News, L.L.C. v. American Media, Inc.,*
680 F.3d 162 (2d Cir. 2012) ...................................................................6, 8, 10, 13

*Armstrong v. McAlpin,*
699 F.2d 79 (2d Cir.1983) .........................................................................................3

*Biomed Pharms., Inc. v. Oxford Health Plans (N.Y.), Inc.,*
775 F.Supp.2d 730 (S.D.N.Y.2011) ........................................................................11

*Blakely v. Wells,*
209 Fed App'x 18, 20-21 (2d Cir. 2006)..............................................................4, 5

*Caputo v. Pfizer, Inc.,*
267 F.3d 181 (2d Cir. 2001) ....................................................................................14

*De Jesus v. Sears, Roebuck & Co.,*
87 F.3d 65, 72 (2d Cir.), *cert. denied,* 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996) ..............3

*Devlin v. Empire Blue Cross & Blue Shield,*
274 F.3d 76 (2d Cir. 2001) ......................................................................................11

*Foman v. Davis,*
371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ...............................5, 6, 8, 10, 13

*Frommert v. Conkright,*
433 F.3d 254 (2d Cir. 2006) *rev'd on other grounds* 130 S.Ct. 1640 (2010) ...........11

*In re Citigroup ERISA Litig.,*
662 F.3d 128 (2d Cir.2011) .....................................................................................12

*In re Eaton Vance Mut. Funds Fee Litigation,*
403 F.Supp.2d 310 (S.D.N.Y. 2005) .........................................................................4

*In re Merrill Lynch & Co., Inc.,*
273 F. Supp. 2d 351 (S.D.N.Y. 2003)........................................................................5

*In re Merrill Lynch Ltd. Partnerships Litigation,*
7 F.Supp.2d 256 (S.D.N.Y. 1997) .............................................................................3

*Klecher v. Metropolitan Life Ins. Co.,*
  331 F.Supp.2d 279 (S.D.N.Y. 2004) *aff'd* 167 Fed.Appx. 287 (2d Cir. 2006) .............................. 11, 12

*Lentell v. Merrill Lynch & Co., Inc.,*
  396 F.3d 161 (2d Cir. 2005) ...................................................................................................5

*Levin v. Credit Suisse, Inc,*
  2013 WL 1296312 (March 19, 2013 S.D.N.Y.) ..........................................................2, 9, 11, 12

*Magee* v. *Metropolitan Life Ins. Co.,*
  No. 07-cv-88169(WHP), 2009 WL 3682423 (S.D.N.Y. Oct. 15, 2009) .............................................10

*Mead v. Arthur Anderson LLP,*
  309 F.Supp.2d 596 (S.D.N.Y. 2004) ................................................................................12

*Miller* v. *United Welfare Fund,*
  72 F.3d 1066 (2d Cir. 1995) ....................................................................................10

*Mitra v. State Bank of India,*
  03 CIV. 6331 (DAB), 2005 WL 2143144 (S.D.N.Y. Sept. 6, 2005).......................................5

*Mooney v. Vitolo,*
  435 F.2d 838 (2d Cir.1970) ...................................................................................3

*National Petrochemical Co. of Iran v. M/T Stolt Sheaf,*
  930 F.2d 240 (2d Cir.1991) .................................................................................4

*Nechis v. Oxford Health Plans, Inc.,*
  421 F.3d 96 (2d Cir. 2005) ..................................................................................11

*Pegram v. Herdrich,*
  530 U.S. 211 (2000) .............................................................................................12

*PR Diamonds, Inc. v. Chandler,*
  364 F.3d 671 (6th Cir.2004) .................................................................................4

*Ricciuti v. N.Y.C. Transit Authority,*
  941 F.2d 119 (2d Cir.1991) .......................................................................6, 8, 10, 13

*Ronzani v. Sanofi S.A.,*
  899 F.2d 195 (2d Cir. 1990) ................................................................................5

*Rubio v. Chock Full O'Nuts Corp.,*
  254 F.Supp.2d 413 (S.D.N.Y. 2003) ......................................................................12

*Salute* v. *Aetna Life Ins Co.,*
  No. 04 CV 2035(TCP)(MLO), 2005 WL 1962254 (E.D.N.Y. Aug. 9, 2005)....................................10

*State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld,*
  921 F.2d 409 (2d Cir.1990) ................................................................................................ 4

*Varity Corp. v. Howe,*
  516 U.S. 489 (1996) ...................................................................................................... 11

*Vine v. Beneficial Finance Co.,*
  374 F.2d 627 (2d Cir.1967) ........................................................................................... 4

## Statutes

29 U.S.C. §1002(21)(A) ....................................................................................................... 12

29 U.S.C. §1113(2) .............................................................................................................. 13

Employee Retirement Security Act of 1974,
  29 U.S.C. §1001, *et seq.* ("ERISA") ................................................................................ 1

ERISA §413(2) .................................................................................................................... 13

ERISA §502(a)(1)(B) ............................................................................................. 1, 6, 9, 10, 11, 12

ERISA §502(a)(3) ............................................................................................................. 11, 12

Fed. R. Civ. P Rule 9(b) ..................................................................................................... 5

Fed. R. Civ. P. Rule 8 ........................................................................................................ 5

## PRELIMINARY STATEMENT

Defendant, Metropolitan Life Insurance Company ("MetLife"), respectfully submits this Memorandum of Law in Opposition to plaintiff Stanislav Levin's ("Levin") Motion for Leave to File a Third Amended Complaint. Levin commenced this action by filing his original Complaint on July 28, 2011. After the Defendants filed their respective Answers to the Complaint, Levin filed an Amended Complaint on November 7, 2011. MetLife immediately requested leave of Court to file a motion to dismiss plaintiff's Amended Complaint, and in response, Levin moved for leave to file a Second Amended Complaint. Levin subsequently filed a Second Amended Complaint on January 25, 2012. MetLife moved to dismiss Levin's Second Amended Complaint and by Memorandum and Order ("Order") dated March 19, 2013, the Hon. Richard J. Sullivan granted MetLife's Motion to Dismiss Levin's Second Amended Complaint in its entirety.  For the reasons discussed herein, this Court should deny Levin's motion for leave to file a <u>Third</u> Amended Complaint.

In 2008, Levin was an employee of Credit Suisse, Inc. ("CS") and as such, was enrolled as a participant in the Credit Suisse First Boston Corporation Group Short Term Disability Plan ("STD" Plan) and Long-Term Disability ("LTD Plan") (collectively as "Plans"), which are governed by the Employee Retirement Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA"). While benefits under the STD Plan were self-funded by CS, benefits under the LTD Plan were funded by a group policy of insurance issued by MetLife. MetLife acted as the claim administrator for both Plans. In June 2010, Levin belatedly filed a claim for LTD benefits, which was denied by MetLife as untimely. That adverse benefit determination was then upheld by MetLife on Levin's administrative appeal. Levin then commenced this action challenging MetLife's adverse benefit determination.

This Court should deny Levin's Motion to File a Third Amended Complaint because: (1) Levin's proposed amendments to his cause of action for the wrongful denial of benefits under ERISA §502(a)(1)(B) are all based on statements of fact that are demonstrably false; (2) Levin

provides no basis or justification for this Court to permit his new proposed cause of action for breach of fiduciary duty against MetLife; (3) Levin's new cause of action for breach of fiduciary duty against MetLife is futile and fails to state a claim upon which relief can be granted; (4) Levin's breach of fiduciary duty cause of action against MetLife is time-barred; and (5) Levin's proposed Third Amended Complaint does not cure the deficiencies of his Second Amended Complaint, which were identified by the Court in its March 19, 2013 Order that dismissed his Complaint with prejudice.

Given the foregoing, and as further discussed below, this Court should deny Levin's Motion for Leave to File a Third Amended Complaint against MetLife in its entirety.

## PROCEDURAL HISTORY

MetLife filed its motion to dismiss Levin's Second Amended Complaint ("SAC") on March 9, 2012.[1] (Doc. Nos. 31-24). The motion was fully briefed on April 19, 2012. (Doc. No. 40). Following oral argument on May 15, 2012, (Doc. No. 46), this Court issued its Order dated March 19, 2013 granting MetLife's Motion to Dismiss Levin's SAC in its entirety. On May 28, 2013, Levin filed a Motion for Leave to File a Third Amended Complaint ("TAC"). (Doc. Nos. 61-62). *See Levin v. Credit Suisse, Inc,* 2013 WL 1296312 (March 19, 2013 S.D.N.Y.)

## ARGUMENT

## POINT I
## LEVIN SHOULD NOT BE PERMITTED TO AMEND THE COMPLAINT FOR A THIRD TIME

Preliminarily, Levin's motion for leave to file his proposed TAC should be rejected outright because this Court previously permitted Levin, who is and was represented by experienced counsel, to amend the complaint on two previous occasions and thus, provided him with ample opportunity

---

[1] The Court is respectfully referred to the Declaration of Michael H. Bernstein dated March 9, 2012, which was filed in support of MetLife's Motion to Dismiss Levin's SAC for a detailed discussion of the procedural history for this matter prior to the defendants' respective motions to dismiss Levin's SAC. (Doc. No. 33).

to allege a viable claim against MetLife.  This Court should therefore deny Levin's motion for leave to amend the Complaint for a third time. *See De Jesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 72 (2d Cir.), *cert. denied,* 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996); *see also Armstrong v. McAlpin,* 699 F.2d 79, 93-94 (2d Cir.1983) ("Because the complaint whose allegations were being considered by the district court was plaintiffs' second amended complaint, the district court did not abuse its discretion in refusing to give plaintiffs a fourth attempt to plead."); *Mooney v. Vitolo,* 435 F.2d 838, 839 (2d Cir.1970) ("Plaintiffs here were twice given an opportunity to replead. Therefore, it was within the sound discretion of the district court to deny leave to replead on the third attempt."). In *In re Merrill Lynch Ltd. Partnerships Litigation,* 7 F.Supp.2d 256, 276 (S.D.N.Y. 1997), U.S. District Judge Harold Baer denied the plaintiff's motion for leave to file a third amended complaint, observing that "plaintiffs have the responsibility to plead their case adequately, without defendants' or the Court's assistance … a pleading is not an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges." *Id.*

Levin has had more than sufficient opportunity to plead and replead his claims against MetLife. On December 16, 2011, MetLife sent a letter to the Court requesting leave to file a motion to dismiss Levin's original Amended Complaint. (*See* Exhibit "A" to the Declaration of Michael H. Bernstein submitted in support of MetLife's Opposition to plaintiff's Motion for Leave "Bernstein Dec.").  Upon reviewing MetLife's letter, including the grounds for its anticipated motion to dismiss the First Amended Complaint, Levin moved for, and was granted leave to, file his SAC. (Doc. No. 23). MetLife submitted another letter to the Court dated February 6, 2012, requesting leave to file motion to dismiss Levin's SAC, which again identified the specific deficiencies in this pleading. (Ex. "B" to Bernstein Dec.). Levin did not request leave to file a TAC at that time. Instead, he chose to stand on this pleading an oppose MetLife's motion, which was ultimately successful, resulting in the

dismissal of Levin's SAC against MetLife. Levin's recent request for leave to amend his Complaint yet again, which was filed only after his SAC was dismissed with prejudice, should be rejected because he had ample opportunity to amend his Complaint prior to the Court's Order dismissing the SAC. Levin even concedes that "when a plaintiff has previously had ample opportunity to plead facts/allegations contained in the amended pleading, permission to amend is difficult to ascertain [sic]." (Levin's MOL at p. 4-5).

Indeed, "[w]hen the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly." *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld,* 921 F.2d 409, 418 (2d Cir.1990); *see also National Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 245 (2d Cir.1991) (collecting cases); *In re Eaton Vance Mut. Funds Fee Litigation*, 403 F.Supp.2d 310, 318 (S.D.N.Y. 2005). Levin amended his Complaint twice before MetLife filed its motion to dismiss the SAC, and he could have requested leave to amend his Complaint for a third time in opposition to MetLife's motion to dismiss the SAC or after oral argument. Levin chose to rest on his twice amended Complaint and opposed the motion to dismiss.  Having lost that motion, Levin now seeks the procedural equivalent of a "do-over," and asks the Court for leave to assert new theories and arguments that he never raised before. Despite Levin's position to the contrary, however, a plaintiff is "not entitled to an advisory opinion from the Court informing [him] of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *See In re Eaton Vance Mut. Funds Fee Litigation*, 403 F.Supp.2d 310, 318 (S.D.N.Y. 2005) *citing PR Diamonds, Inc. v. Chandler,* 364 F.3d 671, 699 (6th Cir.2004) (emphasis and citation omitted); *see also Vine v. Beneficial Finance Co.,* 374 F.2d 627, 637 (2d Cir.1967).

Levin relies on *Blakely v. Wells*, 209 Fed App'x 18, 20-21 (2d Cir. 2006) (Summary Order) to support his argument that he is entitled by law to file his TAC. (Levin's MOL at pp. 1). However,

Levin's reliance on *Blakely* is misplaced because in that case, the Second Circuit found that the district court abused its discretion by not granting the plaintiffs leave to file an amended complaint where they were *pro se* litigants and the initial complaint was dismissed because it was unintelligible and improperly structured in violation of Fed. R. Civ. P. Rule 8, not for failing to state a claim upon which relief can be granted under Rule 12(b)(6). By contrast, Levin has been represented by counsel throughout and he has already been granted several opportunities to amend his complaint to allege facts sufficient to support proper causes of action against MetLife, which he has repeatedly failed to do.[2]

Levin also argues that he should be permitted to file his proposed TAC against MetLife based on "new evidence" he received through discovery conducted after the defendants' respective motions to dismiss were fully briefed. (Levin's MOL at pp. 5-6). This argument is meritless because all of Levin's "new" allegations against MetLife are based on the documentation attached to MetLife's initial disclosures, which were served on November 11, 2011, (Levin's MOL at p. 7; TAC at ¶¶ 103-107; 108-113; *see also* Exhibit "C" to the Bernstein Dec.). In fact, Levin was in possession of MetLife's initial disclosures before he filed his SAC and thus, his representation that his TAC against MetLife is somehow based on new facts obtained through discovery is contrary to established facts. (Levin's MOL at pp. 5-6).

---

[2] Levin relies on several other cases to support his arguments in favor of the Court granting him leave to amend his Complaint for a third time. Several of these cases are similarly distinguishable because they concern dismissals pursuant to Fed. R. Civ. P Rule 9(b). *See also, In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 390-94 (S.D.N.Y. 2003) *aff'd sub nom. Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161 (2d Cir. 2005); *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990). In addition, nearly every case cited by Levin states that Courts may deny plaintiff's request for leave to amend his complaint when he repeatedly fails to cure deficiencies noted in earlier amended pleadings. *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 230 (1962); *Mitra v. State Bank of India*, 03 CIV. 6331 (DAB), 2005 WL 2143144 (S.D.N.Y. Sept. 6, 2005).

**POINT II**
**THE COURT SHOULD REJECT LEVIN'S PROPOSED**
**AMENDED CAUSE OF ACTION FOR BENEFITS UNDER**
**ERISA§502(a)(1)(B) ON THE GROUNDS OF FUTILITY**

Although district courts generally grant leave to amend complaints freely, such relief "may properly be denied if the amendment would be futile as when the proposed new pleading fails to state a claim on which relief can be granted." *See Anderson News, L.L.C. v. American Media, Inc.,* 680 F.3d 162, 185 (2d Cir. 2012); *see, e.g., Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Ricciuti v. N.Y.C. Transit Authority,* 941 F.2d 119, 123 (2d Cir.1991). Levin does not challenge the Court's decision in its Order dismissing his cause of action against MetLife for an award of LTD benefits under ERISA §502(a)(1)(B). Instead, Levin argues that he should be permitted to amend his ERISA §502(a)(1)(B) cause of action against MetLife because MetLife purportedly failed to reference a written statement that he submitted to MetLife in support of his administrative appeal in its claim file in its adverse determination letter. (*See* Exhibit "C" to the Declaration of Harriet Boxer submitted in support of Levin's MOL ("Boxer Dec."). Levin argues that as a result of this purported omission:

> MetLife crucially helps plaintiff demonstrate that only by selectively ignoring certain 'evidence' -- evidence which shows that a Plan Fiduciary affirmatively misrepresented the terms of the Plan -- could MetLife purport to deny Levin's claim.

(*See* Levin's MOL at p. 7). This argument is nothing less than a blatant misrepresentation of indisputable facts in the administrative record and as such, cannot provide any support for Levin's motion. Because this representation is demonstrably false, Levin's proposed TAC alleging an ERISA§502(a)(1)(B) claim against MetLife must be rejected as futile.

Initially, it must be noted that Levin improperly refers to MetLife's internal computerized claim notes as MetLife's entire claim file. (Levin's MOL p. 7)(Ex. "B" to Boxer Dec. at pp. LEVIN 00144 to 178). This is inaccurate because the administrative record is comprised of *all* of the

documents before MetLife at the time it made its final adverse benefit determination, including the actual documents submitted to MetLife. (*See* Ex. A to Bernstein Dec.). In fact, in MetLife's initial disclosures, which were produced to Levin on November 11, 2011, MetLife informed Levin's counsel that the entire claim file consists of Bates stamped pages LEVIN 00144 to 299. (*See Id.* at p. 2). Nevertheless, Levin inaccurately states in his motion that MetLife's claim file only consists of Bates stamped pages LEVIN 144 to 178.

More importantly, Levin inaccurately argues in his motion that MetLife did not reference Levin's written statement in its claim notes and that this circumstance provides the basis for his allegation that MetLife improperly denied his claim for LTD benefits. However, the claim notes clearly demonstrate that MetLife received, reviewed and considered Levin's "written and signed statement documenting the reason [he] was unable to submit a timely claim." (*See* Ex. "B" to Boxer Dec. at pp. LEVIN 00171-173). MetLife's final appeal determination letter also expressly discussed the exact statement Levin claims it ignored, and this letter was also included in MetLife's claim file. (*See* Exhibit "E" of the Declaration of Cindy Broadwater submitted in support of MetLife's Motion to Dismiss Plaintiff's SAC ("Ex. 'E' to Broadwater Dec.") at p. LEVIN 00181)(*See also* Ex. "A" to Bernstein Dec."). Specifically, MetLife informed Levin in its final appeal determination letter that it received his "written and signed statement documenting the reason why he was unable to submit a timely claim." *See Id.* MetLife's letter further states:

> Mr. Levin indicated that upon advising his employer that he was unable to work, his employer advised him that all questions about the benefits available to him would be answered definitively by Hewitt Management. Mr. Levin [stated that he contacted Hewitt] and spoke with Eileen back in March of 2008 with regard to his claims arising out of his inability to work. Mr. Levin noted that he was advised to file a workers' compensation claim and that there would be no short term claim for disability benefits available.

*See Id.* Thus, it is clear that MetLife considered and rejected Levin's written explanation for filing his claim in an untimely manner. Consequently, Levin's argument stating that MetLife did not consider this written explanation is demonstrably false and patently frivolous.

Despite Levin's misrepresentations, MetLife's final adverse determination letter demonstrates that it reviewed and considered Levin's written statement submitted on appeal, but found that Levin was admittedly in possession of the Summary Plan Description ("SPD"), which discusses the terms of the LTD Plan at all relevant times and thus, was in possession of all the information he needed to submit a timely LTD claim. *See Id.* MetLife informed Levin that while he may have been advised that he would not be entitled to STD benefits for a work-related injury, the Plan did not state that he would be ineligible for LTD benefits under such circumstances.[3] *Id.* at pp. Levin 181-182. Levin does not even suggest that he was affirmatively misled about whether he could have timely applied for LTD benefits. (*See* Ex. "C" to Boxer Dec.). Rather, he states that it was "his understanding" that he was required to receive STD benefits before he could apply for LTD benefits and since no STD benefits were available, he could not file a claim for LTD benefits. *Id.* Under these circumstances, Levin's misrepresentations alleging that MetLife's claim file did not reference his written statement in support of his LTD claim is an insufficient ground to support his motion for leave to file a TAC. In fact, the proposed amendment must be rejected as futile because Levin fails to state a claim for benefits under §502(a)(1)(B) for which relief can be granted. *See Anderson News, L.L.C.,* 680 F.3d at 185; *see, e.g., Foman,* 371 U.S. at 182- 83; *Ricciuti,* 941 F.2d at 123.

Levin also sets forth the following new allegations in his proposed TAC to support his claim that MetLife acted in arbitrary and capricious manner:

---

[3] Notably, Levin's TAC merely alleges that MetLife acted in an arbitrary and capricious manner for completely disregarding his statement, which is, again, demonstrably false.

109. MetLife denied Levin's claim for LTD benefits because "the Plan does state that Worker's Compensation is a reduction from the LTD benefit, and does not state that [you] would not be eligible for LTD benefits."

110. However, page 17 of the SPD explicitly states that in order to be eligible for LTD benefits the applicant must be "employed" by CS.

111. Therefore MetLife's "finding" that the Plan (SPD) sufficiently apprises Levin that, 26 weeks after he stopped working, he was eligible to apply for and/or receive LTD benefits is not supported by substantial (or any) evidence and must be deemed to be an arbitrary finding.

None of these new allegations are mentioned, much less supported, by arguments in Levin's motion and thus, he has offered no explanation or justification for the Court to permit him to assert these new allegations at this time. Moreover, Levin does not allege that he raised this purported ambiguity in the SPD with MetLife during its initial review of his initial LTD benefit claim or on appeal. As this Court previously observed in its Order dismissing Levin's ERISA § 502(a)(1)(B) cause of action against MetLife:

> MetLife cannot have acted arbitrarily and capriciously simply because it failed to consider a justification for late filing that Plaintiff had not even raised

(TAC at ¶¶ 108-113); *See Levin,* 2013 WL 1296312 at *8.

In fact, the majority of the new allegations in Levin's proposed TAC concern purported ambiguities in the SPD that supposedly caused him to untimely file his claim for LTD benefits. (TAC ¶¶ 43-47, 103-113). Notably, Levin does not allege that he raised any of these alleged ambiguities to MetLife during its review of his claim on administrative appeal because any such allegation would misrepresent the facts in the administrative record.[4]  *See Id.*

Levin also improperly relies on his recently prepared affidavit, which he has submitted for the first time in support of his motion for leave to file the proposed TAC. (Doc. No. 61-1). This affidavit is improper because it is not part of the administrative record and, as such, is

---

[4] None of these purported ambiguities were identified in Levin's written statement to MetLife in support of his administrative appeal. (*See* Ex. "C" to Boxer Dec.).

inadmissible to support Levin's cause of action under ERISA § 502(a)(1)(B). It is well-settled that this Court must not consider any evidence outside of the "administrative record" when it reviews the administrative record under the applicable arbitrary and capricious review standard. *See Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995); *see also Magee* v. *Metropolitan Life Ins. Co.*, No. 07-cv-88169(WHP), 2009 WL 3682423, *2 (S.D.N.Y. Oct. 15, 2009); *Salute* v. *Aetna Life Ins Co.*, No. 04 CV 2035(TCP)(MLO), 2005 WL 1962254, *6 (E.D.N.Y. Aug. 9, 2005). The administrative record is comprised of all information that was before the claims fiduciary when it considered the plaintiff's request for benefits. *See Miller*, *supra*. Accordingly, Levin's Affidavit, which was "signed"[5] more than two years after MetLife's final appeal determination letter was issued, is outside the administrative record and thus, cannot be considered by the Court in determining whether MetLife's final adverse benefit determination was reasonable.

**POINT III**
**LEVIN'S BREACH OF FIDUCIARY DUTY CAUSE OF**
**ACTION AGAINST METLIFE IS FUTILE.**

**A.** **Levin's Proposed Breach of Fiduciary Duty Cause of Action Against MetLife Fails to State a Claim Upon Which Relief Can Be Granted.**

Levin's proposed TAC asserts a new cause of action against MetLife for breach of ERISA fiduciary duty. (TAC at ¶¶ 103-107). This proposed amendment must be rejected as futile because it fails to state a viable cause of action against MetLife. *See Anderson News, L.L.C.*, 680 F.3d at 185; *see, e.g., Foman,* 371 U.S. at 182- 83; *Ricciuti,* 941 F.2d at 123. Specifically, Levin alleges that MetLife breached its fiduciary duty by failing to properly train Aon Hewitt ("Hewitt") employees to provide

---

[5] Levin's affidavit is electronically signed, which is improper for non-lawyers. As such, it is not even the sworn document it purports to be.

accurate, full, and complete information about the Plan to Credit Suisse employees. (TAC at ¶¶ 103-107).

Preliminarily, it must be noted that Levin's motion does not request leave from this Court to include this new cause of action in his TAC and thus, he has not provided any explanation for why it should be permitted at this stage of the proceedings. The Court should therefore reject this proposed amendment outright.

Moreover, Levin's breach of fiduciary duty cause of action under ERISA §502(a)(3) is improper as a matter of law because his only legally cognizable cause of action available to redress MetLife's alleged improper denial of his LTD benefit claim is under ERISA §502(a)(1)(B). *See Aetna Health. v. Davila*, 542 U.S. 200, 206 (2004); *see also Biomed Pharms., Inc. v. Oxford Health Plans (N.Y.), Inc.,* 775 F.Supp.2d 730, 738 (S.D.N.Y.2011); *Levin,* 2013 WL 1296312 at *4. In fact, the Supreme Court has held that ERISA §502(a)(3) "offer[s]  appropriate equitable relief for injuries caused by violations that [ERISA] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996); *Klecher v. Metropolitan Life Ins. Co.*, 331 F.Supp.2d 279, 286 (S.D.N.Y. 2004) *aff'd* 167 Fed.Appx. 287 (2d Cir. 2006).

Courts in this Circuit have held that if a plaintiff seeks relief under ERISA §502(a)(3), the reviewing Court must consider whether the plaintiff could have pursued an alternative and effective remedy under ERISA §502(a)(1)(B).  *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 103 (2d Cir. 2005); *Ranno*, 2010 WL 2194526 at *4. While it is possible for a plaintiff to simultaneously allege both an ERISA §502(a)(3) claim and a §502(a)(1)(B) claim in the same action, the allegations supporting the §502(a)(3) cause of action must demonstrate that the relief sought under ERISA §502(a)(1)(B) is inadequate. *See Frommert v. Conkright*, 433 F.3d 254, 272 (2d Cir. 2006) *rev'd on other grounds* 130 S.Ct. 1640 (2010); *Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 89-90 (2d Cir. 2001). A cause of action under ERISA §502(a)(3) is not appropriate, however, where the relief

sought is not distinct from, and is merely duplicative of, a claim for benefits under ERISA §502 (a)(1)(B). *Mead v. Arthur Anderson LLP*, 309 F.Supp.2d 596, 598 (S.D.N.Y. 2004). Where (as here) a plaintiff simply disputes the denial of a claim for LTD Plan benefits, his claim may only be vindicated under ERISA §502(a)(1)(B) and thus, claims seeking "other appropriate equitable relief" under ERISA§502(a)(3) are improper and subject to dismissal. *Klecher*, 331 F.Supp.2d at 286-288 *aff'd* 167 Fed.Appx. 287; *Rubio v. Chock Full O'Nuts Corp.*, 254 F.Supp.2d 413, 431-32 (S.D.N.Y. 2003). Indeed, this Court held in its March 19, 2013 Order that "[b]ecause ERISA [§502(a)(1)(B)] specifically provides the very remedies plaintiff seeks in connection with his fiduciary duty claims, equitable relief is unavailable for those claims and those claims must be dismissed." *See Levin,* 2013 WL 1296312 at *6. It is important to note that Levin did not seek reconsideration of this ruling pursuant to Local Rule 6.3 of the Local Rules of the U.S. District Courts for the Southern and Eastern District Courts of New York. Levin may not now seek such reconsideration under the guise of a motion for leave to file an amended complaint.

Levin's breach of fiduciary duty cause of action against MetLife is also based on an improper understanding of the scope of MetLife's fiduciary duty under the Plan. Pursuant to 29 U.S.C. §1002(21)(A), "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan." It is undisputed that MetLife was granted discretionary authority by CS to administer benefit claims under the LTD Plan. (Plaintiff's Second Amended Complaint at ¶ 94). Accordingly, under ERISA, MetLife acted in a limited fiduciary capacity in this case; i.e. MetLife only acted as a fiduciary when and to the extent that it rendered discretionary determinations pursuant to the terms of the Plans. *See Levin,* 2013 WL 1296312, *4; *Pegram v. Herdrich*, 530 U.S. 211, 224-225 (2000); *In re Citigroup ERISA Litig.,* 662 F.3d 128, 135 (2d Cir.2011) ("[A] person may be an ERISA fiduciary with respect to certain matters but not others. Therefore, in suits alleging breach of fiduciary duty, the threshold

question is whether the defendants were acting as fiduciaries when taking the action subject to complaint." (internal quotation marks and citations omitted)).

Levin's allegation that MetLife owed him a fiduciary duty to provide services beyond reviewing and adjudicating benefit claims pursuant to the terms of the Plan is unsupported in the law.  In fact, Levin does not cite any authority to support his allegations that MetLife owed him any duty to train Hewitt's employees, nor did this purported duty relate in any way to MetLife's administration of claims under the Plan. As such, Levin's proposed new breach of ERISA fiduciary duty cause of action against MetLife is futile and should be rejected.

Lastly, Levin's breach of fiduciary duty cause of action against MetLife is utterly futile because there is no evidence to even suggest that MetLife had any duty (legal, equitable or otherwise) to train Hewitt's employees. First, MetLife had no contractual relationship with Hewitt. Second, to the extent that MetLife issued group policies to Credit Suisse, nothing in those policies required MetLife to train Hewitt's employees. Third, Levin has not identified any basis upon which to predicate his allegation that MetLife owed him a duty to train Hewitt's employees, much less, identified any basis upon which to find MetLife assumed such a duty. As such, this cause of action is entirely without legal or factual support and is futile. This Court should therefore reject plaintiff's request for leave to add this cause of action to the TAC. *See Anderson News, L.L.C.*,  680 F.3d at 185; *see, e.g., Foman,* 371 U.S. at 182- 83; *Ricciuti,* 941 F.2d at 123.

**B.**     **Levin's Cause of Action for Breach of Fiduciary Duty Against MetLife is Time-Barred[6]**

ERISA §413(2), 29 U.S.C. §1113(2) bars any claim for breach of ERISA fiduciary duty

---

[6] MetLife respectfully refers the Court to its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's SAC ("MetLife's MOL") and its Reply Memorandum of Law in Further Support of its Motion to Dismiss Plaintiff's SAC (MetLife's Reply") for a discussion of the relevant law and facts to support its position on this point, which is incorporated herein by reference. (*See* MetLife's MOL at pp.17 to 18); (*See* MetLife's Reply pp. 9-10).

commenced more than "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." The Second Circuit has ruled that this statute of limitations accrues as soon as the plaintiff "has knowledge of all material facts necessary to understand that an ERISA fiduciary has breached his or her duty or otherwise violated the Act." *Caputo v. Pfizer, Inc.,* 267 F.3d 181, 193 (2d Cir. 2001). Here, all of the facts forming the basis for Levin's cause of action for breach of fiduciary duty were evident at the time he received the SPD in March 2008. (SAC at ¶ 42; TAC at § 23). Levin alleges, with absolutely no legal or factual basis, that MetLife breached its fiduciary duty by not properly training Hewitt's employees based on certain misrepresentations Hewitt allegedly made to Levin. (SAC at ¶ 107; TAC at ¶¶ 103-107). Levin admits that Hewitt's alleged misrepresentations occurred in March 2008 and thus, admits that any alleged breach of fiduciary duty occurred during or before March 2008. (SAC at ¶ 42; TAC at ¶¶ 22-28, 103-107). Levin also alleges that in March 2008 he was in possession of the SPD, which states that he was eligible to apply for both STD and LTD benefits at that time. (SAC at ¶ 42; TAC at § 23; Ex. "C" to Broadwater Dec.). Consequently, Levin was in possession of all of the material facts necessary to appreciate that the alleged ERISA fiduciary breach had occurred at that time. (SAC at ¶¶ 42, 101,103). Therefore, the governing statute of limitations for this cause of action expired three years after March 31, 2008, on March 31, 2011. Levin did not commence this lawsuit until July 28, 2011; approximately four months after the statute of limitations expired. Accordingly, Levin's breach of fiduciary duty cause of action against MetLife is time-barred, and therefore, futile.

## **CONCLUSION**

For the foregoing reasons, this Court should deny plaintiff's Motion for Leave to File a Third Amended Complaint against MetLife.

Dated: New York, New York
June 19, 2013

Respectfully submitted,

s/_____
MICHAEL H. BERNSTEIN
MATTHEW P. MAZZOLA
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, NY 10281-1008
Tel. (212) 422-0202
Fax (212) 422-0925
*Attorneys for Defendant*
*Metropolitan Life Insurance Company*

## CERTIFICATE OF SERVICE

I, Matthew P. Mazzola, hereby certify and affirm that a true and correct copy of the attached

**MetLife's Memorandum of Law in Opposition to Plaintiff's Motion to File a Third**

**Amended Complaint** was served **via ECF and Regular Mail** on June 19, 2013, upon the

following:

Harriette N. Boxer
Law Office of Harriette N. Boxer
*Attorney for Plaintiff*
31 East 32nd Street, Suite 300
New York, New York
1(212)-481-8484

Ira G. Rosenstein, Esq.
Morgan, Lewis & Bockius, LLP
*Attorney for Defendant Credit Suisse,*
*and Hewitt, Inc.*
101 Park Avenue
New York, NY 10178-0060
Phone: 212.309.6960
Fax: 212.309.6001

s/_____
MATTHEW P. MAZZOLA (MM-7427)