UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
STANISLAV LEVIN,

       Plaintiff,                                Civil Action No.:  **2011 CIV 5252- RJS**

   -against-

CREDIT SUISSE INC., METROPOLITAN
LIFE INSURANCE COMPANY, and
AON HEWITT, INC.

       Defendants.
---------------------------------------------------------x


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

                                                         Ira G. Rosenstein
                                                          101 Park Avenue
                                                          New York, New York  10178
                                                          Tel. 212-309-6000
                                                          Fax. 212-309-6001


                                                  Counsel for Defendants Aon Hewitt, Inc.
                                                   and Credit Suisse, Inc.

Dated: June 19, 2013
       New York, NY

## TABLE OF CONTENTS

Page

I.  PLAINTIFF HAS NOT AND CANNOT MEET THE REQUIREMENTS
    NECESSARY FOR POST-JUDGMENT LEAVE TO FILE AN AMENDED
    COMPLAINT ............................................................................................................... 1

    A.  Standard For Post-Judgment Leave To File An Amended Complaint .................. 1

    B.  Plaintiff Has Not Articulated Any Basis For Vacating Or Setting Aside
        The Court's March Order Dismissing The Complaint ........................................... 2

II. PLAINTIFF'S PROPOSED AMENDMENTS DO NOT STATE A VIABLE
    CLAIM AGAINST DEFENDANTS ............................................................................... 5

III. CONCLUSION ................................................................................................................ 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Allen v. Costello*,
 No. 03-4957, 2008 WL 361191 (E.D.N.Y. Feb. 8, 2008) ..........................................................4

*Becnel v. Deutsche Bank AG*,
 838 F. Supp. 2d 168 (S.D.N.Y. 2011)...................................................................................2, 3

*Berman v. Morgan Keegan & Co.*,
 No. 10-5866, 2011 U.S. Dist. LEXIS 60874 (S.D.N.Y. June 3, 2011),
 *aff'd*, 455 F. App'x 92 (2d Cir. 2012)......................................................................................4

*Cullen v. City of New York*,
 No. 07-3644, 2010 U.S. Dist. LEXIS 142806 (E.D.N.Y. July 13, 2010)..................................6

*Gibson v. Comm'r of Mental Health*,
 No. 04-4350, 2009 U.S. Dist. LEXIS 10217 (S.D.N.Y. Feb. 11, 2009)...................................4

*In re Eaton Vance Mut. Funds Fee Litig.*,
 403 F. Supp. 2d 310 (S.D.N.Y. 2005), *aff'd*, 481 F.3d 110 (2d Cir. 2007) ...............................5

*Levin v. Credit Suisse, Inc.*,
 No. 11-5252, 2013 U.S. Dist. LEXIS 49820 (S.D.N.Y. Mar. 19, 2013) ...............................2, 6

*Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*,
 930 F.2d 240 (2d Cir. 1991).....................................................................................................2

*Sampson v. Robinson*,
 No. 07-6890, 2008 U.S. Dist. LEXIS 90978 (S.D.N.Y. Oct. 31, 2008) ...................................4

*Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*,
 351 F. App'x 472 (2d Cir. 2009) ..............................................................................................2

*Williams v. Citigroup Inc.*,
 659 F.3d 208 (2d Cir. 2011).....................................................................................................2

**RULES**

Fed. R. Civ. P. 15(a) ...................................................................................................................1, 2

Fed. R. Civ. P. 59(e) ...................................................................................................................1, 2

Fed. R. Civ. P. 60(b) ...................................................................................................................1, 2

Defendants Credit Suisse Securities (USA) LLC ("Credit Suisse") and Aon Hewitt Associates LLC ("Aon Hewitt") (collectively "Defendants") hereby oppose Plaintiff's Motion for Leave to File a Third Amended Complaint ("Motion To Amend"), following the Court's March 19, 2013 Memorandum and Order ("March Order") dismissing Plaintiff's Complaint against Defendants in its entirety.

Plaintiff's Motion To Amend should be denied as an improper and futile attempt to revive claims previously dismissed by the Court in their entirety.  As aptly stated by the Court in its April 30, 2013 Order, "Plaintiff has already tried and failed three times to adequately plead causes of action in this matter."  Plaintiff's fourth bite at the apple likewise fails because it does not meet the Second Circuit's standard for post-judgment leave to file an amended complaint.

The threshold requirement for post-judgment leave to file an amended complaint is an order pursuant to the Federal Rules of Civil Procedure 59(e) or 60(b) that the judgment be vacated or set aside.  Plaintiff has failed to satisfy the requirements necessary to vacate or set aside the Court's March Order dismissing the Complaint.  Moreover, Plaintiff's proposed amendments do nothing to resurrect his claims, which were properly dismissed by the Court in their entirety.  Accordingly, Plaintiff's instant Motion should be denied and Defendants should be awarded all costs and fees associated with having to continue to defend against Plaintiff's frivolous, harassing, and misleading attempts to advance claims already dismissed by this Court.

**I.    PLAINTIFF HAS NOT AND CANNOT MEET THE REQUIREMENTS NECESSARY FOR POST-JUDGMENT LEAVE TO FILE AN AMENDED COMPLAINT**

    **A.    _Standard For Post-Judgment Leave To File An Amended Complaint._**

Plaintiff mischaracterizes the standard of review applicable to his Motion To Amend. Plaintiff's argument that "[t]he court should freely give leave [to amend] when justice so requires," as set forth in Fed. R. Civ. P. 15(a), fails to take into account the fact that he is seeking

1

leave to amend his Complaint post-judgment.  Indeed, the Second Circuit has cautioned that "'Rule 15's liberality must be tempered by considerations of finality' when leave to file an amended complaint is sought post-judgment." *Becnel v. Deutsche Bank AG*, 838 F. Supp. 2d 168, 170 (S.D.N.Y. 2011) *(*quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011)).  Therefore, "[a] party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*, 351 F. App'x 472, 474 (2d Cir. 2009); *see also Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244-45 (2d Cir. 1991).  This logic is sound – unless the judgment dismissing the complaint is set aside, there is no complaint to amend.  *See Becnel*, 838 F. Supp. 2d at 172 (holding that "concerns for finality and the expeditious termination of litigation clearly weigh in favor of denying [plaintiff] post-judgment leave to amend his complaint").

The Court dismissed Plaintiff's Complaint in its entirety on March 19, 2013, correctly finding that Plaintiff failed to allege facts sufficient to demonstrate a plausible claim for fiduciary breach against Defendants.  *See Levin v. Credit Suisse, Inc.*, No. 11-5252, 2013 U.S. Dist. LEXIS 49820 (S.D.N.Y. Mar. 19, 2013).  Therefore, Plaintiff must first establish a valid basis for setting aside the Court's March Order.  This he has not done – and cannot do.

### B. *Plaintiff Has Not Articulated Any Basis For Vacating Or Setting Aside The Court's March Order Dismissing The Complaint.*

Plaintiff's Motion To Amend fails to set forth a valid basis for vacating or setting aside the Court's March Order.  Courts may vacate or set aside a judgment based, *inter alia*, on the availability of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b).  Courts apply a "strict standard for determining what qualifies as 'newly discovered evidence'" for

purposes of vacating an order:

> "the moving party must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." *Becnel*, 838 F. Supp. 2d at 171.

Plaintiff argues that the March Order should be vacated and he should be granted leave to file a third amended complaint "based on his acquisition of new facts and new documents." (Pl. Motion To Amend, p. 8.) However, Plaintiff cannot meet the strict standard for "newly discovered evidence" because he was not justifiably ignorant of the facts, despite due diligence, prior to the Court's March Order nor are the documents of such importance that they would have changed the outcome.

Plaintiff's claim that his Motion To Amend is "almost solely dependent upon the existence of and facts contained [in] Exhibits A and D" and his argument that he was justifiably ignorant of the facts contained in these documents until "well after submission of [] his [] opposition to defendants' motions to dismiss" (Pl. Motion To Amend, p. 4) is demonstrably untrue. Plaintiff admits that he received the documents upon which he relies on March 9, 2012. Plaintiff submitted his opposition to defendants' motion to dismiss on April 2, 2012. March 9, 2012 is of course ***before***, not after, April 2, 2012, the date upon which Plaintiff submitted his opposition to Defendant's motion to dismiss the Complaint. Moreover, Plaintiff admits that he received these documents more than a year before the Court issued its Order on March 19, 2013. It is clear that Plaintiff had the opportunity to assert any amendment based on Exhibits A and D before he filed his opposition to Defendants' motion to dismiss and well before judgment was rendered by the Court. He chose not to do so. Plaintiff was not justifiably ignorant of the facts contained in these documents prior to the Court's March Order.

3

In any event, Plaintiff also cannot demonstrate that the information contained in Exhibits A and D are of such importance that they probably would have changed the outcome. No logical reading of these documents could plausibly support Plaintiff's claim that he was provided materially misleading information by an ERISA fiduciary about his Long-Term Disability Benefits upon which he detrimentally relied. (*See* Declaration of Harriette N. Boxer, Exhibits A & D.) Indeed, these documents show nothing of the sort.

In sum, Plaintiff is not seeking to introduce newly discovered evidence; rather, he is trying to use facts previously in his possession in an attempt to cure deficiencies in his Second Amended Complaint. Courts have expressly rejected such attempts. *See Sampson v. Robinson*, No. 07-6890, 2008 U.S. Dist. LEXIS 90978 (S.D.N.Y. Oct. 31, 2008); *See also Gibson v. Comm'r of Mental Health*, No. 04-4350, 2009 U.S. Dist. LEXIS 10217, at *3 (S.D.N.Y. Feb. 11, 2009) (internal citations and footnote omitted). Motions to set aside a judgment are "not a 'second bite at the apple' for a party dissatisfied with a court's ruling, nor is it an opportunity to 'advance new facts, issues or arguments not previously presented to the Court.'" *Allen v. Costello*, No. 03-4957, 2008 WL 361191, at *1 (E.D.N.Y. Feb. 8, 2008) (internal citations omitted) (emphasis added); *see Berman v. Morgan Keegan & Co.*, No. 10-5866, 2011 U.S. Dist. LEXIS 60874, at *9 (S.D.N.Y. June 3, 2011) (stating that "seeking to amend to add facts that could have been alleged or called to the Court's attention before final judgment was entered without setting forth good reason for such a delay does not persuade the court to alter or amend the judgment[s] or to permit plaintiffs to amend the Complaint post-judgment"), *aff'd*, 455 F. App'x 92 (2d Cir. 2012). For these reasons, Plaintiff's request to vacate the Court's March

Order and file a third amended complaint should be denied.[1]

## II. PLAINTIFF'S PROPOSED AMENDMENTS DO NOT STATE A VIABLE CLAIM AGAINST DEFENDANTS

Even if Plaintiff could properly amend his pleading now, his proposed amendments do not state a viable claim against Defendants. Plaintiff offers no legal support to suggest that any of his new allegations or manipulations of the "facts" could, under any circumstances, form the basis of a legally viable claim under ERISA or any other state or federal law.

Plaintiff now alleges that Defendants somehow breached a fiduciary duty by providing him with a copy of the SPD in 2008, upon his request, rather than in 2003, when Plaintiff first became eligible for benefits. This defies logic and is unsupported by any reasonable interpretation of ERISA. Under Plaintiff's theory, a plan fiduciary would be required to affirmatively provide each plan participant with a physical copy of the SPD (rather than upon request or by making it available on the website), so that each participant "would have [an] opportunity to fully, slowly, and carefully read the SPD . . . [and] ask questions about anything in the SPD" before any diagnosis of any potentially qualifying disability. (See Proposed Third Amended Complaint, at ¶ 52.) Such a position simply has no basis in law.

Of course, Plaintiff does not contend, nor can he, that the 2003 SPD was not made available to him online, in the same manner that he viewed the SPD in 2008, or that he ever requested, but was not provided, the SPD or any other plan documents at any time. In particular,

---

[1] Plaintiff's Motion to Amend should also be denied because Plaintiff has had more than ample opportunity to amend the Complaint to cure its deficiencies prior to the Court's March Order. The Southern District has held that leave to amend will not be granted where, as here, a plaintiff has had "ample notice of defects in [his] complaint and opportunity to cure them before the Court ruled on the motion to dismiss." *In re Eaton Vance Mut. Funds Fee Litig.*, 403 F. Supp. 2d 310, 318-319 (S.D.N.Y. 2005) (denying leave to amend complaint for third time after court granted defendants' motion to dismiss), *aff'd*, 481 F.3d 110 (2d Cir. 2007). This Court has already examined three iterations of Plaintiff's claims, entered its judgment, and directed the Clerk to close this case. Plaintiff has had more than sufficient notice of deficiencies in his original Complaint, was afforded an opportunity to amend twice already, and should not be permitted to do so a third time, simply because he is dissatisfied with the Court's March Order.

the Court already noted that, absent an allegation that Plaintiff requested but was not provided an SPD or other information by any Defendant, he could not state a claim for fiduciary breach. *See Levin v. Credit Suisse, Inc.*, No. 11-5252, 2013 U.S. Dist. LEXIS 49820, at *19 (S.D.N.Y. Mar. 19, 2013). Plaintiff's purported amendment suffers the identical fatal flaw.

Plaintiff also asserts various "new" causes of action against Defendants based on an alleged failure to define terms contained in the SPD.[2] ERISA, however, does not impose a duty requiring any of the information Plaintiff contends was missing to be contained in the Plan. As this Court held previously, and as is applicable still, "although Plaintiff offers many suggestions as to how the SPD could have been improved, he does not allege that such information was actually required by statute. Accordingly, Plaintiff has not plausibly alleged that Defendants' failure to provide him with a useful SPD was the cause of his failure to timely file for [LTD] benefits." *Id*. at *11. Nothing Plaintiff offers in his most recent submission to the Court warrants a departure from the Court's March Order and Plaintiff should not be permitted to continue to scour the language of the SPD in hopes of being able to advance yet another new theory of the case.[3]

Finally, Plaintiff's request to amend the caption to put additional entities on notice of potential claims against them cannot be granted absent any allegation that would connect any of those entities to any alleged misconduct here. *Cullen v. City of New York*, No. 07-3644, 2010 U.S. Dist. LEXIS 142806, at *51 (E.D.N.Y. July 13, 2010) (finding that, "[i]t [wa]s futile to join

---

[2] For example, Plaintiff claims that by including the term "sickness" under the definition of "disability" under the Plan, but declining to specifically define "sickness" to include each potential ailment that could possibly constitute a "sickness," such as Plaintiff's Repetitive Strain Injury, Defendants violated their fiduciary duties to plan participants. ERISA imposes no such duty on plan fiduciaries.

[3] In addition, as fully briefed in Defendants' March 9, 2012 Memorandum of Law in Support of their Motion to Dismiss, Plaintiff's claims continue to be barred by the applicable statute of limitations and the remedies he seeks remain unavailable to him. Plaintiff makes no proposed amendment to cure these deficiencies.

6

the [additional] defendants as parties in th[e] matter because [plaintiff] failed to state a single actionable claim against them"). Plaintiff does not and cannot make such allegations, and he should not be permitted to amend again to harass additional entities with the threat of meritless litigation.

### III. CONCLUSION

For all of the reasons stated above, Plaintiff's Motion To Amend Complaint should be denied and Defendants should be awarded all costs and fees associated with having to defend against this Motion To Amend.

Dated:   New York, New York             Respectfully submitted,
         June 19, 2013

                                        MORGAN, LEWIS & BOCKIUS LLP

                                        By: /s/ Ira G. Rosenstein
                                        Ira G. Rosenstein
                                        101 Park Avenue
                                        New York, New York 10178
                                        Tel. 212-309-6000
                                        Fax. 212-309-6001


                                        Counsel for Defendants Credit Suisse Securities
                                        (USA) LLC and Aon Hewitt Associates LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 19, 2013, I filed the foregoing Opposition to Plaintiff's Motion to Amend the Complaint electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Harriette N. Boxer
>Attorney at Law
>31 East 32nd Street
>Suite 300
>New York, NY 10016
>212-481-8484, ext. 329
>*ATTORNEY FOR PLAINTIFF*

>Michael H. Bernstein
>Sedgwick LLP
>125 Broad Street
>39th Floor
>New York, NY 10004-2400
>212-422-0202
>*ATTORNEY FOR DEFENDANT MET LIFE*

>/s/ Ira G. Rosenstein
>    Ira G. Rosenstein