LAW OFFICE OF HARRIETTE N. BOXER
Attorney for Plaintiff, Stanislav Levin
31 East 32nd Street, Suite 300
New York, New York 10016
212-481-8484
Harriette N. Boxer, Esq. HB-9681

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
STANISLAV LEVIN,

        Plaintiff,                       Civil Action No.:  2011 CIV 5252- RJS

  -against-                                ECS CASE

CREDIT SUISSE INC., METROPOLITAN
LIFE INSURANCE COMPANY, and
AON HEWITT, INC.

        Defendants.
---------------------------------------------------------x

# ***REPLY***

LEVIN'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO AMEND COMPLAINT

REPLY

TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| Table of Cases | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ii |
| Argument |  |  |
| D. | Plaintiff should be given the opportunity to fully articulate his grievances against MetLife, EBC, CSBSC, and Hewitt . . . . . . . . . . . . . | 1 |
| E. | The claims Levin articulates in his TAC are viable and timely . . . . . . . . . . . . . | 4 |
| Conclusion | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 7 |

TABLE OF CASES

Page

*Am. Med. Ass'n v. United Healthcare Corp*,
    2006 WL 3833440 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Denny v. Barber*
    576 F.2d 465, 471 (2d Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . 1-2

*Downes v. JP Morgan Chase & Co.*
    2004 WL 1277991 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*
    2011 WL 4072027 (S.D.N.Y. 2011) . . . . . . . . . . 1, 2

*In re Merrill Lynch & Co., Inc.*
    273 F. Supp. 2d 351 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . 2

*Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf*
    930 F.2d 240, 245 (2d Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . 1

*New York v. Green*
    420 F.3d 99, 104 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . 1

*Scheuer v. Rhodes*
    416 U.S. 232, 236, 94 S. Ct. 1683 (1974) . . . . . . . . . . . . . . . . . . . . . . . 6

*Smith v. First UNUM Life Ins. Co.*
    1999 WL 369958 (E.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . 6

*Williams v. Citigroup Inc.*
    659 F.3d 208, 213 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . 1, 3

*Zervos v. Verizon New York, Inc.*
    252 F.3d 163, 168-69 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT D

PLAINTIFF SHOULD BE GIVEN THE OPPORTUNITY
TO FULLY ARTICULATE HIS GRIEVANCES
AGAINST METLIFE, EBC, CSBSC, AND HEWITT

While the Second Circuit will not construe Fed.R.Civ.P. 15 to interdict its philosophy favoring finality and expeditious termination of litigation, *Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 245 (2d Cir.1991); *Williams v. Citigroup Inc.,* 659 F.3d 208, 213 (2d Cir. 2011), it is also true that the Second Circuit has a strong preference for resolving disputes on the merits, *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) and does not favor precluding prosecution of claims based upon defects in the pleadings. *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 2011 WL 4072027 (S.D.N.Y. 2011).

> Under the liberal standards of Rule 15(a), a plaintiff whose complaint is dismissed is frequently given an opportunity to amend the complaint. *See, e.g., Olsen v. Pratt & Whitney Aircraft,* 136 F.3d 273, 276 (2d Cir.1998) (vacating judgment and permitting leave to replead); *Luce v. Edelstein,* 802 F.2d 49, 56–7 (2d Cir.1986) (reversing district court's order and holding that "dismissal of the complaint without granting leave to amend was an abuse of discretion") (citing *Foman,* 371 U.S. at 182); *Harris v. Amgen, Inc.,* 573 F.3d 728, 736–37 (9th Cir.2009) (reversing district court and holding that dismissal without leave to amend is improper unless it is clear that complaint could not be saved by any amendment).

*Id.* at *2.

However, when a plaintiff fails to address a Court's concerns after having been fully put on notice as to what the Court finds lacking in the pleading, that plaintiff likely will not be permitted to further amend.

> Plaintiff clearly has no right to a second amendment, F.R.Civ.P. 15(a), and this is not a case where "justice so requires," id., even apart from our doubt whether the proposed second amended complaint in fact cures the defects of the first. Despite plaintiff's protestations, this case is not like Goldberg v. Meridor, 567 F.2d 209 (2 Cir. 1977), cert. denied, -- U.S. --, 98 S.Ct. 1249, 55 L.Ed.2d 771 (1978*), where the appellant was unaware of the deficiencies in his complaint when he first*

1

> *amended it*. ... Here Judge Lasker, in dismissing the initial complaint, had put plaintiff's counsel *on the plainest notice of what was required*. Whether the defects in the amended complaint arose from the fault of counsel or because there was simply no basis for a proper complaint, this case, where plaintiff can rid himself of his $400 investment at a profit, is scarcely one for us to exercise our discretion to require the busy district judge to engage in still a third go-around. (emphasis added.)

*Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978).

> The . . . plaintiffs have no right to a second amendment-a third bite at the apple- particularly *where, as here, they* had ample opportunity to craft their complaints and *were advised by the Court, prior to amending their complaints, of certain pleading deficiencies and what the Court would require*. (emphasis added.)

*In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351 (S.D.N.Y. 2003).

Here, the Court did not advise Levin that it found any of his claims to be inadequately pleaded before it issued its Order.[1]  Levin's claims, involving issues arising under the ERISA statute, are complex[2] and he has not unduly delayed in seeking leave to amend or acted with a dilatory motive.  Allowing Levin to amend his complaint will not prejudice the defendants inasmuch as discovery is its initial stages.[3]  Nor are the amendments Levin proffers futile.[4]

---

[1]  Notable in this connection, too, is the fact that the Court in its Order, largely, does not adopt the, respective, (legally substantive) arguments of the defendants, but, instead, finds that Levin has not adequately pleaded his claims.

[2]  "A sound theory of pleading should normally permit at least one amendment of a complex ERISA complaint that has failed to state a claim where, as here, the Plaintiffs might be expected to have less than complete information about the defendants' organization and ERISA responsibilities, where there is no meaningful evidence of bad faith on the part of the plaintiffs, and where there is no significant prejudice to the defendants." *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 08 MDL 1963, 2011 WL 4072027 (S.D.N.Y. 2011)

[3]  Moreover if Levin's motion for reconsideration is granted, this action will continue whether Levin is given leave to amend or not.  Defendants can hardly complain that they are, respectively, prejudiced if the Court, in this instance, additionally allows Levin to fully articulate his claims against these defendants.

[4]  "Under Rule 15(a), leave to amend a pleading "shall be given freely when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has interpreted Rule 15 to permit such amendments unless (1) the party seeking to amend has unduly delayed; (2) the party seeking to amend is

Respectfully, it might very well be deemed an abuse of the Court's discretion if Levin were not permitted to amend his complaint.

> Finally, there is abuse-of-discretion review. [note omitted] This is a . . . complicated, species of deferential appellate review. When a district court is vested with discretion as to a certain matter, it is not required by law to make a *particular* decision. Rather, the district court is empowered to make a decision—of *its* choosing—that falls within a range of permissible decisions. A district court "abuses" or "exceeds" the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, [note omitted] or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions. [note omitted]

*Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168-69 (2d Cir. 2001).

For example, in *Williams v. Citigroup Inc.*, 659 F.3d 208 (2d Cir. 2011), the Second Circuit finds that the District Court abused its discretion when it denied the plaintiff, there, leave to amend:

> We conclude that the denial of the motion for this reasons was not a proper exercise of the district court's discretion, as the district court applied a standard that cannot be reconciled with the Supreme Court's holding in *Foman*.  The district court apparently believed that a motion for leavfe to replead is not timely unless made "in the first instance."  The court did not explain precisely what it meant y "int the first instance."  In the circumstances of this case, however, it can only have meant one of two things: that the plaintiff was under obligation to seek leave to replead either immediately upon answering the motion to dismiss the complaint (without yet knowingt whether the court will grant the motiojn, of, if so, on what ground), or immediately upon receipt of the court's ruling granting the motion . . .  Regardless which of the two the court had in mind, *Foman* makes unmistakably clear there is no such rule.

*Id.* at 214.

---

acting with a dilatory motive; (3) the proposed amendment would cause undue prejudice to the opposing party; or (4) the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962). Whether to allow a party to amend its complaint is within the discretion of the district court."  *Am. Med. Ass'n v. United Healthcare Corp.*, 2006 WL 3833440 (S.D.N.Y. 2006)

3

Accordingly, because Levin has viable and serious claims against these defendants and because he has in no way neglected to prosecute these claims, the Court should grant him leave to amend his complaint so that he can fully articulate his grievance against these defendants.

Nor should the Court find any procedural irregularity in Levin's motion. For example, in order for the Court to find that before making his motion, Levin was required to move to vacate a judgment, a judgment would have to be extant. *See*, Fed.R.Civ.P. 58. However, here no such judgment was docketed and Levin should not be penalized for failing to move to vacate a document that doesn't exist. Nor did any defendant move to dismiss Levin's claims with prejudice. Nor did the Court dismiss Levin's claims with prejudice. So the Court should not find itself precluded from granting Levin leave to amend on these procedural grounds either.

## ARGUMENT E

### THE CLAIMS LEVIN ARTICULATES IN HIS TAC ARE VIABLE AND TIMELY

Levin's proposed TAC articulates nine (9) claims against the defendants.

<u>First Claim</u>    Levin claims that the EBC and/or CSBSC did not deliver an SPD to him as required under 29 U.S.C. §1024(b). If the EBC or CSBSC will claim that it did deliver this SPD to him, then such a "material fact" will have to be resolved at trial by the trier of fact.

<u>Second Claim</u> Levin claims that Hewitt breached a duty to him by failing to provide him with accurate and complete information about his benefits. If Hewitt claims it did provide Levin with accurate and complete information and/or claims that it was not acting as a fiduciary when it provided him with information about his disability plan, such material dispute will have to be resolved by the trier of fact.

4

<u>Third, Fourth, Fifth, Sixth Claims</u>     Levin claims the SPD violates 29 U.S.C. §1022(a) in that it variously fails to reasonably apprise Levin of his rights and obligations under the plan.  If EBC or CSBSC will argue that the SPD does not violate 1022(a), then such material dispute will have to be resolved by the trier of fact.  If EBC or CSBSC will argue that Levin does not establish detrimental reliance upon the SPD, Levin will argue that he is not required to show such detrimental reliance.

> For claims arising from misleading or inaccurate SPDs, the Second Circuit does not require a party to establish detrimental reliance.  *See Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 112-13 (2d Cir. 2003).  Rather, it requires only a showing of "prejudice," which a party may satisfy by demonstrating that "a plan particpant or beneficiary was *likely* to have been harmed as a result of a deficient SPD."  *Id.* at 113.

*Levin v. Credit Suisse*, 3/19/13 Memorandum and Order, page 4.

<u>Seventh Claim</u>         Levin claims that EBC and CSBSC discriminate against exempt employees, of which Levin was one, in violation of 29 U.S.C. §1040.  Levin argued this point during oral argument of defendants', respective, motions to dismiss on May 16, 2012,[5] but the Court did not acknowledge such argument in its Order, instead, finding, in part, that Levin did not succeed in establishing "a likelihood that he was harmed by the various deficiencies in the SPD."  *Levin v. Credit Suisse*, 3/19/13 Memorandum and Order at page 4.

<u>Eighth Claim</u>  Levin claims that whoever hired Hewitt breached a fiduciary duty to him.  If EBC, CSBSC, or MetLife will argue that it did not hire Hewitt (or was not in a contractual relationship with Hewitt), each will have to demonstrate that such assertion is a fact.[6]

---

[5]  *See,* Declaration of Harriette N. Boxer, dated June 25, 2013.

[6]  Despite Levin's repeated requests (in his First and Second Requests for Documents) for contracts between either MetLife and Hewitt and/or CS and Hewitt in connection with the CS disability plan, Levin did not succeed in obtaining any documents in response.  While counsel for MetLife did state that its client did not have such document in its possession inasmuch as no

<u>Ninth Claim</u>   Levin claims that MetLife's denial of benefits to him was arbitrary in that MetLife's claim that the SPD ") "does not state that [Levin] would not be eligible for LTD benefits is not supported by anything written in the SPD.  Levin further claims that MetLife's decision was arbitrary in that it failed to -- meaningfully -- investigate Levin's claim that he was given misinformation about the Plan by Hewitt.  If MetLife will argue that Levin did not inform MetLife in 2010 of the **_reason_**  he believed he was ineligible for LTD benefits, then whether or not Levin was required to volunteer such information --  *in the face of an SPD that states that only employees are eligible for benefits and only employees who are sick are eligible for benefits* --  will be a material issue to be resolved by the trier of fact.  If MetLife will argue that it did effectively investigate Levin's claims, then it will have to demonstrate why it denied his claim on an unsupportable assertion and why it did not deny his claim on the ground that the information he received about the plan was accurate and sufficient to apprise him of his rights and obligations.

> [I]it is well established that . . . the allegations of the complaint should be construed favorably to the pleader.

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974).

Accordingly, then, all of Levin's claims in the TAC have been viably pleaded.

Levin's claims are timely as well.  An individual has six (6) years from the time his claim is denied to bring an action under ERISA under 29 U.S.C. §1132(a)(1)(B).  *Downes v. JP Morgan Chase & Co.*, 03 CIV.8991(GEL), 2004 WL 1277991 (S.D.N.Y. 2004); *Smith v. First UNUM Life Ins. Co.*, 98-CV-2415 (JG), 1999 WL 369958 (E.D.N.Y. 1999). When a participant claims a breach of fiduciary duty (under 29 U.S.C. §1132(a)(3), he/she has

---

such contract existed, at a trial, MetLife would be required to produce admissible evidence of such assertion, which a representation by counsel is not.

the *earlier* of six years from the date of the last action constituting the breach or three years after the date when the plaintiff had *actual knowledge* of the breach. 29 U.S.C. §1113.

Here, Levin's claim was denied by MetLife in 2011.  Therefore, Levin's claim against MetLife under 29 U.S.C. §1132(a)(1)(B) is timely.  The TAC alleges that Levin realized he had received inaccurate information about the CS disability plan in 2010, which means that regardless of Levin's "possession" of the SPD in 2008, he was not <u>aware</u> he received inaccurate information, that is, he did not have actual knowledge of the breach, until 2010.  Therefore, Levin's claims are timely under 29 U.S.C. §§1132(a)(1)(B) as well as under 1132(a)(3).

<u>Conclusion</u>

For the foregoing reasons as well as those advanced in Levin's May 29, 2013 Memorandum of Law, Levin's motion for leave to amend his complaint should granted in its entirety.

Dated: New York, NY
       June 26, 2013

                                        Respectfully submitted,

                                        ___/s/ Harriette Boxer_____
                                        HARRIETTE N. BOXER
                                        Attorney for Plaintiff, Stanislav Levin
                                        31 East 32nd Street, Suite 300
                                        New York, NY 10016
                                        212-481-8484