UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
STANISLAV LEVIN,

        Plaintiff,                         Civil Action No.: **2011 Cv 5252-RJS**

  -against-

CREDIT SUISSE INC., METROPOLITAN
LIFE INSURANCE COMPANY and                 **DECLARATION OF**
AON HEWITT, INC.                                    **HARRIETTE N. BOXER**

        Defendants.
------------------------------------------------------x

       HARRIETTE N. BOXER, deposes and states under penalty of perjury:

       1.       I am the attorney for the plaintiff in the within action and am fully familiar with the facts and circumstances surrounding this action.

       2.       Annexed hereto as Exhibit E is an excerpt of the transcript of the oral argument the parties had before the Court on May 15, 2012, specifically pages 34 -35, which the Levin's Reply Memorandum references on page 5.

Dated:  New York, NY
          June 25, 2013

                                                            _____Harriette Boxer_____
                                                            HARRIETTE N. BOXER

```
                                                                  34
         C5FZLEVM                     Motion
 1       insure, that is, I guess pay for the long-term disability
 2       benefits.  Why would it possibly enter into an agreement with
 3       Credit Suisse if Credit Suisse were paying for those benefits?
 4       That sounds like a pretty good argument.
 5                Here's the problem, though, your Honor.  In the SPD,
 6       in the Plan, it states that Met Life --
 7                THE COURT:  What page, what paragraph?
 8                MS. BOXER:  I'm on page 41 of the SPD and I'm under
 9       the section, "Claims administrator/insurer."
10                THE COURT:  Right.
11                MS. BOXER:  It states, "Met Life is the insurer for
12       the LTD Plan, and the bridge-benefit portion of the STD Plan."
13                Now that bridge portion, what that's talking about is
14       that bridge of time, that span of time when the employee is
15       disabled but in New York, the workers comp benefits haven't
16       kicked in yet.  That's the bridge.  And if you read the SPD
17       very carefully, you see that that bridge applies to exempt
18       employees like my clients, Stanislav Levin.  So when Met Life
19       unsupportedly states in its reply papers, well, Court, discount
20       that ASA, we've got no responsibility.  Well, you know, it's
21       belied by this document.
22                I would also point out to the Court that under this
23       SPD, it appears -- I think inaccurately -- that the short-term
24       disability benefits for exempt employees are not under an ERISA
25       Plan.  And here I'm looking at the page before page 40, under
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

EXHIBIT E

```
                                                                   35
        C5FZLEVM                  Motion
 1      the designation "Plan type," and I'll go one, two, three lines
 2      down.  And it says, "The portions of the disability benefits
 3      Plan that are subject to ERISA are:  A, the LTD Plan; and, B,
 4      the STD Plan, to the extent that it pays bridge benefits to
 5      non-exempt employees."
 6              Now, there are bridge benefits paid to exempt
 7      employees in this Plan on page nine of the SPD.  It says, on
 8      page nine in a little box, it says, "How your New York or New
 9      Jersey state disability benefits are calculated.  If you work
10      in New York, your benefit is calculated in the same way as the
11      bridge benefit.  You will receive 50 percent of your average
12      weekly," blah, blah, blah, "and $170 maximum payment."  The
13      fact of the matter is that this SPD is completely confusing.
14      As I just indicated, I don't know who is paying for what
15      benefits.  I don't know what benefits fall under ERISA.  I
16      don't know the circumstances under which an employee actually
17      becomes eligible for these undefined benefits.
18              So I would say that to begin, that when I allege a
19      breach of fiduciary duty claim, that perhaps the first job
20      would be to identify who the fiduciary duties are.  And I
21      submit to the Court that the complaint sufficiently plausibly
22      alleges that the four individuals that Stanislav Levin dealt
23      with were acting in a fiduciary capacity when they made their
24      alleged representations or misrepresentations to Mr. Levin.  In
25      the Bilello case, I believe, it holds that a fiduciary -- oh,
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

EXHIBIT E