**MEMO ENDORSED**

ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY   10281-1008
*www.sedgwicklaw.com   212.422.0202   phone   212.422.0925   fax*

# Sedgwick LLP



*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 7-3-13

July 2, 2013

*Via Email*
Hon. Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

Re:  *Stanislav Levin v. Credit Suisse, Metropolitan Life Insurance Company and AON Hewitt, Inc.*
    Civil Action No.: 11-cv-5252
    Our File No.: 00584-007678

Dear Judge Sullivan:

 This office represents the defendant Metropolitan Life Insurance Company ("MetLife") in the above-referenced matter. We respectfully submit this letter to request leave to file a motion to strike arguments and allegations improperly made for the first time in plaintiff Stanislav Levin's ("Levin") Reply Memorandum of Law in Further Support of his Motion to Amend the Second Amended Complaint ("Reply") or, in the alternative, for leave to file a sur reply in response to plaintiff's improper arguments.

 Levin argues in his Memorandum of Law in support of his Motion to Amend the Second Amended Complaint ("MOL") that the Court should grant him leave to amend his ERISA §502(a)(1)(B) cause of action against MetLife because MetLife purportedly failed to review and reference a written statement he submitted to MetLife in support of his administrative appeal. (*See* Exhibit "C" to the Declaration of Harriet Boxer submitted in support of Levin's Memorandum of Law ("Boxer Dec."); *see also* Levin's MOL at p. 7). MetLife's Opposition to Levin's Motion to Amend the Second Amended Complaint ("MetLife's Opp.") identifies indisputable factual evidence demonstrating the falsity of Levin's frivolous arguments. (MetLife's Opp. pp. 6-8). Levin essentially conceded this point in his Reply where he completely retreats from this argument, but then improperly and for the first time argues that "MetLife's decision was arbitrary in that it failed to -- *meaningfully* -- investigate Levin's claim that he was given misinformation about the Plan by Hewitt." (Levin's Reply p. 6). This argument was not included in Levin's initial motion papers nor did he allege it in his proposed amended complaint. His attempt to do so now, for the first time on Reply, is improper as matter of law. *See Lee v. Burkhart,* 991 F.2d 1004, 1010 n. 4 (2d Cir.1993) (declining to consider plaintiff's allegation raised for first time in reply brief); *see also Bravia Capital Partners, Inc. v. Fike,* No. 09 –cv-6375(JFK)(KNF), 2013 WL 1728059, *7 (S.D.N.Y. April 22, 2013). Accordingly, MetLife respectfully requests leave of Court to file a motion to strike Levin's arguments and allegations made for the first time in his Reply or, in the alternative, for leave to file a sur reply in response to Levin's improper new arguments.

 Thank you for your consideration of this matter.

NY/1267934v1

Hon. Judge Richard J. Sullivan, U.S.D.J.
Re: Levin v. MetLife, et. al.
Page 2


Respectfully submitted,


Michael H. Bernstein
Sedgwick LLP

cc: *Counsel for Plaintiff and Co-defendants (via email)*


IT IS HEREBY ORDERED THAT MetLife shall file any motion to strike by July 12, 2013; Plaintiff shall respond by July 19, 2013; and MetLife shall submit any reply by July 24, 2013.


SO ORDERED
Dated:
7/2/13
RICHARD J. SULLIVAN
U.S.D.J.


NY/1267934v1