UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STANISLAV LEVIN,                                               Civ. Act. No.: 11 CV 5252 (RJS)

                            Plaintiff,

            -against-

CREDIT SUISSE INC., METROPOLITAN LIFE
INSURANCE COMPANY, and AON HEWITT, INC.

                            Defendants.
-------------------------------------------------------------------X

## METROPOLITAN LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE

                                       SEDGWICK LLP
                                       *Attorneys for Defendant*
                                       *Metropolitan Life Insurance Company*
                                       225 Liberty Street, 28th Floor
                                       New York, NY 10281-1008
                                       Telephone: (212) 422-0202
                                       Facsimile:  (212) 422-0925
                                       (Sedgwick File No. 00584-7678)

*Michael H. Bernstein*
*Matthew P. Mazzola*
*Of Counsel*

NY/1268483v1

## **TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ................................................................................................... 1

PROCEDURAL HISTORY .......................................................................................................... 2

ARGUMENT ................................................................................................................................. 2

    POINT I

    LEVIN'S ARGUMENTS AND ALLEGATIONS ASSERTED FOR THE
    FIRST TIME ON REPLY MUST BE STRICKEN AS A MATTER OF LAW ........................... 2

    CONCLUSION ....................................................................................................... 4

CERTIFICATE OF SERVICE ...................................................................................................... 1

NY/1268483v1

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Bravia Capital Partners, Inc. v. Fike,*
  No. 09 –cv- 6375(JFK)(KNF), 2013 WL 1728059 (S.D.N.Y. April 22, 2013) .................................. 4

*Knipe v. Skinner,*
  999 F.2d 708 (2d Cir. 1993) ............................................................................................................. 4

*Lee v. Burkhart,*
  991 F.2d 1004 (2d Cir.1993) ........................................................................................................... 4

*Levin v. Credit Suisse, Inc,*
  2013 WL 1296312 (March 19, 2013 S.D.N.Y.) .............................................................................. 2

*Singh v. Holder,*
  473 Fed.Appx. 60 (2d Cir. 2012) .................................................................................................... 4

### STATUTES

ERISA §502(a)(1)(B) ................................................................................................................ 1, 2, 3, 4

### RULES

Rule 56(e), FED. R. CIV. P. ................................................................................................................. 1

**PRELIMINARY STATEMENT**

Defendant, Metropolitan Life Insurance Company ("MetLife"), respectfully submits this Memorandum of Law in support of its motion pursuant to Rule 56(e), FED. R. CIV. P., for an Order striking from plaintiff Stanislav Levin's ("Levin") Reply in Further Support of his Motion for Leave to File a Third Amended Complaint ("Reply MOL") various new arguments and allegations that he improperly asserted for the first time in this Reply.

Levin originally argued in his Memorandum of Law in support of his Motion for Leave to File a Third Amended Complaint ("Levin's MOL") that the Court should grant him leave to amend his ERISA §502(a)(1)(B) cause of action against MetLife on the grounds that MetLife purportedly acted in an arbitrary and capricious manner by failing to review and reference a written statement he submitted to MetLife in support of his administrative appeal. In Opposition to this motion, MetLife identified indisputable factual evidence in the administrative record demonstrating the falsity of Levin's frivolous arguments. In his Reply MOL, Levin essentially concedes this to be so and retreats from that argument, but then improperly, and for the first time, argues that "MetLife's decision was arbitrary in that it failed to -- *meaningfully* -- investigate Levin's claim that he was given misinformation about the Plan by Hewitt." (emphasis added). This allegation is not included in Levin's proposed amended complaint nor was such an argument advanced in support of Levin's Motion. Levin's attempt to revise his proposed amended complaint in his Reply is improper as a matter of law and should therefore be stricken by the Court.

Given the foregoing, and as further discussed below, this Court should grant MetLife's Motion in its entirety striking the new arguments and allegations that are being improperly made for the first time in Levin's Reply MOL and not consider these improper arguments and allegations in connection with Levin's Motion for Leave to File a Third Amended Complaint.

1

**PROCEDURAL HISTORY**

MetLife filed its motion to dismiss Levin's Second Amended Complaint ("SAC") on March 9, 2012.[1] (Doc. Nos. 31-24). The motion was fully briefed on April 19, 2012. (Doc. No. 40). Following oral argument on May 15, 2012, (Doc. No. 46), this Court issued its Order dated March 19, 2013 granting MetLife's Motion to Dismiss Levin's SAC in its entirety. On May 28, 2013, Levin filed a Motion for Leave to File a Third Amended Complaint ("TAC"). (Doc. Nos. 61-62). *See Levin v. Credit Suisse, Inc,* 2013 WL 1296312 (March 19, 2013 S.D.N.Y.) Levin's Motion for Leave to File a Third Amended Complaint was fully briefed on June 26, 2013. (Doc. Nos. 67-68). On July 2, 2013, MetLife sent a letter to the Hon. Richard S. Sullivan, U.S.D.J, requesting leave to file a motion to strike several allegations/arguments that were improperly asserted for the first time in his Reply MOL. (*See* Doc. No. 69). By Order dated July 3, 2013, Judge Sullivan granted MetLife's request and directed MetLife to file its motion by July 12, 2013. (Doc. No. 69).

**ARGUMENT**

**POINT I**
**LEVIN'S ARGUMENTS AND ALLEGATIONS ASSERTED**
**FOR THE FIRST TIME ON REPLY MUST BE STRICKEN**
**AS A MATTER OF LAW**

Levin argued in his Motion for Leave to File a Third Amended Complaint that he should be granted leave to amend his ERISA §502(a)(1)(B) cause of action against MetLife because MetLife purportedly failed to consider a written statement he submitted in support of his administrative appeal, or reference this statement in its claim notes or final adverse determination letter. (*See* Exhibit "C" to the Declaration of Harriet Boxer submitted in support of Levin's Memorandum of

---

[1] The Court is respectfully referred to the Declaration of Michael H. Bernstein dated March 9, 2012 that was filed in support of MetLife's Motion to Dismiss Levin's SAC for a detailed discussion of the procedural history of this matter prior to the defendants' respective motions to dismiss Levin's SAC. (Doc. No. 33).

Law in support of his Motion for Leave to File a Third Amended Complaint ("Boxer Dec.")). Levin further argued that as a result of this purported omission:

> MetLife crucially helps plaintiff demonstrate that only by selectively ignoring certain 'evidence' -- evidence which shows that a Plan Fiduciary affirmatively misrepresented the terms of the Plan -- could MetLife purport to deny Levin's claim.

(*See* Levin's MOL at p. 7). In fact, in the proposed amended complaint submitted in support of Levin's Motion, he alleges the foregoing as a basis for his "amended" ERISA§502(a)(1)(B) cause of action against MetLife as follows:

> MetLife's willful failure to investigate Levin's claim that he was given misinformation about the Plan by a fiduciary of the Plan additionally renders MetLife's denial of LTD benefits to Levin arbitrary and unsupported by substantial evidence.

(Levin's proposed amended complaint at ¶ 112)

MetLife demonstrated in its Opposition to Levin's Motion for Leave that this argument on Levin's new proposed allegation was inaccurate and based upon a misrepresentation of indisputable facts in the administrative record. (*See* MetLife's Opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint at pp. 6-10). Specifically, MetLife cited admissible evidence in the administrative record before the Court, showing that Levin's proposed new allegation was completely false. (*See Id.*). In fact, the evidence before the Court demonstrates that MetLife reviewed, considered, and discussed in great detail the very same written statement that Levin alleges it willfully ignored. (*See Id.*).

Rather than defending the merit of this frivolous argument or the false allegations in his proposed amended complaint, Levin changes them in his Reply MOL, alleging for the first time that:

> MetLife's decision was arbitrary in that it failed to -- meaningfully -- investigate Levin's claim that he was given misinformation about the Plan by Hewitt.

(Levin's Reply MOL at p. 6).

This argument was not included in Levin's initial motion papers nor did he make any such allegation it in his proposed amended complaint. (*See* Levin's MOL). His attempt to do so now, for the first time on Reply, is improper as matter of law. *See Singh v. Holder,* 473 Fed.Appx. 60, 61 (2d Cir. 2012) (declining to address arguments made for the first time in a reply brief). *Lee v. Burkhart,* 991 F.2d 1004, 1010 n. 4 (2d Cir.1993) (declining to consider plaintiff's allegation raised for first time in reply brief); *see also Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993(holding that arguments may not be made for the first time in a reply brief); *Bravia Capital Partners, Inc. v. Fike,* No. 09 –cv-6375(JFK)(KNF), 2013 WL 1728059, *7 (S.D.N.Y. April 22, 2013).

It is worth noting that Levin, who has been represented by counsel throughout the entirety of this litigation, has already been granted several opportunities to amend his complaint to allege facts sufficient to support a proper cause of action against MetLife under ERISA § 502(a)(1)(B), but has repeatedly failed to do so. Levin's most recent attempt to amend is similarly meritless and his improper attempt to yet again change his allegations — this time in his Reply, should not be countenanced. Accordingly, Levin's new arguments and allegations that were made for the first time in his Reply should be stricken and not considered in connection with his Motion for Leave to File a Third Amended Complaint.

## CONCLUSION

For the foregoing reasons, this Court should grant MetLife's Motion in its entirety and strike Levin's new arguments and allegations improperly made for the first time in Levin's Reply MOL and not consider them.

Dated: New York, New York
July 12, 2013

        Respectfully submitted,

        _s/_____
        MICHAEL H. BERNSTEIN (MB-0579)
        MATTHEW P. MAZZOLA (MM-7427)
        SEDGWICK LLP
        225 Liberty Street, 28th Floor
        New York, NY 10281-1008
        Telephone: (212) 422-0202
        Facsimile:  (212) 422-0925
        (SDMA File No. 00584-7678)

**CERTIFICATE OF SERVICE**

I, Matthew P. Mazzola, hereby certify and affirm that a true and correct copy of the attached **Memorandum of Law in Support of MetLife's Motion to Strike** was served **via ECF and Regular Mail** on July 12, 2013, upon the following:

Harriette N. Boxer
Law Office of Harriette N. Boxer
*Attorney for Plaintiff*
31 East 32nd Street, Suite 300
New York, New York
1(212)-481-8484

Ira G. Rosenstein, Esq.
Morgan, Lewis & Bockius, LLP
*Attorney for Defendant Credit Suisse,
and Hewitt, Inc.*
101 Park Avenue
New York, NY 10178-0060
Phone: 212.309.6960
Fax: 212.309.6001

s/_____
MATTHEW P. MAZZOLA (MM-7427)

NY/1268483v1