LAW OFFICE OF HARRIETTE N. BOXER
Attorney for Plaintiff, Stanislav Levin
31 East 32nd Street, Suite 300
New York, New York 10016
212-481-8484
Harriette N. Boxer, Esq. HB-9681

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
STANISLAV LEVIN,

        Plaintiff,                      Civil Action No.:  2011 CIV 5252- RJS

  -against-                                 ECF CASE

CREDIT SUISSE INC., METROPOLITAN
LIFE INSURANCE COMPANY, and
AON HEWITT, INC.

        Defendants.
---------------------------------------------------------x


LEVIN'S MEMORANDUM OF LAW
IN OPPOSITION TO METLIFE'S MOTION
TO DISMISS CERTAIN ARGUMENTS
LEVIN PROFFERS IN HIS REPLY
IN FURTHER SUPPORT OF HIS MOTION
TO BE GRANTED LEAVE TO AMEND

1

ARGUMENT

LEVIN'S ALLEGATIONS AGAINST METLIFE
IN HIS TAC ARE VIABLE AND
HIS ARGUMENTS IN SUPPORT OF BEING
ABLE TO PROSECUTE THEM ARE VALID

The TAC alleges that MetLife arbitrarily denied Levin's claim for benefits (and thereby violated 29 U.S.C.§1132(a)(1)(B) in two different ways:

> 1. MetLife's statement in its March 1, 2011 denial letter: "Although Levin may have been advised that he would not be eligible for STD benefits because his disability was a work related injury, the Plan does state that Worker's Compensation is a reduction from the LTD benefit, and does not state that he would be not eligible for LTD benefits" is not based upon substantial evidence and is therefore arbitrary[1]; and

> 2. MetLife's ignorance of Levin's 12/27/10 statement that he was given misinformation about his eligibility for disability benefits by a plan fiduciary renders its denial arbitrary.

MetLife instantly argues that Levin's Reply arguments concerning this second allegation should be stricken because they are "new."   However, there is no merit to this argument because Levin's arguments in this connection are neither new nor surprising.

For example, in paragraph 46 of the TAC, Levin alleges as follows:

> 46. Additionally, MetLife arbitrarily discounted and ignored evidence that Levin had been willfully misled about CS STD benefits as well as NYS Workers Compensation benefits by a CS Plan Fiduciary.

And in paragraph 112 of the TAC, Levin alleges:

> 112. MetLife's willful failure to investigate Levin's claim that he was given misinformation about the Plan by a fiduciary of the Plan

---

[1] It should be preliminarily noted that MetLife does not argue against or object to Levin's claim that this statement is not supported by the SPD and is arbitrary.  Therefore, there is no motion before the Court seeking to strike this particular  argument.  MetLife argues only that Levin should not be permitted to argue that MetLife "failed to meaningfully investigate" Levin's 12/27/10 statement.

> additionally renders MetLife's denial of LTD benefits to Levin arbitrary and unsupported by substantial evidence.

To support these allegations, Levin annexes to the 5/28/13 Declaration of HNBoxer (as Exhibit B) a multipage document which it apparently incorrectly identifies as the MetLife "claim file" but which is, ostensibly, the MetLife "claim notes".  In its main memorandum (on page 7) MetLife asserts that these "claim notes"

> "clearly demonstrate that MetLife received, reviewed and considered Levin's 'written and signed statement documenting the reason [he] was unable to submit a timely claim.' "

However, review of Exhibit B shows that Levin's 12/27/10 statement[2] is not mentioned.

Nor does MetLife's March 1, 2011 denial letter which rotely recites some of the information contained in Levin's 12/27/10 statement prove, or even suggest, that MetLife "considered, and discussed in great detail" (page 3 of MetLife's Memorandum in support of its motion to strike) Levin's statement.  In order for MetLife to dispositively argue that it did not ignore Levin's statement, respectfully, it would have had to explain in its denial letter *why* Levin's statement was not important.  While MetLife denial letter tacitly infers that Levin's possession of the SPD trumps any misinformation he received, it does not explain why it was wrong for Levin to depend upon information he received when he called the telephone number the SPD recommends him to call.  MetLife's ultimate conclusion that the SPD does not state that Levin is ineligible for LTD benefits is wrong because the SPD does state -- point blank -- that Levin is ineligible for LTD benefits.[3]

---

[2]  Levin's 12/27/10 statement is annexed as Exhibit C to this Declaration.

[3]  The SPD states at page 17 that in order to be eligible for LTD benefits, an individual must be employed by CS and also that an individual must have a sickness (or be pregnant or have had an accidental injury).  By the time Levin would have been ostensibly "eligible" to receive benefits

In his Reply, Levin argues that MetLife's denial was arbitrary in that it "failed to -- meaningfully -- investigate Levin's claim in this connection. Levin's use, here, of this phrase "failed to -- meaningfully -- investigate" in lieu of the word "ignore" does not change Levin's argument that MetLife did not meaningfully consider Levin's 12/27/10 statement. In his Memorandum of Law in Support of his motion to amend, at page 7, Levin states that MetLife's "claim notes" (Exhibit B) do not reference (that is, mention) Levin's 12/27/10 statement and that this ___omission___ helps Levin to demonstrate that MetLife's denial was rendered without giving any weight to Levin's claim that a plan fiduciary had provided him with misinformation.[4]

MetLife instantly argues that because Levin's 12/27/10 statement is included in its discovery production[5] that this fact somehow dispositively -- negates/nullifies/renders futile -- Levin's allegation that its omission in the "claim notes" is probative of MetLife's ignorance of this statement. However, respectfully, such an argument is not sound because the strongest evidentiary weight the Court should give to this fact is that it raises a materially disputed issue of fact.

Whether MetLife ignored the 12/27/10 statement or (synonymously) failed to meaningfully investigate it, the result is the same: MetLife arbitrarily discounted this document, according it no counter-weight to its decision to deny Levin LTD benefits. MetLife instantly

---

(that is, 26 weeks after he couldn't work anymore), he was not eligible because he was no longer employed by CS, nor was he sick, pregnant, or accidentally injured.

[4] MetLife purports to quote this particular sentence in both its main Memorandum in opposition (page 6) as well as its instant Memorandum in support (page 3). But it does so inaccurately: The full sentence reads as follows: "This omission by MetLife crucially helps plaintiff demonstrate that only by selectively ignoring certain "evidence" -- evidence which shows that a Plan Fiduciary affirmatively misrepresented the terms of the Plan -- could MetLife purport to deny Levin's claim." It is MetLife's _omission_ that helps Levin demonstrate support for his allegation, not MetLife itself, as one would believe in reading MetLife's purported quote.

[5] indisputably demonstrating that MetLife is in possession of this document

argues that it did accord sufficient weight to this document. To reiterate, this is a classic -- textbook -- example of a material fact which is in dispute. MetLife's argument to the contrary is untenable.

Conclusion

For the foregoing reasons MetLife's motion to strike a portion of Levin's arguments in his Reply (in further support of his motion to amend) should be denied in its entirety.

Dated: New York, NY
July 15, 2013

                                       Respectfully submitted,

                                       ___/s/ Harriette Boxer_____
                                       HARRIETTE N. BOXER
                                       Attorney for Plaintiff, Stanislav Levin
                                       31 East 32nd Street, Suite 300
                                       New York, NY 10016