UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STANISLAV LEVIN,                                                                    Civ. Act. No.: 11 CV 5252 (RJS)

                Plaintiff,

    -against-

CREDIT SUISSE INC., METROPOLITAN LIFE
INSURANCE COMPANY, and AON HEWITT, INC.

                Defendants.
------------------------------------------------------------------X

## METROPOLITAN LIFE INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO STRIKE

                SEDGWICK LLP
                *Attorneys for Defendant*
                *Metropolitan Life Insurance Company*
                225 Liberty Street, 28th Floor
                New York, NY 10281-1008
                Telephone: (212) 422-0202
                Facsimile:  (212) 422-0925
                (Sedgwick File No. 00584-7678)

*Michael H. Bernstein*
*Matthew P. Mazzola*
*Of Counsel*

NY/1270260v1

## **TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ...........................................................................................................1

ARGUMENT.......................................................................................................................................2

    POINT I

    LEVIN'S ARGUMENTS IN OPPOSITION TO METLIFE'S MOTION TO STRIKE ARE
    INSUFFICIENT AS A MATTER OF LAW ...................................................................................2

CONCLUSION....................................................................................................................................4

CERTIFICATE OF SERVICE ............................................................................................................1

NY/1270260v1

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Bravia Capital Partners, Inc. v. Fike,*
  No. 09 –cv- 6375(JFK)(KNF), 2013 WL 1728059 (S.D.N.Y. April 22, 2013) ................................ 3, 4

*Knipe v. Skinner,*
  999 F.2d 708 (2d Cir. 1993) ........................................................................................... 3, 4

*Lee v. Burkhart,*
  991 F.2d 1004 (2d Cir.1993) ......................................................................................... 3, 4

*Levin v. Credit Suisse, Inc,*
  2013 WL 1296312 (March 19, 2013 S.D.N.Y.) ............................................................. 4

*Singh v. Holder,*
  473 Fed.Appx. 60 (2d Cir. 2012) ................................................................................... 3, 4

## STATUTES

ERISA §502(a)(1)(B) ................................................................................................................ 1, 3

## RULES

Rule 56(e), Fed. R. Civ. P., ....................................................................................................... 1

## PRELIMINARY STATEMENT

Defendant, Metropolitan Life Insurance Company ("MetLife"), respectfully submits this Reply Memorandum of Law in further support of its motion pursuant to Rule 56(e), FED. R. CIV. P., for an Order striking various new arguments and allegations that plaintiff Stanislav Levin's ("Levin") improperly included for the first time in his Reply in Further Support of his Motion for Leave to File a Third Amended Complaint ("Reply MOL").

This Court has afforded Levin numerous opportunities to allege a claim for which relief may be granted against MetLife under ERISA §502(a)(1)(B), but he has repeatedly failed to do so. In his latest motion for leave to amend the complaint, Levin alleged that MetLife arbitrarily "ignored" his statement submitted in support of his administrative appeal. In opposition to Levin's motion, MetLife cited to evidence before the Court contradicting this allegation. In response to MetLife's opposition, Levin retreated from his demonstrably false allegation and attempted to again amend his proposed complaint arguing for the first time in his Reply MOL that "MetLife's decision was arbitrary in that it failed to -- *meaningfully* -- investigate Levin's claim that he was given misinformation about the Plan by Hewitt." (emphasis added). MetLife filed this motion to strike this new argument/allegation because it was made for the first time in Levin's Reply MOL, which is improper as a matter of law. Levin has the burden of alleging a plausible cause of action that states a claim for relief — Levin may not simply assert new allegations on reply to respond to MetLife's arguments in an effort to avoid dismissal.

To compound Levin's improper and belated arguments on reply, rather than addressing MetLife's motion to strike, Levin's opposition merely complains about MetLife's administration of his claim as an apparent distraction from Levin's inexcusable attempt to revise his proposed Third Amended Complaint ("TAC"). In fact, Levin does not suggest that the aforementioned new

1

allegation was included in his proposed TAC nor does he indicate that any such argument was advanced in support of his Motion. Levin's attempt to revise his proposed TAC in his Reply MOL is improper as a matter of law and should therefore be stricken by the Court.

Given the foregoing, and as further discussed below, this Court should grant MetLife's Motion in its entirety striking the new arguments and allegations that are being improperly made for the first time in Levin's Reply MOL and not consider these improper arguments and allegations in connection with Levin's Motion for Leave to File a TAC.

## ARGUMENT

### POINT I
### LEVIN'S ARGUMENTS IN OPPOSITION TO METLIFE'S MOTION TO STRIKE ARE INSUFFICIENT AS A MATTER OF LAW

While Levin's Opposition consists of several improper arguments in further support of his motion for leave to file a TAC,[1] his arguments in opposition to MetLife's Motion to Strike are conclusory at best and thus, insufficient to defeat MetLife's motion. Specifically, Levin argues, without any support whatsoever, that he alleged that "MetLife's decision was arbitrary in that it failed to -- meaningfully -- investigate Levin's claim that he was given misinformation about the Plan by Hewitt" and that it was not raised for the first time on reply. (Levin's Opposition to MetLife's Motion to Strike "Levin's Opp." at p. 4). However, Levin does not cite to any paragraph in his proposed TAC where he specifically includes this allegation. Instead, Levin argues that the phrase "meaningfully investigate" is synonymous with the word "ignored," and since he alleged that

---

[1] Levin improperly uses his Opposition as a sur-reply in further support of his motion for leave to file a TAC to divert the Court's attention away from the arguments in MetLife's motion to strike. Levin makes several arguments in his Opposition that are solely in response to MetLife's Opposition to his motion for leave to file a TAC that were not included in MetLife's motion to strike and, as such, are irrelevant to the Court's review of MetLife's instant motion. Accordingly, this Court should ignore Levin's arguments that are outside the scope of the subject matter set forth in MetLife's Motion to Strike.

MetLife arbitrarily ignored his December 27, 2010 statement submitted on administrative appeal, the above-referenced allegation is not actually new. (Levin's Opp. p. 4). This argument is disingenuous considering that the word ignore means "to refuse to take notice of."[2] Levin's newly minted allegation in his Reply MOL that MetLife "failed to -- meaningfully investigate" his December 12, 2010 statement infers that there was an investigation, but that it was not significant. This allegation is inconsistent with the term "ignored" and cannot be found in Levin's proposed TAC. Indeed, the record before the Court demonstrates that MetLife did not, in fact, ignore Levin's statement, and Levin's attempt to retroactively change this allegation for the first time on reply in an effort to save his cause of action against MetLife under ERISA §502(a)(1)(B) is improper as a matter of law. *See Singh v. Holder,* 473 Fed.Appx. 60, 61 (2d Cir. 2012) (declining to address arguments made for the first time in a reply brief). *Lee v. Burkhart,* 991 F.2d 1004, 1010 n. 4 (2d Cir.1993) (declining to consider plaintiff's allegation raised for first time in reply brief); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) (holding that arguments may not be made for the first time in a reply brief); *Bravia Capital Partners, Inc. v. Fike,* No. 09 –cv- 6375(JFK)(KNF), 2013 WL 1728059, *7 (S.D.N.Y. April 22, 2013).

Furthermore, and perhaps more importantly, Levin never requested leave of the Court to include the aforementioned new allegation in his Motion for Leave to File a TAC. Indeed, Levin initially argued that he should be granted leave to file a new cause of action against MetLife under ERISA §502(a)(1)(B) on the ground that MetLife completely "ignored" his December 27, 2010 statement submitted in support of his administrative appeal.[3] (Levin's Memorandum of Law in

---

[2] *See* <http://www.merriam-webster.com/dictionary/ignore>as it appeared on July 23, 2013.
[3] Levin also argues that he should be permitted to amend his cause of action under ERISA §502(a)(1)(B) to include allegations that MetLife failed to consider arguments regarding the purported ambiguous terms of the Summary Plan Description ("SPD"), which Levin allegedly relied on in failing to submit a timely claim for LTD benefits to MetLife. (Plaintiff's Opp. p. 2 n. 1).

Support of his Motion for Leave to File a TAC ("Levin's MOL" at p. 7)). However, MetLife demonstrated in its Opposition to Levin's Motion for Leave that this argument on Levin's new proposed allegation was inaccurate and based upon a misrepresentation of indisputable facts in the administrative record. (*See* MetLife's Opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint ("MetLife's Opp.") at pp. 6-10).[4] Specifically, MetLife cited admissible evidence in the record before the Court, showing that Levin's proposed new allegation was completely false. (*See id.*). Accordingly, for the first time on reply, Levin retreated from this frivolous allegation and attempted to substitute it for the unplead general allegation that MetLife failed to "meaningfully investigate" his claim, which is improper as a matter of law. *See Singh,* 473 Fed.Appx. at 61; *Lee,* 991 F.2d at 1010 n. 4; *Knipe,* 999 F.2d at 711; *Bravia Capital Partners, Inc.*, 2013 WL 1728059 at *7. Since this argument was improperly made for the first time in reply and it is not found in the proposed TAC, it is not properly before the Court and, as such, must be stricken.

## CONCLUSION

For the foregoing reasons, this Court should grant MetLife's Motion in its entirety and strike Levin's new arguments and allegations improperly made for the first time in Levin's Reply MOL and not consider them.

Dated: New York, New York
        July 23, 2013

---

However, Levin does not allege in his proposed TAC that these arguments were ever submitted to MetLife in support of his administrative appeal of its adverse benefit determination because they were never raised on administrative appeal. Therefore, as this Court previously held, these allegations must be dismissed because "MetLife cannot have acted arbitrarily and capriciously simply because it failed to consider a justification for late filing that Plaintiff had not even raised." *See Levin v. Credit Suisse, Inc,* 2013 WL 1296312*8 (March 19, 2013 S.D.N.Y.)

[4] Despite the fact that MetLife directed the Court and plaintiff's counsel to the specific portion of its claim notes and initial denial letter referencing/discussing the plaintiff's December 27, 2010 statement in its entirety, plaintiff's counsel continues to frivolously argue that MetLife did not reference/mention his statement in its claim notes. (*See* Plaintiff's Opp. at p.3; *see also* MetLife's Opp. pp. 6-10).

NY/1270260v1                  4

Respectfully submitted,

 s/
MICHAEL H. BERNSTEIN (MB-0579)
MATTHEW P. MAZZOLA (MM-7427)
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, NY 10281-1008
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925
(SDMA File No. 00584-7678)

## CERTIFICATE OF SERVICE

I, Matthew P. Mazzola, hereby certify and affirm that a true and correct copy of the attached **Reply Memorandum of Law in further Support of MetLife's Motion to Strike** was served **via ECF and Regular Mail** on July 24, 2013, upon the following:

Harriette N. Boxer
Law Office of Harriette N. Boxer
*Attorney for Plaintiff*
31 East 32nd Street, Suite 300
New York, New York
1(212)-481-8484

Ira G. Rosenstein, Esq.
Morgan, Lewis & Bockius, LLP
*Attorney for Defendant Credit Suisse,
and Hewitt, Inc.*
101 Park Avenue
New York, NY 10178-0060
Phone: 212.309.6960
Fax: 212.309.6001

s/_____
MATTHEW P. MAZZOLA (MM-7427)

NY/1270260v1