UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-4-14
```

STANISLAV LEVIN,

                Plaintiff,

-v-

CREDIT SUISSE INC., *et al.*,

                Defendants.

No. 11 Civ. 5252 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On March 19, 2013, the Court issued an order granting Defendants' motion to dismiss all claims contained in Plaintiff's Second Amended Complaint (the "SAC"). *See Levin v. Credit Suisse, Inc.*, No. 11 Civ. 5525 (RJS), 2013 WL 1296312 (S.D.N.Y. Mar. 19, 2013) (Doc. No. 51 (the "Order")). Now before the Court is Plaintiff's motion for reconsideration of the Order (Doc. No. 53 (the "Motion")), along with Plaintiff's Memorandum of Law in Support of the Motion (Doc. No. 54 ("Mem.")), Defendants' Opposition (Doc. No. 57 ("Opp.")), and Plaintiff's Reply (Doc. No. 58 ("Reply")). The Court assumes the parties' familiarity with the facts and legal standards set forth in the Order. For the reasons that follow, the Motion is denied.

I. LEGAL STANDARD

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and the decision is within the sound discretion of the district court." *Vencedor Shipping Ltd. v. Ingosstakh Ins. Co., Ltd.*, No. 09 Civ. 4779 (RJS), 2009 WL 2338031, at *1 (S.D.N.Y. July 29, 2009) (internal quotation marks omitted).

## II. DISCUSSION

Plaintiff asks the Court to reconsider its dismissal of Plaintiff's first cause of action against Defendant Aon Hewitt, Inc. ("Aon") for breach of fiduciary duty. In support of his motion, Plaintiff makes two arguments: (1) the Court incorrectly held that Plaintiff did not adequately allege detrimental reliance with respect to long term disability benefits because the misrepresentations he alleged dealt only with short term disability benefits (Mem. at 4); *see Levin*, 2013 WL 1296312, at *2 (Doc. No. 51 at 3); and (2) the Court incorrectly held that Aon did not have a duty to volunteer information to Plaintiff about long term disability benefits (Mem. at 9); *see Levin*, 2013 WL 1296312, at *3, *7.

Neither of these arguments satisfies the standard for reconsideration. The Order dismissed Plaintiff's claim on two alternative grounds. All of Plaintiff's arguments are directed to the first ground, wherein the Court found that Plaintiff failed to plead detrimental reliance. *See Levin*, 2013 WL 1296312, at *2. Plaintiff ignores the second ground, that Plaintiff's claim sought remedies that were unavailable under section 1132(a)(3) of ERISA. *Id.* at *5–6. As a result, even if all of Plaintiff's arguments were entirely correct – which the Court does not find – they would not warrant reconsideration of the Order.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT the motion is DENIED. The clerk of the court is respectfully directed to terminate the motion pending at docket number 53.

SO ORDERED.

Dated: February 3, 2014
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE