UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-4-14
```

STANISLAV LEVIN,

                Plaintiff,

-v-

CREDIT SUISSE INC., *et al.*,

                Defendants.

No. 11 Civ. 5252 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Now before the Court are Plaintiff's motion seeking leave to amend his Second Amended Complaint (Doc. No. 61) and Defendant Metropolitan Life Insurance Company's ("MetLife") motion to strike arguments contained in Plaintiff's briefing on the motion seeking leave to amend (Doc. No. 70). For the reasons set forth below, both motions are denied.

    Normally, "leave to amend should be freely given." Fed. R. Civ. P. 15(a). After a complaint has been dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), however, courts "must also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007). Here, Plaintiff has already had three opportunities to adequately plead his case. (*See* Doc. Nos. 1, 17, 24.) Moreover, before Defendants filed their motions, they wrote letters to Plaintiff and the Court explaining the deficiencies in Plaintiff's Second Amended Complaint. Notwithstanding these previews of the defense motions, Plaintiff chose to stand on his pleadings instead of moving to amend. (Doc. Nos. 25, 26.) In fact, Plaintiff waited until after Defendants had fully briefed their motions and the Court had rendered its decision before seeking leave to replead. Plaintiff's delay has thus prejudiced Defendants, who might have been

able to avoid making their motion in the first place, and who might now be forced to go through the motion to dismiss process a second time. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (affirming a denial of leave to amend because the plaintiff's "delay in seeking leave to amend was inexcusable given the previous opportunities to amend, and the defendants' burden and prejudice"). Under these conditions, the Court determines that justice does not require giving Plaintiff a fourth bite at the apple. *See Rosner v. Star Gas Partners, L.P.*, 344 F. App'x 642, 645 (2d Cir. 2009) (affirming a denial of leave to amend where the plaintiff had not sought to amend the complaint either after the defendants had described their arguments in favor of dismissal at a pre-motion conference or after defendants had submitting their motion to dismiss briefs).

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's motion to amend his Second Amended Complaint is DENIED. IT IS FURTHER ORDERED THAT, in light of the denial of Plaintiff's motion, Defendant MetLife's motion to strike is DENIED as moot. The clerk of the court is respectfully directed to terminate the motions pending at docket numbers 61 and 70.

SO ORDERED.

Dated:    February 3, 2014
          New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE